**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------X
                                                   :
IN RE STATE STREET BANK AND TRUST  :
CO. ERISA LITIGATION                            :
                                                   :        07 Civ. 8488 (RJH)
This document relates to:                       :
                                                   :
07 Civ. 9319                                      :
                                                   :
-------------------------------------------------------X
```

**DEFENDANTS STATE STREET BANK AND TRUST COMPANY AND**
**STATE STREET GLOBAL ADVISOR INC.'S ANSWER TO**
**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

Defendants State Street Bank and Trust Company ("SSBT") and State Street Global

Advisors, Inc. (collectively, "State Street") for their Answer to Plaintiffs' First Amended Class

Action Complaint, dated December 7, 2007 ("Complaint"), hereby state as follows:

1.     The allegations in paragraph numbered 1 constitute legal conclusions to which no

answer is required, but to the extent an answer is required, denied, and State Street specifically

denies that the various active fixed income funds that it manages were uniformly invested in the

same assets or with the same allocations, except that State Street admits that certain active fixed

income funds that it manages have at times invested in, among other things, various mortgage-

backed securities and further admits that it has represented certain active fixed income funds that

it manages as having an investment objective of outperforming certain market indices or

benchmarks.

2.     State Street admits that certain active fixed income funds that it manages have at

times invested in financial instruments tied to mortgage-backed securities, as well as Treasury

futures, options on futures, interest rate swaps, and other financial instruments, but State Street

says that such investments were disclosed, denies that such investments were "exotic" or

"improper," and further says that, for example, as of July 31, 2007, the Daily Bond Market Fund's investments in Treasury futures, options on futures, interest rate swaps, and instruments known as "swaptions" were all rated AA or AAA, based upon implied Treasury ratings and implied ratings of the BBA Steering Group, a recognized group of British banks.  State Street further admits that some of its active fixed income funds were invested in a manner that has been described by some as "leverage," but which did not involve "borrowing money," and otherwise denies the remaining allegations of paragraph numbered 2, and specifically denies the implication that State Street's active fixed income funds were uniformly invested in the same financial instruments or with the same allocations in those financial instruments, and specifically denies that there is any basis for a class action here.

3.    State Street says that the quoted language in paragraph numbered 3 comes from a written document that speaks for itself, and otherwise denies the allegations of paragraph numbered 3.

4.    State Street admits that the market for mortgage-backed securities experienced liquidity problems during parts of 2007, admits that during 2007, certain active fixed income funds that it manages – though not the Intermediate Bond Fund in which the Unisystems Plan invested – performed approximately 30 percent below their respective benchmarks, but otherwise denies the remaining allegations of paragraph numbered 4.

5.    Denied.

6.    The allegations in paragraph numbered 6 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.

7.    The allegations in paragraph numbered 7 constitute legal conclusions and characterizations of Plaintiffs' claims to which no answer is required, but to the extent an answer is required, denied.

8.    The allegations in paragraph numbered 8 constitute legal conclusions and characterizations of Plaintiffs' claims to which no answer is required, but to the extent an answer is required, denied, and State Street specifically denies that there is any basis for a class action here, and thus denies any "Class Period."

9.    State Street admits that some of the information and documents on which Plaintiffs' claims are based are in State Street's possession, but says that the remaining allegations in paragraph numbered 9 are not factual allegations and therefore no answer is required, but to the extent an answer is required, denied.

10.    The allegations in paragraph numbered 10 constitute legal conclusions to which no answer is required.

11.    The allegations in paragraph numbered 11 constitute legal conclusions to which no answer is required, except to say that this action should be transferred to the District of Massachusetts.

12.    State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph numbered 12.

13.    State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph numbered 13. As to the remaining allegations of paragraph numbered 13, State Street admits that Unisystems, Inc., is a publishing company headquartered in New York, New York, admits that the Unisystems Plan was invested in the Intermediate Bond Fund, admits that the Unisystem Plan

incurred certain investment losses, and admits that State Street managed the Intermediate Bond Fund, but otherwise denies the remaining allegations of paragraph numbered 13.

