UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
: 
IN RE STATE STREET BANK AND TRUST : 
CO. ERISA LITIGATION : 
: 07 Civ. 8488 (RJH)
This document relates to: : 
: 
07 Civ. 9687 : 
: 
------------------------------------------------------------X

**DEFENDANTS STATE STREET BANK AND TRUST COMPANY AND
STATE STREET GLOBAL ADVISOR INC.'S ANSWER TO
PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

Defendants State Street Bank and Trust Company ("SSBT") and State Street Global Advisors, Inc. (collectively, "State Street") for their Answer to Plaintiffs' First Amended Class Action Complaint, dated December 7, 2007 ("Complaint"), hereby state as follows:

1.  The allegations in paragraph numbered 1 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied, and State Street specifically denies that the various active fixed income funds that it manages were uniformly invested in the same assets or with the same allocations, except that State Street admits that certain active fixed income funds that it manages have at times invested in, among other things, various mortgage-backed securities and further admits that it has represented certain active fixed income funds that it manages as having an investment objective of outperforming certain market indices or benchmarks.

2.  State Street admits that certain active fixed income funds that it manages have at times invested in financial instruments tied to mortgage-backed securities, as well as Treasury futures, options on futures, interest rate swaps, and other financial instruments, but State Street says that such investments were disclosed, denies that such investments were "exotic" or

- 1 -

"improper," and further says that, for example, as of July 31, 2007, the Daily Bond Market Fund's investments in Treasury futures, options on futures, interest rate swaps, and instruments known as "swaptions" were all rated AA or AAA, based upon implied Treasury ratings and implied ratings of the BBA Steering Group, a recognized group of British banks. State Street further admits that some of its active fixed income funds were invested in a manner that has been described by some as "leverage," but which did not involve "borrowing money," and otherwise denies the remaining allegations of paragraph numbered 2, and specifically denies the implication that State Street's active fixed income funds were uniformly invested in the same financial instruments or with the same allocations in those financial instruments, and specifically denies that there is any basis for a class action here, and thus denies any "Class."

  3. State Street says that the quoted language in paragraph numbered 3 comes from a written document that speaks for itself, and otherwise denies the allegations of paragraph numbered 3.

  4. State Street admits that the market for mortgage-backed securities experienced liquidity problems during parts of 2007, admits that during 2007, certain active fixed income funds that it manages – though not the Enhanced Intermediate Bond Fund in which the Andover Plan invested – performed approximately 30 percent below their respective benchmarks, but otherwise denies the remaining allegations of paragraph numbered 4.

  5. State Street admits that the quoted statements in paragraph numbered 5 were made during an October 16, 2007 State Street teleconference, but otherwise denies the remaining allegations of paragraph numbered 5.

  6. Denied.

7. The allegations in paragraph numbered 7 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.

8. The allegations in paragraph numbered 8 constitute legal conclusions and characterizations of Plaintiffs' claims to which no answer is required, but to the extent an answer is required, denied.

9. The allegations in paragraph numbered 9 constitute legal conclusions and characterizations of Plaintiffs' claims to which no answer is required, but to the extent an answer is required, denied, and State Street specifically denies that there is any basis for a class action here, and thus denies any "Class Period."

10. State Street admits that some of the information and documents on which Plaintiffs' claims are based are in State Street's possession, but says that the remaining allegations in paragraph numbered 10 are not factual allegations and therefore no answer is required, but to the extent an answer is required, denied.

11. The allegations in paragraph numbered 11 constitute legal conclusions to which no answer is required.

12. The allegations in paragraph numbered 12 constitute legal conclusions to which no answer is required, except to say that this action should be transferred to the District of Massachusetts.

13. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph numbered 13.

14. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph numbered 14. As to the remaining allegations of paragraph numbered 14, State Street admits that the Andover

Companies are headquartered in Andover, Massachusetts, admits that the Andover Plan invested approximately $3 million in the Enhanced Intermediate Bond Fund as of January 1, 2007, admits that the Andover Plan incurred certain investment losses, and admits State Street manages the Enhanced Intermediate Bond Fund, but otherwise denies the remaining allegations of paragraph numbered 14.  State Street further says that the Andover Plan's investment in the Enhanced Intermediate Bond Fund terminated on or about September 7, 2007, and also denies that there is any basis for a class action here, and thus denies any "class period."

15.    State Street says that SSBT is a chartered Massachusetts trust company with its principal place of business in Boston, Massachusetts, which maintains an office in New York and otherwise denies the allegations of paragraph numbered 15.

16.    As to the first sentence of paragraph numbered 16, State Street says that State Street Global Advisors, Inc., is a wholly-owned subsidiary of State Street Corporation and further says that State Street Global Advisors ("SSgA"), the investment management division of SSBT, is distinct from State Street Global Advisors, Inc., and is not a separate corporate entity, but a division of SSBT.  State Street further says that SSgA is located in Boston, Massachusetts, and otherwise denies the allegations of the first sentence of paragraph numbered 16.  The allegations of the second sentence of paragraph numbered 16 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.

