UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE STATE STREET BANK AND TRUST
CO. ERISA LITIGATION

This document relates to:

No. 07 Civ. 9319
No. 07 Civ. 9687
No. 08 Civ. 0265

07 Civ. 8488 (RJH)
(Consolidated Actions)

## LEAD CLASS PLAINTIFFS' MEMORANDUM
## OF LAW IN OPPOSITION TO
## DEFENDANTS' MOTION TO TRANSFER VENUE

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
William C. Fredericks (WF-1576)
Wallace A. Showman (WS-0881)
Jonathan Harris (JH-3047)
Jerald Bien-Willner
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

**KELLER ROHRBACK LLP**
Lynn L. Sarko
Derek W. Loeser
Karin B. Swope
Tyler L. Farmer
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384

**BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO**
Jeffrey C. Block (JCB-0387)
Patrick T. Egan
Kristen D. Tremble
One Liberty Square
Boston, MA  02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194

*Attorneys for Lead Plaintiffs and the Class*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ............................................................................1

FACTUAL BACKGROUND..................................................................................3

ARGUMENT...........................................................................................................5

    A.    LEGAL STANDARD...................................................................................5

    B.    THE ACTIONS SHOULD NOT BE TRANSFERRED TO A
          DIFFERENT FORUM..................................................................................6

          1.    Plaintiffs' Choice of Forum ..............................................................6

          2.    Locus of Operative Facts ...................................................................8

          3.    Convenience of Witnesses ...............................................................10

               a.    Defendants' Witnesses................................................10

               b.    Plaintiffs' Witnesses ..................................................12

          4.    Availability of Process......................................................................13

          5.    Location of Documents and Access to Sources of Proof...........................14

          6.    Governing Law .................................................................................14

          7.    Convenience of the Parties...............................................................16

          8.    Trial Efficiency and Interest of Justice ...........................................16

               a.    Concentration of All Litigation in One Forum .............................17

               b.    Docket Congestion......................................................19

               c.    Inefficiencies of Trial and a Totally New Court...........................19

CONCLUSION......................................................................................................20

# TABLE OF AUTHORITIES

## CASES

*Barnes & Noble Booksellers, Inc. v. DDR DB SA Ventures, LP*,
No. Civ. A. SA05CA0002XR, 2005 WL 1279192 (W.D. Tex. May 5, 2005)........................14

*Board of Trustees, Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*,
702 F. Supp. 1253 (E.D. Va. 1988) .........................................................................6

*Board of Trustees v. Sullivant Ave. Prop., LLC*,
508 F. Supp. 2d 473 (E.D. Va. 2007) ....................................................................8

*Brozoski v. Pfizer Inc.*,
No. 00 Civ. 4215 (SWK), 2001 WL 618981 (S.D.N.Y. June 6, 2001) ........................5, 13, 15

*Butcher v. Gerber Products Co.*,
No. 98 Civ. 1819 (RWS), 1998 WL 437150 (S.D.N.Y. Aug. 3, 1998)...................................7

*Cartier v. D & D Jewelry Imports*,
510 F. Supp. 2d 344 (S.D.N.Y. 2007).........................................................................8

*Cavu Releasing, LLC v. Fries*,
419 F. Supp. 2d 388 (S.D.N.Y. 2005) (Holwell, J.) ...................................................5

*Central States, Southeast and Southwest Areas Pension Fund v. Davidson*,
No. 06 Civ. 6979-GWL, 2007 WL 722889 (N.D. Ill. Mar. 8, 2007).......................................6

*Chemung Canal Trust Co. v. Sovran Bank/Maryland*,
939 F.2d 12 (2d Cir. 1991)........................................................................................15

*Citigroup Inc v. City Holding Co.*,
97 F. Supp. 2d 549 (S.D.N.Y. 2000)........................................................................13

*Coker v. Bank of America*,
984 F. Supp. 757 (S.D.N.Y. 1997)...............................................................................8

*Columbia Pictures Indus. Inc. v. Fung*,
447 F. Supp. 2d 306 (S.D.N.Y.)...............................................................................18

*Dardaganis v. Grace Capital Inc.*,
889 F.2d 1237 (2d Cir. 1989).......................................................................................15

*Engels v. Exel Global Logistics, Inc.*,
No. C 04-3944 MHP, 2005 WL 850879 ..................................................................18

*Factors Etc., Inc. v. Pro Arts, Inc.*,
    579 F.2d 215 (2d Cir. 1978)..................................................................5

*First City National Bank v. Simmons*,
    878 F.2d 76 (2d Cir. 1989)..................................................................6

*First Nat. Bank v. El Camino Resources, Ltd.*,
    447 F. Supp. 2d 902 (N. D. Ill. 2006) ...................................................14

*First National City Bank v. Nanz, Inc.*,
    437 F. Supp. 184 (S.D.N.Y. 1975).........................................................12

*Gelco Corp. v. Major Chevrolet, Inc.*,
    No. 01C 9719, 2002 WL 31427027 (N.D. Ill. Oct. 30, 2002)................................18

*Habrout v. City of New York*,
    143 F. Supp. 2d 399 (S.D.N.Y. 2001)......................................................6

*In re Warrick*,
    70 F.3d 736 (2d Cir. 1995).................................................................7

*Jensen v. Solvay America, Inc.*,
    No. 06 CV 0273, 2007 WL 1791268 (D. Wyo. June 14, 2007) ...............................12

*Kiley v. AchieveGlobal, Inc.*,
    No. 3:05-CV-1658 (RNC), 2006 WL 2475248 (D. Conn. Aug. 24, 2006) ...............6, 9-10

