# EXHIBIT G

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MEMORIAL HERMANN HEALTHCARE SYSTEM, | § § § § § | |
| Plaintiff, | | |
| vs. | § § § | Civil Case No. 07-04089 |
| STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL ADVISORS, INC., and CAMBRIDGE FINANCIAL SERVICES, INC, | § § § § § § | |
| Defendants. | § | |

**REPLY IN SUPPORT OF STATE STREET'S MOTION TO
TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404**

Defendants State Street Bank and Trust Company ("SSBT") and State Street Global Advisors, Inc. (together, "State Street") hereby respectfully submit this reply in support of their motion pursuant to 28 U.S.C. § 1404(a) to transfer venue to the District of Massachusetts.

1. **The Convenience of the *Key* Witnesses and the Availability of Compulsory Process for Those Witnesses Favor Transfer**

Plaintiff Memorial Hermann Healthcare System ("Memorial Hermann") does not and cannot deny that the former employees whom State Street has identified as non-party witnesses are in Massachusetts, or that the non-party witnesses are not subject to compulsory process in Texas. Instead, Memorial Hermann questions the significance of those witnesses, asserting that they are of "dubious relevance." (Pl.'s Opp. 12.)

Memorial Hermann's own claims, however, underscore the importance of State Street's witnesses. Memorial Hermann challenges State Street's investment management of the

any comparison between this case and *HPOPS*. Memorial Hermann cannot have it both ways by arguing that such distinctions matter only where it wants.

Indeed, as Memorial Hermann itself points out, the operative contract in *HPOPS* contains provisions notably absent from Memorial Hermann's own agreements. Specifically, the contract at issue in *HPOPS* calls for venue in Houston, Texas as well as the exclusive application of Texas law. (Attachment 1, ¶ 13, to the Declaration of Robert A. Skinner, attached hereto as Exhibit A.) By contrast, Memorial Hermann's agreement with State Street expressly provides that Massachusetts law governs and contains no forum selection clause. (Duggan Decl. ¶¶ 6-7; *id.* Attachment A.)

Perhaps because of the glaring absence of a forum selection clause in its own contract with State Street, Memorial Hermann tries to convince the Court that its agreement with Cambridge prohibits venue transfer. Relying upon the same arbitration election provision at issue in its unsuccessful motion to remand, Memorial Hermann contends that the clause "at least signifies that the suit may not be transferred to an alternative forum." (Pl.'s Opp. 9.) The provision does nothing of the sort: it permits Memorial Hermann to sue in court without having to resort to arbitration, but in no way restricts the parties' right to seek – let alone the Court's jurisdiction to grant – a transfer under 28 U.S.C. § 1404(a). *See Epcon Indus. Sys., L.P. v. Progressive Design, Inc.*, Civ. A. No. H-06-4123, 2007 WL 1234928, at *8 & n.50 (S.D. Tex. Apr. 25, 2007) (concluding that contract "did not have any clause that resembles a choice-of-forum clause" and finding that clause allowing suit "in any court of competent jurisdiction cannot be said to be a forum-selection provision"). Neither Memorial Hermann's agreement

Dated: February 20, 2008

Respectfully Submitted,

BAKER BOTTS L.L.P.

By: /s/ David D. Sterling
    David D. Sterling
    Attorney-in-Charge
    Texas Bar No. 19170000
    Southern District No. 07079
    Elizabeth Myers
    Texas Bar No. 24047767
    Southern District No. 611670
    One Shell Plaza
    910 Louisiana Street
    Houston, Texas 77002-4995
    David.Sterling@bakerbotts.com
    Elizabeth.Myers@bakerbotts.com
    Tel: 713-229-1946
    Fax: 713-229-7946


    Harvey J. Wolkoff
    Robert A. Skinner
    Olivia S. Choe
    Of Counsel
    ROPES & GRAY LLP
    One International Place
    Boston, MA 02110
    Harvey.Wolkoff@ropesgray.com
    Robert.Skinner@ropesgray.com
    Olivia.Choe@ropesgray.com
    Tel: 617-951-7000
    Fax: 617-951-7050

*Attorneys for Defendants*
*State Street Bank and Trust Company and*
*State Street Global Advisors, Inc.*