UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
IN RE STATE STREET BANK AND TRUST　　:
CO. ERISA LITIGATION　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:　　07 Civ. 8488 (RJH)
This document relates to:　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
07 Civ. 8488 (*Prudential Retirement Insurance and* :
*Annuity Company v. State Street Bank and Trust*　:
*Company and State Street Global Advisors, Inc.*)　:
　　　　　　　　　　　　　　　　　　　　　　　:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PRUDENTIAL'S COUNTER-STATEMENT
PURSUANT TO LOCAL RULE 56.1**

Pursuant to Local Rule 56.1, plaintiff Prudential Retirement Insurance and Annuity Company ("Prudential") responds as follows to the Statement of Material Facts submitted by defendants State Street Bank and Trust Company and State Street Global Advisors (together, "State Street").

Without conceding either the relevance or the materiality of any of the purported "facts" as to which State Street contends there is no genuine issue, Prudential states that it disputes certain of those facts as follows: (Paragraph numbers below correspond to the paragraph numbers in State Street's Local Rule 56.1 Statement.)

1. In October 2007, Prudential, in its capacity as a fiduciary to the Plans, provided documents entitled "Explanation and Authorization of Prudential's Process for Addressing Your Defined Contribution [/Defined Benefit] Plan's Losses in the State Street Intermediate Bond Fund" and "Explanation and Authorization of Prudential's Process for Addressing Your Defined Benefit Plan's Losses in the State Street Government Credit Bond Fund" (collectively, the

"Explanation and Authorization") to persons authorized to act on behalf of the 215 Plans on whose behalf Prudential purports to sue in this action. Goldman Decl. Exhs. 4, 5 and 6 (collectively, the "Explanation and Authorization"); Goldman Decl. Exh. 8.

    UNDISPUTED, except as to the 215 figure. *See* Siegel Dec. Ex. D.

2.    Of those 215 Plans, 191 Plans (the "Redeemed Plans") accepted the terms of Prudential's offer as set forth in the Explanation and Authorization and executed the Authorization incorporated in the Explanation and Authorization authorizing Prudential to redeem their interests in the Prudential Separate Accounts. Goldman Decl. Exh. 8.

    DISPUTED. Prudential incorporates by reference its response to paragraph 1. 190 Plans accepted the terms of Prudential's offer. Siegel Dec. Ex. D. In addition, this statement mischaracterizes the redemption described in the Authorization Forms. The Plans that accepted the authorization did not redeem all of their interests in the separate accounts; they redeemed only their "remaining *investment* interest" in the separate accounts. Authorization Forms at 2, 4 (emphasis added). The separate accounts continue to hold other assets, including the Plans' claims against State Street and rights to any recoveries from this lawsuit. Under ERISA, assets of a separate account are Plan assets in which the Plans have an "undivided interest." *See* 29 C.F.R. § 2510.3-101(h)(1)(iii).

3.    For each of the State Street Funds at issue, Prudential previously maintained a Prudential Separate Account in which the assets of participating Plans were aggregated for investment in the corresponding State Street Fund. Complaint at ¶ 11.

    DISPUTED. The separate accounts remain in existence. Authorization Forms at 2, 4.

4.      Pursuant to the redemption process, Prudential, through the Prudential Separate Accounts, paid $79 million in "Redemption Payments" to the 191 Redeemed Plans. Goldman Decl. Exh. 8.

>   DISPUTED. Prudential incorporates by reference its response to paragraph 2. In addition, this statement is an incomplete characterization of the loan process. Pursuant to the loan process, Prudential loaned $79 million to Prudential separate accounts. Portions of that $79 million were then advanced by the separate accounts to the 190 Plans that accepted the authorization. Authorization Forms at 5-6; Siegel Dec. Ex. C, Ex. D.

5.      The interests of the Redeemed Plans in the Separate Accounts have been redeemed. Explanation and Authorization at 6.

>   DISPUTED. As described in the Authorization Forms, Plans that signed those forms did not redeem all of their interests in the separate accounts; they redeemed only their "remaining *investment* interest" in the separate accounts. Authorization Forms at 2, 4 (emphasis added). The separate accounts continue to hold other assets, including the Plans' claims against State Street and rights to any recoveries from this lawsuit. Under ERISA, assets of a separate account are Plan assets in which the Plans have an "undivided interest." *See* 29 C.F.R. § 2510.3-101(h)(1)(iii).

Dated: New York, New York
March 10, 2008

        Respectfully submitted,

        DEBEVOISE & PLIMPTON LLP

        By: /s/ Edwin G. Schallert

        Edwin G. Schallert
        919 Third Avenue
        New York, New York 10022
        (212) 909-6000

        Attorneys for Plaintiff Prudential
        Retirement Insurance and Annuity Company

22677006v1