14.    State Street says that SSBT is a chartered Massachusetts trust company with its principal place of business in Boston, Massachusetts, which maintains an office in New York and otherwise denies the allegations of paragraph numbered 14.

15.    As to the first sentence of paragraph numbered 15, State Street says that State Street Global Advisors, Inc., is a wholly-owned subsidiary of State Street Corporation and further says that State Street Global Advisors ("SSgA"), the investment management division of SSBT, is distinct from State Street Global Advisors, Inc., and is not a separate corporate entity, but a division of SSBT.  State Street further says that SSgA is located in Boston, Massachusetts, and otherwise denies the allegations of the first sentence of paragraph numbered 15.  The allegations of the second sentence of paragraph numbered 15 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.

16.    Paragraph numbered 16 contains no factual allegations and therefore no answer is required.

17.    The allegations in paragraph numbered 17 constitute legal conclusions or characterizations of Plaintiffs' claims to which no answer is required, but to the extent an answer is required, denied, and State Street specifically denies the implication that the active fixed income funds that it manages were uniformly invested in the same financial instruments, or with the same allocations in those financial instruments.  State Street further says that no active fixed income fund that it manages is denominated the Core Intermediate Credit Bond Fund, and specifically denies that there is any basis for a class action here.

18.     The allegations in paragraph numbered 18 constitute legal conclusions or characterizations of Plaintiffs' claims to which no answer is required, but to the extent an answer is required, denied, and State Street specifically denies that there is any basis for a class action here.

19.     The allegations in paragraph numbered 19 constitute legal conclusions or characterizations of Plaintiffs' claims to which no answer is required, but to the extent an answer is required, denied, and State Street specifically denies the implication that the active fixed income funds it manages are uniformly invested or managed, and specifically denies that there is any basis for a class action here.

20-25.  The allegations in paragraphs numbered 20 through 25 constitute legal conclusions or characterizations of Plaintiffs' claims to which no answers are required, but to the extent answers are required, denied, and State Street specifically denies that there is any basis for a class action here.

26.     State Street admits that the Unisystems Plan was invested at one point in the Intermediate Bond Fund.  State Street is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph numbered 26.

27.     State Street says that the first sentence of paragraph numbered 27 constitutes a legal conclusion to which no answer is required, but to the extent that an answer is required, denied.  As to the second sentence of paragraph numbered 27, State Street says that the agreements between State Street and Unisystems are written and speak for themselves, and denies that its agreements with Unisystems contain the quoted language.

28-29.  State Street says that the quoted Investment Objectives in paragraphs numbered 28 and 29 come from written documents that speak for themselves, says that the first two

sentences of paragraph numbered 28 state legal conclusions to which no answer is required, and otherwise denies the remaining allegations of paragraphs numbered 28 and 29.

30.     State Street states that the benchmark for equity investments is set forth in a written document that speaks for itself, admits that the Unisystems Plan was invested for a period in the Intermediate Bond Fund, and further says that the Unisystems Plan terminated its investment in the Intermediate Bond Fund on or about August 15, 2007, and otherwise denies the remaining allegations of paragraph numbered 30.

31.     State Street admits that the assets of certain active fixed income funds that it manages are held in collective trusts and that some of the active fixed income funds that it manages were designed to exceed the Lehman Brothers Aggregate Bond Index, but otherwise denies the remaining allegations of paragraph 31, and specifically denies the implication that the various fixed income funds that it manages were uniformly invested in the same assets or with the same allocation.

32.     State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph numbered 32, admits that millions of dollars were invested in State Street's active fixed income funds, and otherwise denies the remaining allegations of paragraph numbered 32.

33.     Denied.

34.     State Street says that its individual actively managed fixed income funds pooled assets within each specific fund, but that each actively managed fixed income fund was separate and had its own funds and investment strategy, and otherwise denies the remaining allegations of paragraph numbered 34 and specifically denies that the various active fixed income funds that it manages were collectively or uniformly invested or managed.