17.    Paragraph numbered 17 contains no factual allegations and therefore no answer is required.

18.    The allegations in paragraph numbered 18 constitute legal conclusions or characterizations of Plaintiffs' claims to which no answer is required, but to the extent an answer is required, denied, and State Street specifically denies the implication that the active fixed

income funds that it manages were uniformly invested in the same financial instruments, or with the same allocations in those financial instruments.  State Street further says that no active fixed income fund that it manages is denominated the Core Intermediate Credit Bond Fund, and specifically denies that there is any basis for a class action here.

19.     The allegations in paragraph numbered 19 constitute legal conclusions or characterizations of Plaintiffs' claims to which no answer is required, but to the extent an answer is required, denied, and State Street specifically denies that there is any basis for a class action here.

20.     The allegations in paragraph numbered 20 constitute legal conclusions or characterizations of Plaintiffs' claims to which no answer is required, but to the extent an answer is required, denied, and State Street specifically denies the implication that the active fixed income funds it manages are uniformly invested or managed, and specifically denies that there is any basis for a class action here.

21-26.  The allegations in paragraphs numbered 21 through 26 constitute legal conclusions or characterizations of Plaintiffs' claims to which no answers are required, but to the extent answers are required, denied, and State Street specifically denies that there is any basis for a class action here.

27.     State Street admits that the Andover Plan invested in the Enhanced Intermediate Bond Fund at one point, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph numbered 27.

28.     State Street says that any Investment Policy Statement is written and therefore speaks for itself, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph numbered 28.

29. State Street says that the Trust Agreement, originally effective April 1, 2001, and restated on September 1, 2002, is written and therefore speaks for itself, but otherwise denies the remaining allegations of paragraph numbered 29.

30. State Street admits that a Declaration of Trust for various investment funds was established on or about February 21, 1991 pursuant to a written document that speaks for itself and further says that the quoted language contained in paragraph numbered 30 comes from a written document that speaks for itself.

31. Admitted.

32. State Street admits that it managed the Enhanced Intermediate Bond Fund, but says that the remaining allegations of paragraph numbered 32 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.

33. State Street admits that the assets of certain active fixed income funds that it manages are held in collective trusts and that some of the active fixed income funds that it manages were designed to exceed the Lehman Brothers Aggregate Bond Index, but otherwise denies the remaining allegations of paragraph 33, and specifically denies the implication that the various fixed income funds that it manages were uniformly invested in the same assets or with the same allocation.

34. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph numbered 34, admits that millions of dollars were invested in State Street's active fixed income funds, and otherwise denies the remaining allegations of paragraph numbered 34.

35. Denied.

36. State Street says that its individual actively managed fixed income funds pooled assets within each specific fund, but that each actively managed fixed income fund was separate and had its own funds and investment strategy, and otherwise denies the remaining allegations of paragraph numbered 36 and specifically denies that the various active fixed income funds that it manages were collectively or uniformly invested or managed.

37-40. The allegations in paragraphs numbered 37 through 40 constitute legal conclusions to which no answers are required, but to the extent answers are required, denied.

41. The allegations in paragraph numbered 41 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.

42. State Street says that the agreements between State Street and other ERISA-qualified funds are written and therefore speak for themselves, and otherwise denies the remaining allegations of paragraph numbered 42.

43. State Street admits that it had investment discretion as to certain active fixed income funds that it manages and that such funds are designed to exceed the performance of specified bond market indices through active management, and otherwise denies the remaining allegations of paragraph numbered 43.

44. State Street says that the quoted language in paragraph numbered 44 comes from a written document that speaks for itself, and otherwise denies the remaining allegations of paragraph numbered 44.

45. Denied.

46. State Street says that the quoted language in paragraph numbered 46 comes from a written document that speaks for itself, and otherwise denies the allegations of paragraph

numbered 46 and specifically denies the implication that the various active fixed income funds that it manages were uniformly invested.

47.     State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph numbered 47. State Street admits that as of January 1, 2007, the Andover Plan had invested approximately $3 million in the Enhanced Intermediate Bond Fund, and further says that such investment ended on or about September 7, 2007, but otherwise denies the remaining allegations of paragraph numbered 47, and specifically denies that there is a basis for a class action here, and thus no basis for a "class period."

48.     Denied.

49.     State Street admits that certain active fixed income funds that it manages have at times invested in financial instruments tied to mortgage-backed securities, but otherwise denies the remaining allegations of paragraph numbered 49.

50.     State Street says that the percentages set forth in paragraph numbered 50 come from written documents that speak for themselves, and otherwise denies the remaining allegations of paragraph numbered 50 in the form and manner alleged.

51.     Denied in the form and manner alleged.

52.     State Street denies the allegations of paragraph numbered 52 as setting forth broad generalizations that are in certain instances untrue as to timing and in others are out of context.

53.     State Street denies the allegations of paragraph numbered 53 as setting forth broad generalizations that are in certain instances untrue as to timing and in others are out of context, and specifically denies the allegations of the fourth sentence of paragraph numbered 53.