*Koster v. Lumbermens Mut. Casualty Co.*,
    330 U.S. 518 (1947).......................................................................7

*Kwik Goal, Ltd. v. Youth Sports Publishing, Inc.*,
    No. 06 Civ. 395 (HB), 2006 WL 1517598 (S.D.N.Y. May 31, 2006)..........................14

*Laborers Local 100 and 397 Pension Fund v. Bausch & Lomb Inc.*,
    No. 06 Civ. 1942 (HB), 2006 WL 1524590 (S.D.N.Y. June 5, 2005).........................8

*Leesona Corp. v. Duplan Corp.*,
    317 F. Supp. 290 (D.R.I. 1970)...........................................................12

*Lesser v. Camp Wildwood*,
    No. 01 Civ. 4209 (RWS), 2002 WL 1792039 (S.D.N.Y. Aug. 2, 2002)........................13

*Merkur v. Wyndham Int'l, Inc.*,
    No. 00 CV 5843, 2001 WL 477268 (E.D.N.Y. 2001) .........................................15

*Prentice-Hall Corp. Systems, Inc. v. Ins. Co. of North*,
    81 F.R.D. 477 (S.D.N.Y. 1979) ...........................................................16

*Russell v. IU Int'l Corp.*,
    685 F. Supp. 172 (N.D. Ill. 1988) ........................................................................18

*Sanders v. State St. Bank & Trust Co.*,
    813 F. Supp. 529 (S.D. Tex. 1993) ................................................................13, 14

*Shulof v. Westinghouse Elec. Corp.*,
    402 F. Supp. 1262 (S.D.N.Y. 1975).......................................................................7

Sousa v. TD Banknorth Ins. Agency, Inc.,
    429 F. Supp. 2d 454 (D.N.H. 2006).....................................................................12

*Teachers' Retirement System of Louisiana v. ACLN Ltd.*, No. 01 Civ. 11814 (LAP) 2004
    WL 2997957 (S.D.N.Y. Dec. 27, 2004) ................................................................8

*Varsic v. U.S. Dist. Ct. for the Central Dist. of California*,
    607 F.2d 245 (9th Cir. 1979) ..................................................................................6

*Wine Markets Int'l, Inc. v. Bass*,
    939 F. Supp. 178 (E.D.N.Y. 1996) .........................................................................5

*Winnett v. Caterpillar Inc.*,
    No. 3:06-cv-00235, 2006 WL 1722434 (M.D. Tenn. June 20, 2006) .....................7

*Yu v. Formula One Motor Cars, Inc.*,
    No. 2:04-CV-316, 2005 WL 1324884 (S.D. Ohio June 3, 2005)...........................13

## STATUTES

28 U.S.C. § 1404.................................................................................................1, 2, 3

29 U.S.C. § 1132(e)(2)..............................................................................................6

## OTHER AUTHORITIES

Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice &
    Procedure, Jurisdiction and Related Matters ...................................................12, 14

The Lead Class Plaintiffs, Unisystems, Inc. and Warren Cohen, Trustee of the Unisystems, Inc. Employees' Profit Sharing Plan ("Unisystems Plan"), Merrimack Mutual Fire Insurance Co. and Alan Kober, Trustee of the Andover Companies Employees Savings and Profit Sharing Plan ("Andover Plan"), and Nashua Corporation Pension Plan Committee, John L. Patenaude, Margaret Callan and Karen Adams, Trustees of the Nashua Corporation Hourly Employees Retirement Plan and the Nashua Corporation Retirement Plan for Salaries Employees ("Nashua Plan"), respectfully submit this memorandum in opposition to the motion of Defendants State Street Bank & Trust Company ("SSBT") and State Street Global Advisors, Inc. (collectively, "Defendants") to transfer this litigation to the District of Massachusetts pursuant to 28 U.S.C. § 1404.

## PRELIMINARY STATEMENT

This judicial district – a venue unanimously chosen by all of the plaintiffs in these consolidated ERISA actions – should not be substituted for a different venue requested by the defendants.  There is no dispute that this Court has jurisdiction over the parties and the subject matter of the litigation.  There can be no real dispute that the plaintiffs' choice of forum is entitled to substantial deference in this consolidated ERISA litigation, in accordance with ERISA's liberal venue provisions and Congress's mandate that federal litigation be as convenient to wronged ERISA plan participants as possible.

Despite these guiding precepts, Defendants ask this Court to void the Lead Class Plaintiffs' choice of venue and force them and the plaintiff in the related *Prudential* action against defendants (07 Civ. 8488) to litigate in Defendants' preferred venue, Massachusetts.  In order to prevail in their motion, Defendants must state a compelling case that a balance of factors

strongly favors litigation of these actions in Massachusetts rather than in New York. Defendants cannot do so.

Defendants rely most heavily on their contention that the convenience of non-party witnesses and witnesses who are employees of Defendants strongly favors litigation in Boston. However, Defendants' initially impressive list of witnesses crumbles on close examination, revealing a great deal of duplication and, at bottom, speculation by defendants concerning the nature and scope of the testimony Lead Class Plaintiffs will seek or need to prove their claims. Tellingly, Defendants' speculation regarding witnesses that will be called does not account for the New York-based witnesses, and other witnesses who reside outside of Massachusetts and/or near this forum, who may testify in this case. Defendants also fail to show that the non-party witnesses will refuse or otherwise will be unavailable to testify in New York, thereby calling Defendants' argument into question, if not undermining their position entirely.