35-38.  The allegations in paragraphs numbered 35 through 38 constitute legal conclusions to which no answers are required, but to the extent answers are required, denied.

39.    State Street says that the Plan Documents for the Plan are written and therefore speak for themselves, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph numbered 39.

40.    State Street says that the agreements between State Street and other ERISA-qualified funds are written and therefore speak for themselves, and otherwise denies the allegations of paragraph numbered 40.

41.    State Street admits that it had investment discretion as to certain active fixed income funds that it manages and that such funds are designed to exceed the performance of specified bond market indices through active management, and otherwise denies the remaining allegations of paragraph numbered 41.

42.    State Street says that representations about individual actively managed fixed income funds differed from one fund to another, says that the allegations in the second and third sentences of paragraph numbered 42 come from written documents that speak for themselves, and otherwise denies the remaining allegations of paragraph numbered 42, further stating that the active fixed income funds have different benchmark indices and different investment objectives, one from the other.

43.    State Street admits that the majority of the bonds comprising the Lehman Brothers Government/Credit Bond Index are U.S. Government and Government related bonds, that a majority of those bonds bore a AAA rating, and that the bonds comprising the index are investment grade, says that any "detail sheet" is written and therefore speaks for itself, and otherwise denies the remaining allegations of paragraph numbered 43.

44.   Denied, and further says that representations about individually managed active fixed income funds differed one from the other.

45.   State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph numbered 45, except that as of January 1, 2007, the Unisystems Plan invested approximately $1.4 million in the Intermediate Bond Fund, and that the Unisystems Plan terminated its investment in the Fund on or about August 15, 2007.

46.   Denied.

47.   State Street admits that certain active fixed income funds that it manages have at times invested in financial instruments tied to mortgage-backed securities, but otherwise denies the remaining allegations of paragraph numbered 47.

48.   State Street says that the percentages in paragraph numbered 48 come from written documents that speak for themselves, and otherwise denies the remaining allegations of paragraph numbered 48 in the form and manner alleged.

49.   Denied in the form and manner alleged.

50.   Denied in the form and manner alleged.

51.   State Street denies the allegations of paragraph numbered 51 as setting forth broad generalizations that are in certain instances untrue as to timing and in others are out of context.

52.   State Street denies the allegations of paragraph numbered 52 as setting forth broad generalizations that are in certain instances untrue as to timing and in others are out of context, and specifically denies the allegations of the fourth sentence of paragraph numbered 52.

53.   State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph numbered 53, and otherwise denies the remaining allegations of paragraph numbered 53.

54.     Denied.

55.     State Street says that the quoted language in paragraph numbered 55 comes from a written document that speak for itself, and otherwise denies the remaining allegations of paragraph numbered 55.

56.     State Street says that the letter referred to is a written document and therefore speaks for itself, and otherwise denies the remaining allegations of paragraph numbered 56.

57.     State Street says that the quoted statement in paragraph numbered 57 comes from a written document that speaks for itself, and otherwise denies the remaining allegations of paragraph numbered 57.

58.     State Street says that the allegations of paragraph numbered 58 are based on misleading snapshots in time, says further that, for example, the Limited Duration Bond Fund increased in value after August 21, 2007, and otherwise denies the remaining allegations of paragraph numbered 58.

59.     Denied.

60.     Denied.

61.     Denied.

62-70.  The allegations in paragraphs numbered 62 through 70 constitute legal conclusions to which no answers are required, but to the extent answers are required, denied.

71-74.  The allegations in paragraphs numbered 71 through 74 constitute legal conclusions to which no answers are required, but to the extent answers are required, denied.

75.     State Street incorporates by reference its answers to each of the allegations set forth in the foregoing paragraphs as if fully set forth herein.