54.  State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph numbered 54, and otherwise denies the remaining allegations of paragraph numbered 54.

55.  Denied.

56.  State Street says that the quoted language in paragraph numbered 56 comes from a written document that speak for itself, and otherwise denies the remaining allegations of paragraph numbered 56.

57.  State Street says that the letter referred to is a written document and therefore speaks for itself, and otherwise denies the remaining allegations of paragraph numbered 57.

58.  State Street says that the quoted statement in paragraph numbered 58 comes from a written document that speaks for itself, and otherwise denies the remaining allegations of paragraph numbered 58.

59.  State Street admits the allegations in the fourth sentence of paragraph numbered 59 insofar as they concern the Andover Plan's investment in the Enhanced Intermediate Bond Fund, but as to the remaining allegations of paragraph numbered 59, says that the allegations are based on misleading snapshots in time, says further that, for example, the Limited Duration Bond Fund increased in value after August 21, 2007, and otherwise denies the remaining allegations of paragraph numbered 59.

60.  Denied.

61.  Denied.

62.  Denied.

63-71.  The allegations in paragraphs numbered 63 through 71 constitute legal conclusions to which no answers are required, but to the extent answers are required, denied.

72-75. The allegations in paragraphs numbered 72 through 75 constitute legal conclusions to which no answers are required, but to the extent answers are required, denied.

76. State Street incorporates by reference its answers to each of the allegations set forth in the foregoing paragraphs as if fully set forth herein.

77-84. The allegations in paragraphs numbered 77 through 84 constitute legal conclusions to which no answers are required, but to the extent answers are required, denied.

85-87. The allegations in paragraphs numbered 85 through 87 constitute legal conclusions to which no answers are required, but to the extent answers are required, denied.

88-92. The allegations in paragraphs numbered 88 through 92 constitute legal conclusions or characterizations of Plaintiffs' claims to which no answers are required, but to the extent answers are required, denied.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

2. The Complaint is barred, in whole or in part, by the doctrines of waiver, laches, and estoppel.

3. The Complaint is barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto*.

4. Plaintiffs' claims are barred insofar as they have named the wrong party – State Street Global Advisors, Inc. – as a defendant in this action.

5. The Complaint is barred, in whole or in part, because Plaintiffs are not as a matter of law entitled to the forms of relief they seek in this action.

6. The Complaint is barred, in whole or in part, because State Street did not breach any duties or obligations it allegedly owed under ERISA or any other applicable law.

7. The Complaint is barred, in whole or in part, because Plaintiffs suffered no damages as a result of State Street's alleged breaches of fiduciary duty.

8. The Complaint is barred, in whole or in part, because Plaintiffs and the putative class members have failed, refused and/or neglected to mitigate or avoid damages they allegedly incurred as a result of State Street's alleged breaches of fiduciary duty.

9. The Complaint is barred, in whole or in part, because State Street is not liable for the alleged losses of some or all of the putative class members pursuant to ERISA § 404(c).

10. The Complaint is barred, in whole or in part, because State Street has not received any benefit or enrichment as a result of the alleged breaches.

11. The Complaint is barred, in whole or in part, because State Street has complied with all disclosure requirements under all applicable laws.

12. The Complaint is barred, in whole or in part, because Plaintiffs did not rely upon State Street's alleged failures to disclose or alleged misrepresentations.

13. To the extent that Plaintiffs challenge discretionary decisions made by State Street, the Complaint is barred, in whole or in part, because State Street committed no abuse of discretion, and its challenged conduct and activities were lawful and appropriate as a matter of law.

14. To the extent that the Complaint purports to state claims on behalf of a class, the Complaint is barred, in whole or in part, because this action may not properly be maintained as a class action.

15.  To the extent that the Complaint purports to state claims on behalf of a class, the Complaint is barred, in whole or in part, because some or all of the putative class members lack standing to maintain this action.

16.  State Street reserves the right to assert additional affirmative defenses.

Dated: January 24, 2008

Respectfully Submitted,

ROPES & GRAY LLP

/s/ Jerome C. Katz
Jerome C. Katz
1211 Avenue of the Americas
New York, New York, 10036-8704
Jerome.Katz@ropesgray.com
Tel: 212-841-5700
Fax: 212-841-5725

Harvey J. Wolkoff
Robert A. Skinner
Olivia S. Choe
One International Place
Boston, MA 02110
Harvey.Wolkoff@ropesgray.com
Tel: 617-951-7000
Fax: 617-951-7050

*Attorneys for Defendants*
*State Street Bank and Trust Company and*
*State Street Global Advisors, Inc.*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 24th day of January, 2008, I caused a true and correct copy of the foregoing Answer of Defendants State Street Bank and Trust Company and State Street Global Advisors, Inc. to Plaintiffs' First Amended Class Action Complaint to be served on all counsel registered as filing users on ECF by electronic service pursuant to Fed. R. Civ. P. 5(b)(3). I further certify that a true and correct copy of the foregoing Answer will be served on all counsel not registered as filing users by electronic mail.

/s/ Jerome C. Katz
Jerome C. Katz