Defendants are also incorrect that this case has nothing to do with New York, as both defendants, at least one of the Lead Class Plaintiffs, and the plaintiffs in the individual *Prudential* action that has been consolidated with the putative class actions for discovery, all have substantial ties to this judicial district. For example, the Unisystems Plan, the ERISA plan established for the benefit of employees of a company doing all its business in New York City, commenced this action against SSBT, an international corporation with about 1,400 employees in the World Financial Center, about a mile from 500 Pearl Street. Unisystems made its choice of SSBT in New York, spoke to SSBT in New York, and was harmed in New York.

None of the other factors considered by courts on § 1404 motions (location of documents, convenience of parties, governing law, etc.) favor Defendants' position. As shown below, these factors are either neutral or support plaintiffs' choice of forum. Moreover, the interests of justice

and timely resolution of these actions militate in favor of continuing these actions in New York, where they are proceeding in due course. Indeed, this Court already has consolidated the actions following a full hearing on the issue, entered a detailing scheduling Order, and plaintiffs have served discovery in both the consolidated Class actions and the *Prudential* case. There is no just cause or reason to interrupt the Court's and the parties' progress in this case, and start the process over again at the beginning in Massachusetts. The Court should therefore deny defendants' motion to transfer pursuant to § 1404.

## FACTUAL BACKGROUND

The Unisystems Plan is the ERISA plan for Unisystems, Inc., a New York corporation headquartered in New York City. It selected the Southern District of New York as the venue for commencing this action on October 17, 2007 against Defendants SSBT and State Street Global Advisors, Inc.

The Unisystems Plan's Complaint alleged, in summary, that Defendants breached their fiduciary duties under ERISA by causing bond funds held by Defendants in collective trusts to invest in high-risk and highly leveraged financial instruments tied to, among other things, mortgage backed securities; and that, despite Defendants' representation of these bond funds as conservative investments designed to closely track and slightly out-perform designated bond market indices, in reality they were turned into high-stakes gambles. Unisystems Plan First Amended Class Action Complaint ("Complaint") filed December 7, 2007, ¶1.

SSBT has offices located at Two World Financial Center, 225 Liberty Street, New York City, one and one quarter miles from 500 Pearl Street. SSBT's space at Two World Financial Center has at least 80,000 – 90,000 square feet of space for 1,500 employees. SSBT's Chairman, David Spina, stated at the time of the move in 2003, "We have significant relationships

throughout the state and this move enables us to expand our local service and operations." *See* Declaration of Wallace A. Showman ("Showman Decl."), ¶¶1-2.

Thus, at the outset, a plaintiff located in New York commenced an action in the Southern District of New York against a defendant with substantial operations in New York City and with "significant relationships throughout the state" of New York.

The Unisystems Plan's complaint was followed two weeks later by a complaint filed by The Andover Companies Employees' Savings and Profit Sharing Plan, the ERISA plan of The Andover Companies. The two Plans then filed amended complaints to include as plaintiffs the respective Plans' Trustees. The Unisystems Plan's trustee and new named plaintiff is Warren Cohen, who lives and works in New York City. Declaration of Warren Cohen ("Cohen Decl.") ¶ 2. Next, the Nashua Corporation Pension Plan Committee, which had originally filed its Complaint in the District of Massachusetts, voluntarily dismissed that case and re-filed in this District, in the interest of litigating this case in one forum and thereby maximizing judicial efficiency.

After filing their transfer motion, on February 25, 2008, Defendants filed a motion with the Judicial Panel on Multidistrict Litigation seeking the same relief as Defendants seek in the instant motion – namely, transfer of these actions (along with two actions in the Southern District of Texas) to the District of Massachusetts.

Prudential Retirement Insurance and Annuity Company ("PRIAC"), a Connecticut corporation, also chose to commence its own action in this District. PRIAC is a wholly-owned subsidiary of Prudential Financial, Inc., whose headquarters is in Newark, New Jersey. PRIAC was evidently of the opinion that pursuing this action in New York was its most convenient

option.  PRIAC's action was consolidated with this action on January 8, 2008.  *See* Showman

Decl. ¶ 6.

The Lead Class Plaintiffs either reside in New York City or are willing to testify here.

*See* Cohen Decl.¶ 9, Showman Decl. ¶ 12, and Declarations of John L. Patenaude, Margaret

Callan and Karen Adams, submitted herewith.

## ARGUMENT

### DEFENDANTS HAVE FAILED TO CLEARLY AND CONVINCINGLY ESTABLISH THAT TRANSFER TO A DIFFERENT VENUE IS WARRANTED

**A.    LEGAL STANDARD**

Defendants bear the burden to establish that there should be a change of forum.  *Factors*

*Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978).  "The burden on the party seeking a

transfer is a heavy one.…"  *Wine Markets Int'l, Inc. v. Bass*, 939 F. Supp. 178, 185 (E.D.N.Y.

1996).

In ruling on motions to transfer under § 1404(a), courts generally consider the following

factors:

> (1) the convenience of witnesses; (2) the location of relevant documents and the
> relative ease of access to sources of proof; (3) the convenience of the parties; (4)
> the locus of the operative facts; (5) the availability of process to compel
> attendance of unwilling witnesses; (6) the relative means of the parties; (7) a
> forum's familiarity with the governing law; (8) the weight accorded the plaintiff's
> choice of forum; and (9) trial efficiency and the interest of justice, based on the
> totality of the circumstances.

*Brozoski v. Pfizer Inc.*, No. 00 Civ. 4215 (SWK), 2001 WL 618981, at *1 (S.D.N.Y. June 6,

2001) (denying transfer, citing *Constitution Reinsurance Corp. v. Stonewall Ins. Co.,* 872 F.