76-83.  The allegations in paragraphs numbered 76 through 83 constitute legal conclusions to which no answers are required, but to the extent answers are required, denied.

84-86.  The allegations in paragraphs numbered 84 through 86 constitute legal conclusions to which no answers are required, but to the extent answers are required, denied.

87-91.  The allegations in paragraphs numbered 87 through 91 constitute legal conclusions or characterizations of Plaintiffs' claims to which no answers are required, but to the extent answers are required, denied.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

2.      The Complaint is barred, in whole or in part, by the doctrines of waiver, laches, and estoppel.

3.      The Complaint is barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto*.

4.      Plaintiffs' claims are barred insofar as they have named the wrong party – State Street Global Advisors, Inc. – as a defendant in this action.

5.      The Complaint is barred, in whole or in part, because Plaintiffs are not as a matter of law entitled to the forms of relief they seek in this action.

6.      The Complaint is barred, in whole or in part, because State Street did not breach any duties or obligations it allegedly owed under ERISA or any other applicable law.

7.      The Complaint is barred, in whole or in part, because Plaintiffs suffered no damages as a result of State Street's alleged breaches of fiduciary duty.

8.      The Complaint is barred, in whole or in part, because Plaintiffs and the putative class members have failed, refused and/or neglected to mitigate or avoid damages they allegedly incurred as a result of State Street's alleged breaches of fiduciary duty.

9.      The Complaint is barred, in whole or in part, because State Street is not liable for the alleged losses of some or all of the putative class members pursuant to ERISA § 404(c).

10.      The Complaint is barred, in whole or in part, because State Street has not received any benefit or enrichment as a result of the alleged breaches.

11.      The Complaint is barred, in whole or in part, because State Street has complied with all disclosure requirements under all applicable laws.

12.      The Complaint is barred, in whole or in part, because Plaintiffs did not rely upon State Street's alleged failures to disclose or alleged misrepresentations.

13.      To the extent that Plaintiffs challenge discretionary decisions made by State Street, the Complaint is barred, in whole or in part, because State Street committed no abuse of discretion, and its challenged conduct and activities were lawful and appropriate as a matter of law.

14.      To the extent that the Complaint purports to state claims on behalf of a class, the Complaint is barred, in whole or in part, because this action may not properly be maintained as a class action.

15.      To the extent that the Complaint purports to state claims on behalf of a class, the Complaint is barred, in whole or in part, because some or all of the putative class members lack standing to maintain this action.

16.      State Street reserves the right to assert additional affirmative defenses.

Dated: January 24, 2008                  Respectfully Submitted,

                                         ROPES & GRAY LLP

                                         /s/ Jerome C. Katz
                                         Jerome C. Katz
                                         1211 Avenue of the Americas
                                         New York, New York, 10036-8704
                                         Jerome.Katz@ropesgray.com
                                         Tel: 212-841-5700
                                         Fax: 212-841-5725

                                         Harvey J. Wolkoff
                                         Robert A. Skinner
                                         Olivia S. Choe
                                         One International Place
                                         Boston, MA 02110
                                         Harvey.Wolkoff@ropesgray.com
                                         Tel: 617-951-7000
                                         Fax: 617-951-7050

                                         *Attorneys for Defendants State Street Bank
                                         and Trust Company and State Street
                                         Global Advisors, Inc.*


## CERTIFICATE OF SERVICE

        I, the undersigned, hereby certify that on this 24th day of January, 2008, I caused a true

and correct copy of the foregoing Answer of Defendants State Street Bank and Trust Company

and State Street Global Advisors, Inc. to Plaintiffs' First Amended Class Action Complaint to be

served on all counsel registered as filing users on ECF by electronic service pursuant to Fed. R.

Civ. P. 5(b)(3).  I further certify that a true and correct copy of the foregoing Answer will be

served on all counsel not registered as filing users by electronic mail.

                                         /s/ Jerome C. Katz
                                         Jerome C. Katz