Supp. 1247, 1250 (S.D.N.Y. 1995)).  Defendants, who pin their hopes of transfer largely to

factors of convenience, must make "a clear and convincing showing that the balance of

convenience favors defendants' choice."  *Cavu Releasing, LLC v. Fries*, 419 F. Supp. 2d 388,

394 (S.D.N.Y. 2005) (Holwell, J.). *Accord Habrout v. City of New York*, 143 F. Supp. 2d 399, 401 (S.D.N.Y. 2001). Ultimately, weighing the balance of the factors "is essentially an equitable task" left to the court's discretion. *First City National Bank v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989) (affirming denial of transfer).

As shown below, Defendants have failed to make a clear and convincing showing that the balance of factors considered by courts in this circuit favors transfer out of this district, let alone to a district when no actions against SSBT are even pending.

**B.    THE ACTIONS SHOULD NOT BE TRANSFERRED TO A DIFFERENT FORUM**

**1.    Plaintiffs' Choice of Forum**

Each of the plaintiffs in these consolidated actions chose to file suit in this district, and there is no dispute that venue is proper here. These facts are significant, as plaintiffs' choice of forum is "entitled to particular weight" in ERISA actions. *Kiley v. AchieveGlobal, Inc.*, No. 3:05-CV-1658 (RNC), 2006 WL 2475248, at *3 (D. Conn. Aug. 24, 2006). In large part, this is because Congress intended to provide ready access to federal courts convenient to plaintiffs in such cases. *Id.* citing 29 U.S.C. § 1001(b). This purpose is reflected in the statute's liberal venue provisions set forth at 29 U.S.C. § 1132(e)(2). *Id.* (citing *Varsic v. U.S. Dist. Ct. for the Central Dist. of California*, 607 F.2d 245, 248 (9th Cir. 1979));[1] *Central States, Southeast and Southwest Areas Pension Fund v. Davidson*, No. 06 Civ. 6979-GWL, 2007 WL 722889, at *1 (N.D. Ill. Mar. 8, 2007). Another reason for the deference afforded to plaintiffs' choice of venue is to encourage plaintiffs to fulfill their role of providing private enforcement of ERISA's provisions. *Board of Trustees, Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air*

---

[1] The *Varsic* court took the extraordinary step of granting a writ of mandamus commanding the district court to rescind its order transferring the action to a different court, finding, *inter alia*, that the transfer order "would frustrate the liberal Congressional intent embodied in section 1132(e)(2)." 607 F.2d at 252.

*Conditioning, Inc.*, 702 F. Supp. 1253, 1257 n. 12 (E.D. Va. 1988).  Toward that end, Congress also tipped the balance of venue in favor of plaintiffs in order to reduce their litigation costs as much as possible.  *See Winnett v. Caterpillar Inc.*, No. 3:06-cv-00235, 2006 WL 1722434, at *3 (M.D. Tenn. June 20, 2006) (citing *Central States, Southeast & Southwest Areas Pension Fund v. White*, No. 99 C 1046, 1999 WL 447059 at *3 (N.D. Ill. June 25 1999)).

With respect to the class actions consolidated before this court, the Unisystems Plan was the first class plaintiff to file a case against Defendants.  The Unisystems Plan, a plan for a New York-incorporated company located in New York City, has chosen New York as the forum in which to assert its claims.[2]  Its trustee, William Cohen, is a New York City resident who works in New York City.  *See* Cohen Decl. at ¶ 2.  As noted above, in addition to the Unisystems Plan, the other Lead Class Plaintiffs also have chosen to file their suits in this district.

The Lead Class Plaintiffs' choice of forum is entitled to "substantial consideration."  *In re Warrick*, 70 F.3d 736, 741 & n. 7 (2d Cir. 1995);[3] *Winnett*, 2006 WL 1722434, at *3-4 (M.D. Tenn. June 20, 2006) (rejecting defendants' argument that a class action ERISA plaintiff's

---

[2] SSBT, as noted above, has a substantial presence in New York City.

[3] Defendants cite the *Warrick* footnote as support for the proposition that a class plaintiff's choice of forum is entitled to "little weight."  Def. Mem. at 17.  But that is not what *Warrick* holds.  Rather, as the accompanying text states clearly, the plaintiff's choice is still entitled to "substantial consideration."  70 F.3d at 741.  Further, *Warrick* cited *Shulof v. Westinghouse Elec. Corp.*, 402 F. Supp. 1262, 1263 (S.D.N.Y. 1975) as support for the proposition that a class plaintiff's choice of forum gets less weight than a non-class plaintiff's.  *Shulof*, however, was not an ERISA case but rather was a securities fraud case; moreover, *Shulof* cited *Koster v. Lumbermens Mut. Casualty Co.*, 330 U.S. 518 (1947), which was not even a class action but rather was a derivative action in which all the operative facts took place in the company's district.  (As shown below, many operative facts in this case took place in New York.)  Moreover, *Koster* was a ruling on a *forum non conveniens* motion rather than a transfer motion under § 1404(a).  The other case cited for this point by Defendants, *Butcher v. Gerber Products Co.*, No. 98 Civ. 1819 (RWS), 1998 WL 437150 (S.D.N.Y. Aug. 3, 1998), was, again, not an ERISA case but rather was an employment discrimination case; thus, the special consideration due to an ERISA plaintiff's choice was not present.

choice is due less deference).  The location of class members who are not appointed as representative plaintiffs by the Court is not particularly relevant to this analysis, because non-lead plaintiffs are not normally subject to discovery or trial.  *See, e.g.*, *Teachers' Retirement System of Louisiana v. ACLN Ltd.*, No. 01 Civ. 11814 (LAP) 2004 WL 2997957, at *10 (S.D.N.Y. Dec. 27, 2004).

Defendants conveniently ignore the role of Lead Plaintiff Cohen, the Unisystems Plan Trustee who resides in New York, and instead complain that the two other Lead Class Plaintiffs do not reside in this District.  Yet, even if Mr. Cohen's participation in this action is ignored (which, obviously, it should not be), a non-resident plaintiff's choice of forum is entitled to greater weight under ERISA than in other areas of the law for which plaintiff's choice of forum is not as respected.  *See Board of Trustees v. Sullivant Ave. Prop., LLC*, 508 F. Supp. 2d 473, 477 (E.D. Va. 2007) ("[T]he weight of Plaintiffs' choice of forum is diminished to an extent by lack of connections with Virginia, but simultaneously bolstered by Congressional polices favoring Plaintiffs' choice of venue in ERISA matters.").[4]

### 2.    Locus of Operative Facts

Defendants argue that the locus of operative facts is in Massachusetts because decisions regarding the funds and representations at issue were made in Massachusetts.  Def. Mem. at 12-13.  However, in ERISA cases, the decisions made by defendants concerning the funds at issue routinely take place in defendants' home district.  This could hardly be an important factor in such cases; if it were, the policy favoring ERISA plaintiffs' choice of forum would be

---

[4] The cases cited in support of its "little deference" argument (Def. Mem. at 17-18) are not ERISA cases and therefore do not account for the special deference due to ERISA plaintiffs.  *See Coker v. Bank of America*, 984 F. Supp. 757 (S.D.N.Y. 1997); *Cartier v. D & D Jewelry Imports*, 510 F. Supp. 2d 344 (S.D.N.Y. 2007); *Laborers Local 100 and 397 Pension Fund v. Bausch & Lomb Inc.*, No. 06 Civ. 1942 (HB), 2006 WL 1524590 (S.D.N.Y. June 5, 2005).

eviscerated in any case in which a defendant's breaches of fiduciary duty crossed district lines, as often is the case with multi-state employers or with national fiduciary service provider firms, such as the Defendants, which served as fiduciaries for entities and plan participants located throughout the country. Certainly it is not the case that Defendants are entitled to litigate every ERISA case against them in Massachusetts, regardless of where the plaintiffs reside or their choice of forum simply because Defendants are based in Massachusetts. Defendants chose to do substantial business in New York, and to open a large office here, and, thus, cannot genuinely contend that New York, while convenient for their business, is so inconvenient for litigation that Plaintiffs' choice of forum should be disregarded.

Defendants take the position in their venue analysis that Massachusetts is the "locus of operative facts" in this case. While Lead Plaintiffs do not dispute that the investment decisions at issue in this case were centrally made by Defendants in Massachusetts, or that Defendants' uniform, class-wide communications pertaining to those ERISA asset management decisions emanated primarily from Massachusetts, this does not transform Massachusetts into the proper forum for this case, in derogation of Lead Plaintiffs' choice of forum. First, with respect to Plaintiffs based in New York, the harms alleged in the Complaint occurred *in New York*. These Plaintiffs, and the many absent Class Members on whose behalf this case is proceeding, were ERISA plan participants *in New York,* and their retirement savings were decimated *in New York*. Thus, in this key respect, New York is the locus of operative facts for them:

> Defendant argues that plaintiff's choice of forum should be accorded little weight because the operative facts have little connection with the forum. To determine the locus of operative facts, the court should look to the "site of the events from which the claim arises." *Id.* (quotation omitted). As defendant contends, the key decisions concerning plaintiffs' employment were made in Florida. However, plaintiffs worked and earned credit toward severance benefits in Connecticut, and communicated with defendants' employees about their employment and termination from Connecticut. Thus, while the claim arises in substantial part

9

> from events occurring in Florida, it also arises from events in Connecticut. At most, this factor favors transfer only marginally.

*Kiley*, 2006 WL 2475248, at *4. Defendants have made a large issue of Prudential's conduct in the Prudential case and indeed has moved to dismiss Prudential's case based on that conduct. *See* Memorandum of Law in Support of Defendants' Motion to Dismiss and in the Alternative for Summary Judgment in the Prudential matter. Given that Plaintiffs and Lead Plaintiffs in this case include persons who reside and work in New York, there is no question that this district is an appropriate forum for this litigation.

### 3.  Convenience of Witnesses

#### a.  Defendants' Witnesses

Defendants rely most heavily on the contention that pertinent witnesses are in Massachusetts, arguing that the "tilt" in favor of transfer is "dramatic." Def. Mem. at 11. However, as explained below, whether the "witnesses" identified by defendants at this stage will be inconvenienced (or need to testify at trial) is highly speculative at best. Moreover, Lead Class Plaintiffs' counsel are willing to travel to the location of those persons ultimately chosen as witnesses for depositions, if necessary, which alone should remove this factor from consideration.

The substance, relevance and/or materiality of testimony anticipated by defendants from the "witnesses" they have mustered to the issues in this case is vague or dubious. First, many of the "witnesses" identified by defendants likely have little to do with the merits of the Lead Class Plaintiffs' actions. For example, of the thirteen non-employee witnesses listed in Def. Mem. at 11, seven are offered to testify as to the "relationships" with various plaintiffs. These include witnesses Saarinen, Gluck, Mulready, Fuller, Dame, Lankow, and Roney. Duggan Decl. ¶ 29 at

pp. 7-8.    Some of these "witnesses" identified by defendants are purported to testify about various <u>plaintiffs</u>' investment objectives, including Fuller, Dame, Lankow and Roney.

It is Lead Class Plaintiffs' view that these purported witnesses very likely have little if anything to do with the merits of the action.  The issue is whether Defendants followed their own stated investment objectives for the bond funds at issue and whether they breached their fiduciary duties by investing retirement assets in subprime securities at a time when that market was imploding.

Second, the purported non-employee witnesses' testimony identified by SSBT appears to be largely duplicative of that of several of the employee witnesses, and the employee witnesses often duplicate each other.  For example, non-employee Gluck is offered to testify about Defendants' relationship with the Unisystems Plan, a subject on which employee Albonesi, Farley and Ireland will also allegedly testify according to SSBT.  Similarly, non-employees Mulready and Dougherty are offered to testify about Defendants' relationship with PRIAC, and so are employees Flinn, Hughes and Burke.  Non-employee Roney is offered to testify about the relationship with the Nashua Plan, and so are employees Bergin and Porter.  Non-employees Picket, Reigel and Gianastasio are offered to testify about investment decisions and analysis in connection with various funds as to which employee Hopkins will also testify.  *See* Duggan Decl. ¶ 29, pp. 7-12.

Eliminating duplication involving non-employee witnesses would likely cut Defendants' list of twenty-seven witnesses in half.  As to the remainder of these witnesses, for the reasons noted above Plaintiffs dispute that they are relevant to this action at all as they do not bear in any way on the investment decisions made by State Street as Investment Manager for the plans at issue.

As to the employee witnesses, many courts have discounted this factor since they are controlled by the defendants and can be made to testify at trial. *See* Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure, Jurisdiction and Related Matters § 3851 (2007) (hereinafter "Wright & Miller"). In any event, the burden of traveling the 215 miles from Boston to New York (*see* Showman Decl. ¶ 7) is not so great as to weigh heavily in favor of Massachusetts. *See Sousa v. TD Banknorth Ins. Agency, Inc.*, 429 F. Supp. 2d 454, 457-58 (D.N.H. 2006) ("the burden of traveling from Massachusetts to New Hampshire is not so great, as to weigh heavily in favor of a transfer to Massachusetts"); *Leesona Corp. v. Duplan Corp.*, 317 F. Supp. 290, 299-300 (D.R.I. 1970) (distance of 200 miles between Rhode Island and New York is "insignificant in terms of additional expense, cost, or time").

For the reasons stated above, including the duplicative and questionable nature of many of the non-employee witnesses presented by Defendants, the Court should significantly discount the factor of convenience of the defendant and non-party witnesses. *See Jensen v. Solvay America, Inc.*, No. 06 CV 0273, 2007 WL 1791268, at *4 (D. Wyo. June 14, 2007) (denying defendant's motion to transfer ERISA case because "the nuts and bolts of trying this case ha[d] yet to be determined, including whether it will proceed as a class action, and who (if anyone) will actually testify.").

### b.    Plaintiffs' Witnesses

Plaintiffs are either located in New York or are willing to come to New York for trial. To the extent that plaintiffs are likely to call fact witnesses other than SSBT, for example witnesses who can testify about the nature and state of the markets in which SSBT gambled with class members' assets, many such witnesses are quite likely to be based in New York, or to find

testifying in the nation's financial capital convenient.  Accordingly, this factor weighs against transfer.

### 4. <u>**Availability of Process**</u>

Defendants do not assert that any non-party witnesses will refuse to attend trial if they cannot be subpoenaed, nor have they argued why deposition testimony from those witnesses is not a viable alternative.  Absent such showing, this factor should be discounted or ignored.  *See Brozoski,* 2001 WL 618981, at *4 (no showing that non-party witness is unwilling to appear, deposition testimony is a viable alternative); *Lesser v. Camp Wildwood*, No. 01 Civ. 4209 (RWS), 2002 WL 1792039, at *6 (S.D.N.Y. Aug. 2, 2002) (no showing of unwillingness to appear); *First National City Bank v. Nanz, Inc.*, 437 F. Supp. 184, 189 (S.D.N.Y. 1975) (same); *Yu v. Formula One Motor Cars, Inc.,* No. 2:04-CV-316, 2005 WL 1324884, at *3 (S.D. Ohio June 3, 2005) (same).  Indeed, Defendants bear a particularly high burden, which it has not met, especially in light of this age when videotaped depositions are widely used.  As stated in another case involving State Street:

> The efficacy of State Street's argument concerning the convenience of key witnesses is weakened by the fact that four of the six individuals named by State Street as potential witnesses are still employees of State Street.  Where key witnesses are employees of the party seeking transfer, their convenience is entitled to less weight because that party will be able to compel their testimony at trial.  Furthermore, State Street does not claim that the two potential witnesses that are no longer State Street employees will not be able to attend the trial under any circumstances.  State Street merely claims that it is conceivable that they will not attend.  ***Even if these two individuals absolutely can or will not attend the trial, State Street will not be unreasonably harmed since the Court liberally allows for the presentation of testimony by deposition.***

*Sanders v. State St. Bank & Trust Co.*, 813 F. Supp. 529, 535 (S.D. Tex. 1993) (emphasis added);

*see also Citigroup Inc v. City Holding Co.,* 97 F. Supp. 2d 549, 561-62 (S.D.N.Y. 2000)

(convenience of a non-party witness will not favor transfer where videotaped or deposition testimony is an available alternative to live testimony).

### 5. <u>Location of Documents and Access to Sources of Proof</u>

Defendants argue that the pertinent evidence is in Massachusetts. Def. Mem. at 16-17. However, Defendants make no showing as to why reproduction of the records in question would be materially more difficult for either side if this litigation takes place in New York rather than in Massachusetts. Numerous cases hold that the location of documents is a negligible factor absent a specific showing of material hardship. *See Kwik Goal, Ltd. v. Youth Sports Publishing, Inc.*, No. 06 Civ. 395 (HB), 2006 WL 1517598, at *4 (S.D.N.Y. May 31, 2006); *First Nat. Bank v. El Camino Resources, Ltd.*, 447 F. Supp. 2d 902, 912 (N. D. Ill. 2006); *Barnes & Noble Booksellers, Inc. v. DDR DB SA Ventures, LP*, No. Civ. A. SA05CA0002XR, 2005 WL 1279192, at *2 (W.D. Tex. May 5, 2005); *Sanders,* 813 F. Supp. at 534 (documents can be produced and examined anywhere for discovery purposes).

Even apart from Defendants' lack of specificity as to the volume and content of the documents in question, this factor is negligible given modern capabilities of reproduction:

> [S]ince most records and documents now can be transported easily or exist in miniaturized or electronic form, especially, for example, the ubiquitous e-mail, their location is entitled to little weight. This is particularly true with the development of photoduplication, facsimile transmission, the Internet, and the easy availability, excellent reproducibility, and relatively low cost of hard and electronic copies.

Wright & Miller § 3853 (2007).

### 6. <u>Governing Law</u>

Defendants make the entirely speculative argument that, although federal law governs this case, which obviously is true since this is an ERISA action, state law concerning trusts and contract interpretation may come into play. Def. Mem. at 14. Yet, defendants fail specifically to

explain how the law of trusts or contract interpretation affects this case, or why some novel or difficult aspect of Massachusetts law would give a New York federal court any particular difficulty. The issue of governing state law "is given significantly less weight when the case involves basic or sufficiently well-established, as opposed to complex or unsettled, issues of state law or when there is no reason to believe that the applicable law of the forum differs markedly from the law of the proposed transferee state." Wright & Miller § 3854 (2007). *See also Brozoski*, 2001 WL 618981, at *3 (state law issues are accorded little weight if no complex questions of foreign law are involved); *Merkur v. Wyndham Int'l, Inc.*, No. 00 CV 5843, 2001 WL 477268, at *5 (E.D.N.Y. 2001) (same).

Defendants' representation that courts cite to pertinent state law in analyzing ERISA liability is simply incorrect. In fact, the case cited by Defendants, *Chemung Canal Trust Co. v. Sovran Bank/Maryland,* 939 F.2d 12, (2d Cir. 1991), stands for the opposite proposition than for which it is cited by Defendants. *Chemung* held that "federal courts have been authorized to develop a *federal common law* under ERISA, and in doing so, are to be guided by the principles of traditional trust law." *Id.* at 16 (emphasis added). Nowhere does *Chemung* permit applying state law to interpret ERISA, other than to the extent common trust law is grounded in state law. Furthermore, the only other case cited by Defendants, *Dardaganis v. Grace Capital Inc.*, 889 F.2d 1237, 1241 (2d Cir. 1989), mentions, in *dicta*, an exception to the general rule that state law is preempted by ERISA. Contrary to Defendants' argument, *Dardaganis* held that a rule of state contract law was inapplicable because ERISA preempted it. The Court stated, "state law defenses are invalid when they would frustrate important policies underlying a statutory scheme so broadly preemptive as ERISA." 889 F.2d at 1241. Thus Defendants' claim that Massachusetts state law weighs in favor of a transfer is simply unfounded in light of the broad

federal preemptive provisions found in ERISA.  Accordingly, state law should be given little weight in a consideration to transfer venue.

### 7.    Convenience of the Parties

As noted above, the initial class plaintiff in this action was the Unisystems Plan, which is located in New York City and whose administrators work and reside here.  Unisystems' preference for New York as the most convenient forum should be given substantial deference when its principal place of business is here.  *See Prentice-Hall Corp. Systems, Inc. v. Ins. Co. of North*, 81 F.R.D. 477, 480 (S.D.N.Y. 1979) (the deference accorded plaintiff's choice of forum "remains a substantial one where, as here, plaintiff's principal place of business…was in New York.").  Moreover, the other class plaintiffs' decision to join this litigation rather than litigating in other forums advances the cause of judicial efficiency, and they should not now be penalized for making that judgment by being transferred out of their chosen forum.  Obviously, Defendants consider Massachusetts, reasonably enough, as more convenient to itself.  But the issue is whether Defendants have made a ***compelling*** case that the balance of convenience to the parties strongly favors Massachusetts over New York.  Defendants have not done so. For the reasons stated above, Defendants simply fail to make a convincing case to overcome the deference due to the plaintiffs' choice in this ERISA action.

### 8.    Trial Efficiency and Interest of Justice

These cases have been pending in this district going on six months, and the parties and this Court have made progress, among other things, in establishing a pre-trial schedule and a leadership structure for the consolidated class actions; indeed, under the case management structures implemented by this Court discovery is now well underway.  Certainly, this Court as well as the parties and their counsel have already invested valuable time and resources in moving

these actions forward expeditiously. Perhaps recognizing the potential for plaintiffs to lose momentum from a transfer, defendants ignore these facts and advance dubious arguments concerning the concentration of litigation in the District of Massachusetts, and defendants' distorted view of relative docket congestion in this forum versus the forum they seek which is offered in the purported interest of conserving judicial resources.

### a.    Concentration of All Litigation in One Forum

One of the considerations in the "trial efficiency and interest of justice" category is whether there is other litigation in the proposed transferee district with which the case can be consolidated. Here, all of the ERISA litigation concerning defendants of the type alleged in the complaints is currently consolidated in this court, to the best of Lead Class Plaintiffs' knowledge. In any event, *there is not a single case currently pending in the District of Massachusetts.* Nevertheless, Defendants argue that they are also moving to transfer a purportedly "similar" case, *Memorial Hermann Healthcare System v. State Street Bank and Trust Co., et al.*, No. 07-4089 (S.D. Tex.), from the Southern District of Texas to the District of Massachusetts. Therefore, say Defendants, this litigation should also be transferred to Massachusetts so as to consolidate the litigation in one forum. Def. Mem. at 19-20.

The Court should ignore this argument because whether the *Memorial* case will be transferred is highly speculative. Indeed, it likely will <u>not</u> be transferred, for at least two reasons. First, the *Memorial* plaintiff makes no claims under ERISA; rather, the plaintiff claims breach of contract and other state-law claims. *See* Showman Decl. ¶ 8. Second, another case in the same district, *Houston Police Officers' Pension System v. State Street Bank and Trust* Company, No. 08-333 (S.D. Tex.), in which the plaintiff similarly makes only state-law claims, a forum selection clause in the relevant contract designates Houston as the forum for any disputes.

17

Showman Decl. ¶ 9.  Consequently, it is likely that the *Memorial* court will find it more efficient to litigate both cases in Texas.[5]  It is thus highly unlikely that all of the litigation against Defendants with respect to the funds at issue in this case will be consolidated in any one forum – let alone in Massachusetts, where there is no case at all currently pending.

Therefore, whether the *Memorial* case is transferred, and whether, once transferred, it would be consolidated with the instant case is highly speculative.  Thus, this factor does not favor transfer.  *See, e.g., Engels v. Exel Global Logistics, Inc.,* No. C 04-3944 MHP, 2005 WL 850879, at *(7) (N.D. Cal. Apr. 11, 2005) (pendency of state court action in proposed transferee district did not favor transfer when the possibility of coordinating discovery was speculative).  Defendants do not cite a single case[6] (nor have we found one) in which transfer was granted because of the possibility that another case from a third district might be transferred to the proposed transferee court.

On the other hand, there is a possibility that the Texas case would have to be re-transferred back to Texas if the cases are indeed found not sufficiently related.  *See Russell v. IU Int'l Corp.*, 685 F. Supp. 172 (N.D. Ill. 1988) (re-transferring case back to Middle District of

---

[5] The *Memorial* plaintiff raises several other cogent arguments against transfer, including the fact that the instant litigation will be much less simple, as this case involves many more State Street bond funds than the one fund involved in the *Memorial* case (and many more documents as well), and the fact that there are many Houston-based witnesses.  Showman Decl. ¶ 8.

[6] *Columbia Pictures Indus. Inc. v. Fung*, 447 F. Supp. 2d 306 (S.D.N.Y.), cited by Defendants (Def. Mem. at 20) is not applicable because there was already similar litigation pending in the transferee court.

Florida after finding case not to be related to other litigation pending in Northern District of Illinois).  This would hardly serve the interest of justice or efficiency.[7]

Accordingly, the Court should not consider the pendency of the transfer motion pending in the *Memorial* case.

### b.  Docket Congestion

Defendants argue that the dockets in Massachusetts are less congested than in New York. Def. Mem. at 19.  Specifically, Defendants argue that judges in this district have more cases on average than judges in the District of Massachusetts.  Defendants' use of statistics is highly selective.  The more important figures are the length of time cases typically take.  The median time from filing to disposition in civil cases in this district is 9.8 months, in Massachusetts, it is 8.5 months.  Showman Decl. ¶ 11.  This is a negligible difference.  *See Gelco Corp. v. Major Chevrolet, Inc.,* No. 01C 9719, 2002 WL 31427027, at *7 (N.D. Ill. Oct. 30, 2002) (difference of 1.6 months in the two courts' median times from filing to disposition is "negligible").  The median time from filing to trial is eight months <u>longer</u> in Massachusetts – 33.5 months, as compared with 25.6 months in this district.  Showman Decl. ¶ 11.  Thus, a transfer could actually exacerbate delay, even without accounting for the delay occasioned by the transfer itself.

### c.  Inefficiencies of Trial and a Totally New Court

Finally, defendants' motion ignores the inherent inefficiency in transferring an active, complex case from this Court – which has already taken various case management steps and held a very productive case status conference as recently as January 4, 2008 – to a totally new court in the District of Massachusetts where *no* cases against State Street are even pending.  In sum,

---

[7] Defendants' purported concern for conserving judicial resources would seem to be undercut by its filing of a motion before the Judicial Panel on Multidistrict Litigation seeking the same relief which Defendants seek on this motion.

transfer to a federal court with no familiarity with the claims asserted may well serve defendants'

narrow interests, but will be contrary to any reasonable concept of judicial efficiency.

## <u>CONCLUSION</u>

For the foregoing reasons and those set forth in the declarations submitted herewith, Lead

Class Plaintiffs respectfully request that the Court should deny Defendants' motion to transfer

venue.

Dated: New York, New York
      March 10, 2008

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By:  /s/ William C. Fredericks_____
William C. Fredericks (WF-1576)
Wallace A. Showman (WS-0881)
Jonathan Harris (JH-3047)
Jerald Bien-Willner
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

**KELLER ROHRBACK LLP**
Lynn L. Sarko
Derek W. Loeser
Karin B. Swope
Tyler L. Farmer
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384

**BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO**
Jeffrey C. Block (JCB-0387)
Patrick T. Egan
Kristen D. Tremble
One Liberty Square
Boston, MA  02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194

*Attorneys for Lead Plaintiffs and the Class*

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system on March 10, 2008 will be served on all counsel registered as filing users on ECF by electronic service pursuant to Fed. R. Civ. P. 5(b)(3). I further certify that a true and correct copy of the foregoing document will be served on all counsel not registered as filing users by electronic mail.

/s/ Wallace Showman
Wallace Showman