UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
IN RE STATE STREET BANK AND TRUST          :
CO. ERISA LITIGATION                       :
                                           :
                                           :
                                           :          07 Civ. 8488 (RJH)
This document relates to:                  :
                                           :
07 Civ. 8488 (*Prudential Retirement Insurance and* :
*Annuity Company v. State Street Bank and Trust*     :
*Company and State Street Global Advisors, Inc.*)    :
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## PRUDENTIAL'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANTS' MOTION TO
## TRANSFER TO THE DISTRICT OF MASSACHUSETTS

Of Counsel:                          Edwin G. Schallert
  Steven Klugman                     DEBEVOISE & PLIMPTON LLP
  Joanna Davidson (Law Clerk)        919 Third Avenue
                                     New York, New York 10022
                                     (212) 909-6000

                                     Attorneys for Plaintiff Prudential
                                     Retirement Insurance and Annuity Company

Dated: New York, New York
       March 10, 2008

<u>Table of Contents</u>

Page

Summary of Argument ................................................................................1

Statement of the Case.................................................................................1

    A.    The Parties .....................................................................1

    B.    The Prudential Case ........................................................2

    C.    Prudential's Choice of Forum ...........................................3

    D.    The Class Actions and Southern District of Texas Cases............................3

    E.    Application to the Judicial Panel on Multidistrict Litigation.......................4

    F.    Witnesses .......................................................................4

    G.    Documents .....................................................................5

    H.    Pretrial Proceedings .........................................................6

Argument ..................................................................................................8

I. Prudential's Case Should Not Be Transferred to the District of Massachusetts. ............8

    A.    Prudential's Choice of Forum Is Entitled to Substantial Deference. ...........8

    B.    State Street Has Failed to Establish That the District of Massachusetts Would Be a Significantly More Convenient Forum. ................................12

        1.    Plaintiff's Choice of Forum .........................................13

        2.    Convenience to Witnesses ...........................................13

        3.    Compelling Unwilling Witnesses .................................17

        4.    Document Production .................................................18

        5.    Convenience of the Parties...........................................19

        6.    Locus of Operative Facts ............................................20

        7.    State Law .................................................................21

        8.    The Interest of Justice ................................................22

Table of Contents
(continued)

Page

Conclusion ................................................................................................................25

<u>Table of Cited Authorities</u>

Page

**FEDERAL CASES**

*Aerotel, Ltd. v. Sprint Corp.*,
    100 F. Supp. 2d 189 (S.D.N.Y. 2000)...............................................................15, 19

*American Alliance Insurance Co. v. Sunbeam Corp.*,
    No. 98 Civ. 4703 (LMM), 1999 WL 38183 (S.D.N.Y. Jan. 28 1999)..................15

*Aramony v. United Way Replacement Benefit Plan*,
    191 F.3d 140, 149 (2d Cir.1999) .........................................................................21

*Butcher v. Gerber Products Co.*,
    No. 98 Civ. 1819 (RWS), 1998 WL 437150 (S.D.N.Y. Aug. 3, 1998)...........11, 12

*Canale ex rel. Othmer v. Manco Power Sports*, *LLC*,
    No. 06 Civ. 6131 (PKL), 2007 WL 2406904 (S.D.N.Y. Aug. 20, 2007).............10

*Carruthers v. Amtrak & National Railroad Passenger Corp.*,
    No. 95 Civ. 0369 (PKL), 1995 WL 378544 (S.D.N.Y. June 26, 1995)................17

*Cartier v. D & D Jewelry Imports*,
    510 F. Supp. 2d 344 (S.D.N.Y. 2007)...............................................................11, 12

*Cavu Releasing, LLC v. Fries*,
    419 F. Supp. 2d 388 (S.D.N.Y. 2005)..................................................................8, 12

*Central States, Southeast & Southwest Areas Pension Fund v. Davidson*,
    No. 06 Civ. 6879 (GWL), 2007 WL 722889 (N.D. Ill. Mar. 8, 2007) ...................9

*Central States, Southeast & Southwest Areas Pension Fund v. Lewis &*
    *Michael, Inc.*,
    992 F. Supp. 1046 (N.D. Ill. 1998) .........................................................................9

*Citigroup Inc v. City Holding Co.*,
    97 F. Supp. 2d 549 (S.D.N.Y. 2000).....................................................................15

*Cohn v. Metropolitan Life Insurance Co.*,
    No. 07 Civ. 0928 (HB), 2007 WL 1573874 (S.D.N.Y. May 31, 2007).............9, 19

*Coker v. Bank of America*,
    984 F. Supp. 757 (S.D.N.Y. 1997).........................................................................11

*Columbia Pictures Industries Inc. v. Fung*,
    447 F. Supp. 2d 306 (S.D.N.Y. 2006)...................................................................24

Table of Cited Authorities
(continued)

Page

*Critchlow v. First UNUM Life Insurance Co. of America*,
  378 F.3d 246 (2d Cir. 2004)..............................................21

*Dardaganis v. Grace Capital Inc.*,
  889 F.2d 1237 (2d Cir. 1989)............................................21

*D.H. Blair & Co. v. Gottdiener*,
  462 F.3d 95 (2d Cir. 2006)................................................8

*DLG Mortgage Capital, Inc. v. Cameron Financial Group, Inc.*,
  No. 07 Civ. 3746 (LAP), 2007 WL 4325893 (S.D.N.Y. Dec. 4, 2007) ...............19

*Filmline (Cross-Country) Productions, Inc. v. United Artists Corp.*,
  865 F.2d 513 (2d Cir.1989)................................................9

*Firestone Tire & Rubber Co. v. Bruch*,
  489 U.S. 101 (1989).....................................................21

*Flowserve Corp. v. BMCE, Inc.*,
  No. 05 Civ. 8075 (WHP), 2006 WL 2927176 (S.D.N.Y. Oct. 12, 2006)..............15

*Flynn v. Veazey Construction Corp.*,
  310 F. Supp. 2d 186 (D.D.C. 2004) .......................................9

*Ford Motor Co. v. Ryan*,
  182 F.2d 329 (2d Cir. 1950)...............................................8

*Gibbs ex rel. Estate of Gibbs v. CIGNA Corp.*,
  440 F.3d 571 (2d Cir. 2006)..............................................21

*Habrout v. City of New York*,
  143 F. Supp. 2d 399 (S.D.N.Y. 2001).......................................9

*Hershman v. UnumProvident Corp.*,
  No. 06 Civ. 5064 (RJH), 2007 WL 1217271 (S.D.N.Y. Apr. 25, 2007) ...........8, 10

*Hubbell, Inc. v. Pass & Seymour, Inc.*,
  883 F. Supp. 955, 962 (S.D.N.Y. 1995)....................................8

*International Kosher Meat Processing Corp v. P M Beef Group, LLC*,
  No. 04 Civ. 2092 (DLI) (RER), 2006 U.S. Dist. LEXIS 55003
  (E.D.N.Y. Aug. 8, 2006) ................................................17

*In re AtheroGenics Securities Litigation*,
  No. 05 Civ. 00061 (RJH), 2006 WL 851708 (S.D.N.Y. Mar. 31, 2006)...11, 24, 25

iv

Table of Cited Authorities
(continued)

Page

*In re Hanger Orthopedic Group, Inc. Securities Litigation*,
    418 F. Supp. 2d 164 (E.D.N.Y. 2006) .................................23

*In re Warrick*,
    70 F.3d 736 (2d Cir. 1995) (per curiam)..............................8

*Iragorri v. United Technologies Corp.*,
    274 F.3d 65 (2d Cir. 2001) (en banc)..................................10

*Kiley v. AchieveGlobal, Inc.*,
    No. 3:05-CV-1658 (RNC), 2006 WL 2475248 (D. Conn. Aug. 24, 2006) ............9

*Krishna v. Colgate Palmolive Co.*,
    7 F.3d 11 (2d Cir. 1993)...................................................21

*Laborers Local 100 & 397 Pension Fund v. Bausch & Lomb Inc.*,
    No. 06 Civ. 1942 (HB), 2006 WL 1524590 (S.D.N.Y. June 5, 2006)...................11

*Lesser ex rel. Lesser v. Camp Wildwood*,
    No. 01 Civ. 4209 (RWS), 2002 WL 1792039 (S.D.N.Y. Aug. 2, 2002)...............15

*Linzer v. EMI Blackwood Music, Inc.*,
    904 F. Supp.207 (S.D.N.Y. 1995).....................................12

*Lynch v. National Prescription Administrators*,
    No. 03 Civ. 1303 (GBD), 2004 WL 385156 (S.D.N.Y. Mar. 1, 2004) ................16

*Marketing/Trademark Consultants, Inc. v. Caterpillar, Inc.*,
    No. 98 Civ. 2570 (AGS), 1998 WL 474074 (S.D.N.Y. Aug. 10, 1998)...............22

*Motown Record Corp. v. Mary Jane Girls, Inc.*,
    660 F. Supp. 174 (S.D.N.Y. 1987)....................................10

*National Patent Development Corp. v. American Hospital Supply Corp.*,
    616 F. Supp. 114 (S.D.N.Y. 1984).....................................22

*NBA Properties, Inc. v. Salvino, Inc.*,
    No. 99 Civ. 11799 (AGS), 2000 WL 323257 (S.D.N.Y. Mar. 27, 2000)..............18

*Orb Factory, Ltd.  v. Design Science Toys, Ltd.*,
    6 F. Supp. 2d 203 (S.D.N.Y. 1998)....................................20

*Raffel v. Monarch Dental Corp.*,
    No. 99-4571 (RLB), 1999 WL 1212184 (E.D. Pa. Dec. 16, 1999) ......................10

Table of Cited Authorities
(continued)

Page

*Sanders v. State Street Bank & Trust Co.*,
    813 F. Supp. 529 (S.D. Tex. 1993) ...................................................17

*Schieffelin & Co. v. Jack Co. of Boca, Inc.*,
    725 F. Supp. 1314 (S.D.N.Y. 1989)................................................20

*Stewart Organization, Inc. v. Ricoh Corp.*,
    487 U.S. 22 (1988)..........................................................................12

*Student Advantage, Inc. v. International Student Exchange Cards, Inc.*,
    No. 00 Civ. 1971 (AGS), 2000 WL 1290585 (S.D.N.Y. Sept. 13, 2000) .............18

*Sunshine Cellular v. Vanguard Cellular Systems, Inc.*,
    810 F. Supp. 486 (S.D.N.Y. 1992).....................................................9

*Teamsters Pension Trust Fund of Philadelphia Vicinity v. Littlejohn*,
    155 F.3d 206 (3d Cir. 1998).............................................................21

*Trustees of National Automatic Sprinkler Industry Pension Fund v. Best Automatic Fire Protection, Inc.*,
    578 F. Supp. 94 (D. Md. 1983) .........................................................9

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964)........................................................................12

*Varity Corp. v. Howe*,
    516 U.S. 489 (1996)........................................................................21

*Winnett v. Caterpillar, Inc.*,
    No. 3:06-cv-00235, 2006 WL 1722434 (M.D. Tenn. June 20, 2006) ....................9

**FEDERAL STATUTES AND REGULATIONS**

17 C.F.R. § 229.601(b)(10)(iii)(A) ...............................................18

28 U.S.C. § 1404(a) ...................................................... *passim*

28 U.S.C. § 1407....................................................4, 18, 25

29 U.S.C. § 1132(e)(2)...................................................9

Federal Rule of Civil Procedure 26(a)(1)(A) ..............................4, 18

Table of Cited Authorities
(continued)

Page

**MISCELLANEOUS**

*Federal-State Court Directory*
(Barbara Rogers ed., CQ Press 2008 ed.) ............................................................23

Charles Wright, Arthur R. Miller & Edward H. Cooper, 15 *Federal Practice &
Procedure: Jurisdiction 3d* § 3848 .......................................................................11

U.S. Federal Court Management Statistics ........................................................23

Table of Appendices

Appendix

*Federal-State Court Directory*
    (Barbara Rogers ed., CQ Press 2008 ed.) ................................................................A

U.S. Federal Court Management Statistics .........................................................................B

Charles Wright, Arthur R. Miller & Edward H. Cooper, 15 *Federal Practice &*
    *Procedure: Jurisdiction 3d* § 3848 .........................................................................C

Plaintiff Prudential Retirement Insurance and Annuity Company ("Prudential") submits this memorandum in opposition to the motion of defendants State Street Bank and Trust Company and State Street Global Advisors Inc. (together, "State Street"), pursuant to 28 U.S.C. § 1404(a), to transfer this case to the District of Massachusetts.

## Summary of Argument

State Street has failed to make the requisite showing that a change of venue would promote convenience and the interest of justice. In its Memorandum of Law in Support of Defendants' Motion to Transfer Venue ("Mem."), State Street does not analyze most of the relevant factors as they apply to Prudential's case. State Street ignores the heightened level of deference that is accorded the venue chosen by a plaintiff suing pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The parties to this case can litigate either in this District or in the District of Massachusetts without significant inconvenience, as confirmed by State Street's delay in raising the inconvenience of this District until after substantial activity had taken place here. Prudential's ERISA action should proceed to trial in the venue chosen by Prudential.

## Statement of the Case

### A.    The Parties

Prudential, which provides financial products and services to institutional retirement plan sponsors that administer defined contribution and defined benefit plans, is headquartered in Hartford, Connecticut and has main offices in Woodbridge, New Jersey, as well as in Pennsylvania, Iowa and California. Prudential has a sales office in Manhattan. Declaration of Ramsay Lewis ("Lewis Dec.") ¶¶ 3, 4. Prudential's parent corporation, Prudential Financial, Inc. ("Prudential Financial"), is based in Newark, New Jersey. Through its subsidiaries, Prudential Financial provides insurance, asset management, financial advisory and retirement services,

banking and trust services, real estate brokerage franchises and relocation services.  *Id.* ¶ 6.  The

Prudential executives with principal responsibility for monitoring and making decisions about

the conduct of this case work in Hartford and Woodbridge.  Their decisions are made in

consultation with members of Prudential Financial's Law Department who are based in Newark,

Hartford and Woodbridge.  *Id.* ¶ 8.

Defendant State Street Bank and Trust Company ("SSBT") is a bank based in Boston that

provides investment management products and services.  Defendant State Street Global

Advisors, Inc. ("SSgA") is an affiliate of the bank.  Mem. at 3-4.[1]  SSBT has an office in New

York.  Declaration of Mark Duggan ("Duggan Dec.") ¶ 2.  State Street does not indicate the size

of SSBT's New York office.  SSgA has three employees in New York.  *Id.* ¶ 4; Mem. at 4.

## B.    The *Prudential* Case

Prudential brought this case under ERISA, on behalf of 210 retirement plans (the

"Plans") that suffered economic losses as a result of State Street's breaches of its fiduciary duties

as the investment manager of the State Street Global Advisors Intermediate Bond Fund and the

State Street Global Advisors Government Credit Bond Fund (together, the "Bond Funds").  The

Plans are administered in about 32 states, including New York and Massachusetts.  Lewis Dec. ¶

10.  Both State Street and Prudential are fiduciaries to the Plans, which invested in the Bond

Funds by purchasing units of Prudential separate accounts.

State Street has presented two ways in which its case will focus on Prudential's conduct.

First, State Street has moved to dismiss on the ground that loans by Prudential to the separate

accounts that held the Plans' investments in the Bond Funds terminated Prudential's

constitutional and statutory standing to assert these ERISA claims.  Second, in its memorandum

---

[1]    State Street maintains that SSgA is an empty shell, and that Prudential did business with an
identically named division of SSBT, not with SSgA.  Mem. at 4.

of law in support of its motion to dismiss ("Dismissal Mem."), State Street pointed to

"Prudential's own exposure in this matter" and charged that Prudential inaccurately represented

to the Plans that one of the two Bond Funds was a passive index fund.  Dismissal Mem. at 4 n.2.

## C.    Prudential's Choice of Forum

One reason why Prudential chose the Southern District is its convenient location between

Prudential's offices in Hartford and Woodbridge, and close to Prudential Financial's

headquarters in Newark.  Lewis Dec. ¶ 19.  Prudential also has a sales office in Manhattan.  The

Pearl Street Courthouse is approximately 118 miles from Prudential's headquarters in Hartford,

28 miles from Prudential's office in Woodbridge and ten miles from Prudential Financial's

headquarters in Newark.  The District of Massachusetts' Boston courthouse is approximately 101

miles from Prudential's headquarters in Hartford, 243 miles from Prudential's office in

Woodbridge and 226 miles from Prudential Financial's headquarters in Newark.

## D.    The Class Actions and Southern District of Texas Cases

On October 17, 2007, about two weeks after Prudential had commenced its case, an

ERISA plan brought a purported class action in this Court, asserting that State Street violated

ERISA by mismanaging bond funds.  *Unisystems, Inc. v. State Street Bank & Trust Co.*, No. 07

Civ. 9319.  The plaintiffs in *Unisystems* seek to represent a class consisting of ERISA plans that

offered eight or more State Street bond funds, including the Intermediate Bond Fund for

Employee Trusts, to their participants.  A week later, a pension plan committee filed a similar

purported class action in the District of Massachusetts.  That case was voluntarily dismissed on

January 11, 2008 and refiled in this Court on January 14, 2008.  *Nashua Corp. Pension Plan*

*Comm. v. State Street Bank & Trust Co*., No. 08 Civ. 0265.  A third purported class action was

filed in this Court on October 31, 2007.  *Merrimack Mut. Fire Ins. Co. v. State Street Bank &*

*Trust Co.*, No. 07 Civ. 9687.

On November 5, 2007, Memorial Hermann Healthcare System filed an action against State Street and Cambridge Financial Services., Inc. in state court in Harris County, Texas, in which it alleged breach of contract, fraud and negligent misrepresentation by State Street.  The *Memorial Hermann* case was removed to the Southern District of Texas on December 3, 2007. On January 29, 2008, Houston Police Officers' Pension System filed an action against State Street in the Southern District of Texas, alleging breaches of fiduciary duty and contract, fraud, negligent misrepresentation and breaches of the Texas Securities Act.  On January 30, 2008, State Street moved to transfer *Memorial Hermann* to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).  Duggan Dec. ¶ 43; Mem. at 20.  State Street's motion was denied on February 25, 2008.  Declaration of Edwin G. Schallert ("Schallert Dec.") Ex. Q.

On November 7, 2007, this Court consolidated Prudential's case for pretrial purposes with *Unisystems*, and on January 7, 2008 with *Merrimack*.  Schallert Dec. Exs. D, E.  On January 31, 2008, the Court added *Nashua Corp.* to the pretrial consolidation.  Schallert Dec. Ex. F.

## E.   Application to the Judicial Panel on Multidistrict Litigation

On February 29, 2008, four days after its motion to transfer *Memorial Hermann* was denied, State Street moved, pursuant to 28 U.S.C. § 1407, to transfer *Prudential*, *Unisystems*, *Merrimack*, *Nashua Corp*., *Memorial Hermann* and *Houston Police Officers* to the District of Massachusetts for coordinated or consolidated pretrial proceedings.  Schallert Dec. ¶ 28.

## F.   Witnesses

On February 1, 2008, Prudential and State Street exchanged initial disclosures under Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure.  Prudential identified 16 of its employees and consultants as likely to have discoverable information that it might use to support its claims.  Schallert Dec. Ex. I at 2-5.  Prudential identified 21 current and former employees of State Street as likely to have discoverable information.  Schallert Dec. Ex. I at 5.

4

In its initial disclosures, State Street identified 20 current and former State Street employees as likely to have discoverable information. Schallert Dec. Ex. J at 6-8. Many of these persons no longer are affiliated with State Street.[2] State Street's initial disclosures did not identify anyone from Prudential, notwithstanding State Street's contentions that this case turns on Prudential's loans and that Prudential breached its own fiduciary duties.

## G.    Documents

Prudential has served document requests on State Street. Schallert Dec. Ex. N. State Street will be asked to produce most of those documents not only to Prudential but also to lawyers for the class plaintiffs. Schallert Dec. ¶ 17. To meet its overlapping production obligations, State Street presumably will produce its documents electronically. *Id.*

In anticipation of State Street's document requests, Prudential began months ago to collect and process potentially relevant documents at Prudential Financial's document review facility in Newark. Lewis Dec. ¶ 25. Consistent with its position that Prudential's conduct is central to the case, State Street on February 15, 2008 served extensive document requests on Prudential. Schallert Dec. Ex. P. State Street's very broad document requests ask for documents in 75 categories.[3] Prudential intends to produce documents responsive to State Street's document requests electronically. Lewis Dec. ¶ 26.

---

[2]    Following the dramatic decline of the Bond Funds in the summer of 2007, a number of State Street's executives with responsibility for the management of the Bond Funds either were dismissed or resigned. *See* Svea Herbst-Bayliss, *State Street Makes More Staff Changes*, Reuters, Feb. 5, 2008, *available at* http://www.reuters.com/article/companyNews/ idUSN0520901420080205; Vikas Bajaj, *State Street Corp. Is Sued Over Pension Fund Losses*, N.Y. Times, Jan. 4. 2008, at C1; Diya Gullapalli & Jennifer Levitz, *Credit Woes Hit Mutual-Fund Executives*, Wall St. J., Nov. 21, 2007, at C15 (Schallert Dec. Ex. K).

[3]    Among other things, State Street has asked for "All documents and communications concerning Prudential's policies or practices (including without limitation investment or risk policies or practices) with respect to investments or assets governed by ERISA for which Prudential acts as a fiduciary or investment manager." Schallert Dec. Ex. P at 15.

## H.    Pretrial Proceedings

On November 30, 2007, several weeks after *Prudential* and *Unisystems* were

consolidated for pretrial purposes, State Street advised the Court that it wished to move, pursuant

to Section 1404(a), to transfer *Unisystems* and *Merrimack* to the District of Massachusetts

(where *Nashua Corp.* then was pending).  Schallert Dec. Ex. G.  At the initial scheduling

conference in the consolidated cases on January 4, 2008, State Street again advised the Court that

it would move to have the class actions transferred to the District of Massachusetts.  Schallert

Dec. ¶ 11.

Discussions between counsel for Prudential and State Street proceeded on a separate

track.  On October 26, 2007, the Court issued an Order requiring the parties to confer and submit

an agreed-on scheduling order.  Schallert Dec. Ex. A.  In November and December 2007,

Prudential and State Street conferred several times about a proposed scheduling order.  Schallert

Dec. ¶ 4.  In those discussions, State Street said it would move to dismiss based on its contention

that Prudential lacked standing.  *Id*.  State Street confirmed that intention in a letter to the Court

on November 21, 2007 (Schallert Dec. Ex. B), and the parties agreed on a briefing schedule for

State Street's motion to dismiss.  Schallert Dec. ¶ 6.  State Street said nothing about moving to

transfer the *Prudential* case.  *Id*.  The agreed briefing schedule that Prudential and State Street

submitted to the Court on December 6, 2007 recited that State Street would move to dismiss on

standing grounds, and said nothing about a motion to transfer.  Schallert Dec. Ex. C.

At the initial scheduling conference on January 4, 2008, State Street made separate oral

presentations on the *Prudential* case and the class actions.  Schallert Dec. ¶ 9.  State Street

asserted that a key issue in the *Prudential* case would be the standing issue that it would raise in

its motion to dismiss, and that a key issue in the class actions would be the motion for class

certification.  *Id*. ¶¶ 10, 11.  State Street requested that discovery in the class actions be

bifurcated, with discovery at first limited to class issues.  The Court denied that request.  State Street reiterated its intention to move to transfer the class actions (the two that were pending and *Nashua Corp.*, which the Court was advised would soon be refiled in this District) to the District of Massachusetts.  State Street indicated it would not file such a motion in Prudential's case.  *Id*.

At the January 4, 2008 scheduling conference, State Street asked that discovery be stayed pending the outcome of State Street's motion to dismiss the *Prudential* case, and the Court denied that request.  Schallert Dec. ¶ 10.  On January 31, 2008, the Court entered the pretrial scheduling order that the parties had submitted on January 16, 2008.  Schallert Dec. Ex. H.  Under the Court's scheduling order, the case will be ready for trial on August 17, 2009.  *Id.* at 2.  State Street first mentioned to Prudential that it would move to transfer this case in a telephone call on January 15, 2008.  Schallert Dec. ¶ 12.

## Argument

## I.    Prudential's Case Should Not Be
Transferred to the District of Massachusetts.

State Street cannot make the strong showing that is required for a change of venue under

28 U.S.C. § 1404(a).  The differences in convenience between litigating Prudential's case in New

York City and in the federal court in Boston, about 200 miles away, are slight.  No matter where

the case proceeds, documents will be produced electronically and videotaped depositions taken,

and the witnesses will testify at trial (either live or by deposition), all without great

inconvenience, and federal statutory and common law will govern.  It is more convenient and

less expensive for Prudential to litigate in this District.  It may be less convenient and more

expensive for State Street to do so, based on the need of some as-yet-unidentified witnesses to

attend the trial.  Any such differences will be minor, particularly in relation to the significant

amount in dispute here.  The Court should not disturb Prudential's choice of this forum, and

should let its case proceed to a resolution pursuant to the scheduling order this Court has entered.

## A.    Prudential's Choice of Forum Is
Entitled to Substantial Deference.

The courts in this Circuit, as elsewhere, recognize that if a plaintiff sues in a district

where venue is proper, that choice of forum should be given substantial deference and should not

be lightly disturbed.  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006); *In re

Warrick*, 70 F.3d 736, 741 (2d Cir. 1995) (per curiam); *Ford Motor Co. v. Ryan*, 182 F.2d 329,

330 (2d Cir.), *cert. denied* 340 U.S. 851 (1950).  A defendant seeking a transfer under 28 U.S.C.

§ 1404(a) must make a "'clear and convincing showing that the balance of convenience favors

defendants' choice'."  *Cavu Releasing, LLC v. Fries*, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005)

(Holwell J.) (quoting *Hubbell, Inc. v. Pass & Seymour, Inc.*, 883 F. Supp. 955, 962 (S.D.N.Y.

1995)); *accord*, *Hershman v. UnumProvident Corp.*, No. 06 Civ. 5604 (RJH), 2007 WL

1217271, at *1 (S.D.N.Y. Apr. 25, 2007) (quoting *Habrout v. City of New York,* 143 F. Supp. 2d

399, 401 (S.D.N.Y. 2001)); *see Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*,

865 F.2d 513, 521 (2d Cir.1989) (quoting *Ford Motor Co.*, 182 F.2d at 330 (defendant has the

"burden of making out a strong case for transfer.")

     ERISA's venue provision, 29 U.S.C. § 1132(e)(2), is quite liberal.  *Kiley v.*

*AchieveGlobal, Inc.*, No. 3:05-CV-1658 (RNC), 2006 WL 2475248, at *3 (D. Conn. Aug. 24,

2006).  In cases brought under ERISA to enforce the rights of retirement plans, courts give

heightened deference to plaintiffs' venue selections in order to vindicate the Congressional

intention to provide a broad range of venue options for ERISA plaintiffs.  *Winnett v. Caterpillar,*

*Inc.*, No. 3:06-cv-00235, 2006 WL 1722434, at *5 (M.D. Tenn. June 20, 2006); *accord Cent.*

*States, Se. & Sw. Areas Pension Fund v. Davidson*, No. 06 Civ. 6979 (GWL), 2007 WL 722889,

at *1 (N.D. Ill. Mar. 8, 2007); *Flynn v. Veazey Constr. Corp.*, 310 F. Supp. 2d 186, 193-94

(D.D.C. 2004); *Cent. States Se. & Sw. Areas Pension Fund v. Lewis & Michael, Inc.*, 992

F. Supp. 1046, 1048 (N.D. Ill. 1998); *Trs. of Nat'l Automatic Sprinkler Indus. Pension Fund v.*

*Best Automatic Fire Prot., Inc.*, 578 F. Supp. 94, 95-96 (D. Md. 1983).  Courts in this Circuit

have recognized this principle in cases brought by ERISA plan participants.  *Cohn v. Metro. Life*

*Ins., Co.*, No. 07 Civ. 0928 (HB), 2007 WL 1573874, at *2 (S.D.N.Y. May 31, 2007); *Kiley*,

2006 WL 2475248, at *3 (D. Conn. Aug. 24, 2006).  The policy favoring ERISA plaintiffs'

venue preferences would be undermined substantially if those choices could be set aside simply

because a defendant fiduciary would prefer to have a case tried in its home district.

     State Street does not dispute that venue in this District is proper under ERISA's venue

provision, 29 U.S.C. § 1132(e)(2), in that Plans that were invested in the Bond Funds are

administered in this District, and also because a defendant may be found in this District.  The

fact that Prudential selected a forum where it is not resident should reduce, but does not eliminate, the deference given to its choice of forum. *See Sunshine Cellular v. Vanguard Cellular Sys.*, *Inc.*, 810 F. Supp. 486, 500 (S.D.N.Y. 1992); *Motown Record Corp. v. Mary Jane Girls, Inc.*, 660 F. Supp. 174, 175 (S.D.N.Y. 1987). In *Raffel v. Monarch Dental Corp.*, No. Civ. A99-4571 (RLB), 1999 WL 1212184, at *2 (E.D. Pa. Dec. 15, 1999), a plaintiff from Baltimore sued in the federal court in Philadelphia, two hours away, which was neither his home nor the place of the underlying events. The court recognized that Philadelphia was a "decidedly more convenient place for him to litigate" than the federal court in Dallas, the district where the defendant had its headquarters, and deference to that choice of forum was "the most important factor the Court considers" on a motion to transfer.

It makes sense to ignore a plaintiff's choice of a venue other than its place of residence if that choice reflects improper criteria for selection, such as forum-shopping. *See Iragorri v. United Techs. Corp*. 274 F.3d 65, 73 (2d Cir. 2001) (en banc); *Hershman*, 2007 WL 1217271, at *2; *Canale ex rel. Othmer v. Manco Power Sports*, *LLC*, No. 06 Civ. 6131 (PKL), 2007 WL 2406904, at *3 (S.D.N.Y. Aug. 20, 2007). That is not the situation here. Prudential chose a district that is conveniently situated between its offices in Hartford and Woodbridge, and near its parent company's base in Newark.

In contrast, State Street's effort to transfer the *Prudential* case should be viewed with some suspicion. State Street's decision to defend this case for several months, without mentioning the inconvenience of the venue, provides a convincing refutation of the argument that Prudential's venue choice would seriously inconvenience State Street. State Street first said it would seek a change of venue only after the January 4, 2008 scheduling conference, when the Court rejected its application to stay discovery and the parties discussed the merits of State

Street's proposed motion to dismiss.  The timing of State Street's motion to transfer is far more suggestive of forum-shopping than Prudential's choice of forum.

In arguing that Prudential's choice should be accorded minimal deference, State Street relies primarily on *Coker v. Bank of America*, 984 F. Supp. 757 (S.D.N.Y. 1997), and *Laborers Local 100 & 397 Pension Fund v. Bausch & Lomb Inc*., No. 06 Civ. 1942 (HB), 2006 WL 1524590 (S.D.N.Y. June 5, 2006).  Mem. at 17.  Neither decision supports State Street's position.  In *Coker*, a Nigerian resident sued a bank in this Court for wrongful payment in New Mexico of a forged check drawn on a New Mexico account, a claim governed by New Mexico law.  On the bank's motion to transfer to New Mexico, the court observed that the witnesses logically would be in New Mexico.  The plaintiff's only argument was that he would find it more convenient to fly from Nigeria to New York than to New Mexico.  In granting the motion, the court reasoned that the additional flight would not be a significant inconvenience.  984 F. Supp. at 765-66.

*Bausch & Lomb* involved five stockholder derivative and securities fraud class actions and one ERISA class action.  The court transferred these cases to the district where defendant was headquartered, consistent with the routine practice of transferring derivative and securities fraud class actions to the district of the issuer's headquarters.  2006 WL 1524590, at *6.  *See In re AtheroGenics Sec. Litig.*, No. 05 Civ 00061 (RJH), 2006 WL 851708 at *3 (S.D.N.Y. Mar. 31, 2006); *see also* Charles Wright, Arthur R. Miller & Edward H. Cooper, 15 *Federal Practice & Procedure: Jurisdiction 3d* § 3848, at 127.  Prudential's ERISA case does not fit either of these paradigms.[4]

---

[4]    Nor does Prudential's case fit the paradigm of *Cartier v. D & D. Jewelry Imps.,* 510 F. Supp. 2d 344 (S.D.N.Y. 2007) or *Butcher v. Gerber Products Co*., No. 98 Civ. 1819 (RWS), 1998 WL 437150 (S.D.N.Y. Aug. 3, 1998), the other cases State Street relies on for its argument

**B.    State Street Has Failed to Establish That
the District of Massachusetts Would Be
a Significantly More Convenient Forum.**

Courts are directed to decide Section 1404(a) motions on the basis of an "'individualized,
case-by-case consideration of convenience and fairness'." *Stewart Org., Inc. v. Ricoh Corp.*, 487
U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  The factors to be
weighed include (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the
availability of process to compel attendance of unwilling witnesses at trial, (4) access to sources
of proof, (5) the convenience of the parties, (6) the place where the operative facts occurred, (7)
the forum's familiarity with governing law, and (8) trial efficiency and the interests of justice.
*Linzer v. EMI Blackwood Music, Inc.*, 904 F. Supp. 207, 216 (S.D.N.Y. 1995) (collecting cases);
*accord Cavu Releasing,* 419 F. Supp. 2d at 394.

Lumping together all four cases that this Court has consolidated for pretrial purposes,
State Street does not present the factors relating to Prudential's case that would enable the Court
to make the "case-by-case determination" that a Section 1404(a) motion requires.  That approach
is improper, in light of the principle that these determinations are to be made on a case-by-case
basis.  When the factors set forth above are applied to Prudential's case, none of them compels a
change of venue.  Four factors – the place where the operative facts occurred, access to sources
of proof, the ability to compel unwilling witnesses to attend and familiarity with state law – are
entitled to virtually no weight here.  The convenience to the parties is essentially a wash.  While
the convenience of witnesses might be slightly greater if the case were tried in the District of

---

that the weight due Prudential's choice of forum is "significantly diminished."  Mem. at 17.
In *Cartier*, the only evidence of sale in New York of the product that allegedly infringed
Cartier's intellectual property was the result of an order placed by the Cartier legal
department.  *Butcher* was a class action alleging age discrimination in employment.

Massachusetts, Prudential's choice of forum, trial efficiency and the interests of justice all tilt the scale toward denial of State Street's motion.

### 1.    Plaintiff's Choice of Forum

Prudential brought its case in this District as a matter of convenience.  There is no suggestion that its selection involved improper forum-shopping.

### 2.    Convenience to Witnesses

The principal basis for State Street's motion is its contention that it will be more convenient for witnesses who live in the Boston area to testify at trial if all the consolidated cases are transferred to the District of Massachusetts.  A transfer might promote the overall convenience of witnesses very slightly.  But State Street's presentation, including its chart listing 27 current and former employees as "key witnesses" (Mem. at 11), grossly exaggerates the convenience of witnesses.

### a.    Deposition testimony

State Street says nothing about the depositions of the 27 witnesses that it lists.  The deposition process will not be affected by the grant or denial of State Street's motion to transfer.  These witnesses will be deposed, and their depositions probably will be conducted in locations that suit their convenience (or that of their counsel).  Schallert Dec. ¶ 21.  It is very likely that their depositions will be videotaped.  *Id.*

### b.    Prudential witnesses

State Street's discussion of the convenience of witnesses ignores the strong likelihood that there will be trial witnesses from Prudential, even though State Street has suggested that it will attempt to prove that Prudential breached its fiduciary duties to the Plans.  Dismissal Mem. at 4 n.2, 13.  Prudential employees also will provide important testimony about State Street's conduct, including its misrepresentations about the investment strategy of the Bond Funds, its

failure to notify Prudential or the Plans of its change in investment strategy, and its misleading disclosures and then its admissions in 2007. At this early stage, Prudential believes six of its current employees and consultants are likely trial witnesses. Schallert Dec. ¶ 19. These witnesses reside in Connecticut. *Id.* Prudential is unable to determine at this early stage whether video deposition testimony would suffice for any of these witnesses. *Id.* ¶ 20. A trial in this Court would be slightly more convenient for Prudential's likely witnesses, in light of their business travel to New York and the proximity of the facilities available at Prudential's Manhattan office and Prudential Financial's Newark location. Lewis Dec. ¶¶ 21, 22.

### c.   State Street witnesses

State Street appears to say that 15 of the 27 "key witnesses" shown on its chart are likely trial witnesses in the *Prudential* case: Marc Brown, Brian Burke, Joseph Dougherty, Mark Flinn, Paul Greff, Frank Gianatasio, James Hopkins, Sonya Hughes, Adele Kohler, Greg Mulready, Robert Pickett, Staci Reardon, Susan Reigel, Eric Saarinen and Michael Wands. Duggan Dec. ¶¶ 29, 32. This looks more like a list of deponents than a reasonable assessment of the State Street witnesses who are likely to be called to present material, non-cumulative trial testimony in the *Prudential* case. While Prudential cannot decide how State Street should try its case, Prudential's current estimate is that no more than ten current or former State Street employees are likely trial witnesses in the *Prudential* case: Messrs. Flinn, Greff, Hopkins, Mulready, Pickett, Wands, Ms. Reigel, Patrick Armstrong, Ting Li and Michael O'Hara. Schallert Dec. ¶ 22, 23.[5]

---

[5]   In its Rule 26(a)(1)(A) disclosure, State Street identified 20 current and former employees with discoverable information that it is likely to use in the *Prudential* case. Schallert Dec. Ex. J at 6-8. State Street now says that 13 of those 20 – about two thirds of everyone from State Street with discoverable information – are likely trial witnesses. It has added two likely trial witnesses who were not among those identified in its Rule 26(a)(1)(A) disclosures.

State Street has not tried to show that anyone on its overlong list of trial witnesses would be inconvenienced if the case were tried in this Court.  It says that all 15 of its trial witnesses reside in Massachusetts (Duggan Dec. ¶¶ 29, 32), but fails to explain whether or how any of those individuals would be inconvenienced by a short trip to New York via Amtrak, Delta, U.S. Airways or JetBlue shuttle, or car.  And, as noted above, there will be videotaped depositions of State Street's witnesses, taken at places of their convenience.

The convenience of non-party witnesses is accorded more weight than that of witnesses who are party employees, because an employer can compel its employees' attendance at trial without need for a subpoena.  *Aerotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 197 (S.D.N.Y. 2000); *Lesser ex rel. Lesser v. Camp Wildwood,* No. 01 Civ. 4209 (RWS), 2002 WL 1792039, at *5 (S.D.N.Y. Aug. 2, 2002); *accord Flowserve Corp. v. BMCE, Inc*., No. 05 Civ. 8075 (WHP), 2006 WL 2927176, at *3 (S.D.N.Y. Oct. 12, 2006).  While State Street vaguely asserts that the businesses of the current employers of Messrs. Dougherty, Mulready and Saarinen would be disrupted if their employees had to travel to New York rather than Boston to appear at the trial (Duggan Dec. ¶ 31), it does not assert inconvenience to any of them personally.  Nor does State Street provide any basis for the alleged inconvenience to their employers.  Moreover, even a showing that a non-party witness may not appear at trial does not support transferring a case where videotaped or deposition testimony is an available alternative to live testimony.  *See Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 561-62 (S.D.N.Y. 2000); *Am. Alliance Ins. Co. v. Sunbeam Corp*., No. 98 Civ. 4703 (LMM), 1999 WL 38183 at *7 (S.D.N.Y. Jan. 28 1999).  State Street has not identified a single witness for whom videotaped deposition testimony would be inadequate, or any witness unwilling or unable to attend a trial in New York whose live

trial testimony is so important that State Street would be prejudiced by the use of videotaped

testimony.

### d.    A realistic chart of likely trial witnesses

Prudential has prepared the following chart of what it views, at this point, as a realistic

assessment of the likely trial witnesses from both sides in the *Prudential* case:

| Witness | Position | Party/Non-party |
|---|---|---|
| **Residents of Connecticut** | | |
| Matthew Dingee | Senior Investment Analyst, Prudential | Party |
| Robert Frascona | Vice President of Investment Products, Prudential | Party |
| Amy Hatfield | Consultant, Investment Products Group, Prudential | Party |
| James Mallozzi | Senior Vice President, Institutional Solutions, Prudential | Party |
| Dean Molinaro | Vice President and Investment Strategist, Prudential | Party |
| George Palms, Jr. | Senior Vice President, Retirement Plan Strategies, Prudential | Party |
| **Place of Residence Unknown to Prudential** | | |
| Patrick Armstrong | Director of Investment Risk Management, State Street | Party |
| Ting Li | Risk Analyst, State Street | Unknown |
| Michael O'Hara | Former Director of Active U.S. Fixed Income, State Street | Non-party |
| **Residents of the Boston Area** | | |
| Mark Flinn | Relationship Manager (Prudential), State Street | Party |
| Paul Greff | Former Director of Fixed Income, State Street | Non-party |
| James Hopkins | Former Head of U.S. Fixed Income Product Engineering (Intermediate, Enhanced Intermediate, Daily Bond Market & Government Credit Bond Fund), State Street | Non-party |
| Greg Mulready | Former Relationship Manager (Prudential), State Street | Non-party |
| Robert Pickett | Former Portfolio Manager (Intermediate & Enhanced Intermediate Bond Fund), State Street | Non-party |
| Susan Reigel | Former Portfolio Manager (Daily Bond Market & Government Credit Bond Fund), State Street | Non-party |
| Michael Wands | Former Director of North American Fixed Income, State Street | Non-party |

State Street must show that the overall convenience of all likely trial witnesses in

Prudential's case – not only State Street's witnesses – would be enhanced if the case were tried

in the District of Massachusetts.  *E.g.*, *Lynch v. Nat'l Prescription Adm'rs*, No. 03 Civ. 1303

(GBD), 2004 WL 385156, at *3 (S.D.N.Y. Mar. 1, 2004).  Most if not all of these 16 likely trial

witnesses could testify by videotaped deposition if that is more convenient for them or for the

parties than having them attend the trial. It is true that, if each of these 16 witnesses were to appear at the trial, the total travel time for witnesses would be less for a trial in Massachusetts – assuming that, when that case is reached for trial, these witnesses still reside where they are now and have not moved to, say, New York to find employment. At the same time, this District provides a somewhat more convenient forum for Prudential's likely trial witnesses, many of whom make regular business trips to New York. Lewis Dec. ¶¶ 21, 22. State Street's assertion that the convenience of likely witnesses "tips one-sidedly in favor of transfer" (Mem. at 12) greatly overstates the convenience of witnesses. Both Prudential and State Street can try Prudential's case in either place without much inconvenience.

### 3. Compelling Unwilling Witnesses

The ability of another district court to compel attendance at trial supports a motion to transfer if the moving party shows that non-party witnesses may be unwilling to testify voluntarily. *See, e.g., Int'l Kosher Meat Processing Corp. v. PM Beef Group, LLC*, No. 04-CV-2092 (DLI) (RER), 2006 U.S. Dist. LEXIS 55003, at *10-*11 (E.D.N.Y. Aug. 8, 2006); *Carruthers v. Amtrak & Nat'l R.R. Passenger Corp.*, No. 95 Civ. 0369 (PKL), 1995 WL 378544, at *3 (S.D.N.Y. June 26, 1995). State Street makes only generalizations about the importance of the subpoena power of a proposed transferee court. Mem. at 8, 12. It does not name any non-party witness with non-cumulative testimony who is likely to be unwilling to testify at trial in this Court but would be compelled to do so in the District of Massachusetts – let alone show that a videotaped deposition of any such witness would not suffice.[6]

---

[6]    State Street failed in a prior case to show in support of a transfer motion that it would be unable to bring former employees to trial. *Sanders v. State Street Bank & Trust Co.*, 813 F. Supp. 529, 535 (S.D. Tex. 1993). It makes the same kind of inadequate showing here.

State Street does not mention where its former employees are employed, whether they are seeking or plan to seek employment in Boston (or elsewhere, like Wall Street), or whether State Street expects them to be unwilling witnesses. State Street also does not say whether any of its separated employees have entered into agreements that obligate them to cooperate with State Street's defense of lawsuits relating to the Bond Funds. State Street has disclosed publicly – but not to the Court – one such separation agreement with an individual identified in its initial disclosures under Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure. William Hunt, former President and Chief Executive Officer of the affiliate of State Street with responsibility for the Bond Funds, has agreed to cooperate with State Street in connection with litigation, including traveling as directed by State Street.[7] State Street may well have agreements with other former employees that impose similar obligations.[8]

### 4. Document Production

The fact that State Street's documents are located in Massachusetts (Mem. at 16) is of no consequence under Section 1404(a) in the absence of a showing that production would be more convenient if the case were transferred to the District of Massachusetts. *See, e.g., Student Advantage, Inc. v. Int'l Student Exch. Cards, Inc.,* No. 00 Civ. 1971 (AGS), 2000 WL 1290585, at *7 (S.D.N.Y. Sep. 13, 2000); *NBA Props., Inc. v. Salvino, Inc*., No. 99 Civ. 11799 (AGS), 2000 WL 323257, at *8 (S.D.N.Y. Mar. 27, 2000) (collecting cases). Indeed, State Street is silent about any inconvenience of document production. No matter where Prudential's case is

---

[7]    Mr. Hunt resigned on January 3, 2008. Schallert Dec. Ex. L. His separation agreement requires him to cooperate in connection with litigation with respect to matters arising during or related to his employment, and, on reasonable notice, to travel (at State Street's expense) to places specified by State Street. Schallert Dec. Ex. M at 7.

[8]    The applicable Securities and Exchange Commission rule requires disclosure of such agreements only with certain executive officers. 17 C.F.R. § 229.601(b)(10)(iii)(A).

litigated, State Street will almost certainly produce its documents electronically.  Schallert Dec. ¶ 17.  State Street concedes that "the documents underlying the funds' investments in asset-backed securities and related financial instruments will be relevant in each Related Action." Memorandum of Law in Support of Defendants' Motion for Transfer to the District of Massachusetts Pursuant to 28 U.S.C. § 1407 at 5.  The court in which Prudential's case is litigated and tried will not affect State Street's convenience in producing documents.  *See DLG Mortgage Capital, Inc. v. Cameron Fin. Group., Inc.*, No. 07 Civ. 3746 (LAP), 2007 WL 4325893, at *6 (S.D.N.Y. Dec. 4, 2007); *Cohn*, 2007 WL 1573874 at *5; *Aerotel, Ltd.*,100 F. Supp. 2d at 197.

Even if the location of documents were relevant, this factor would not support State Street's motion.  State Street ignores its own extremely broad document requests to Prudential. Schallert Dec. Ex. P.  Prudential has collected and processed in Newark, where its document review and production capability is located, tens of thousands of potentially relevant documents, including hard copy documents running to over 9,000 pages.  Lewis Dec. ¶ 25.

### 5.    Convenience of the Parties

State Street says nothing about this District being inconvenient to it, other than to reiterate that its witnesses and documents are in Boston.  Mem. at 14-16.  State Street does not identify any instance in which the travel of a witness to trial in this District would disrupt its business.  Insofar as State Street's witnesses are former employees who did not survive the fallout from the crash of the Bond Funds (Schallert Dec. Ex. K), their travel to testify at a trial in this District could not disrupt State Street's business.  State Street's delay of several months before indicating that it would move to transfer Prudential's action, and its stated intention throughout that period to litigate in this District, confirms that the inconvenience to State Street of proceeding with Prudential's case in this District is less than overwhelming.

Litigating and trying its case in this District would be slightly more convenient to Prudential since its business could be disrupted by the need to move its live witnesses and one or more company representatives to Boston for trial. Lewis Dec. ¶ 23. That is one reason why Prudential selected this forum. A Section 1404(a) motion to transfer should not be granted if the transfer will merely shift the burden of inconvenience from one party to the other. *See, e.g., Orb Factory, Ltd. v. Design Sci. Toys, Ltd.*, 6 F. Supp. 2d 203, 209 (S.D.N.Y. 1998); *Schieffelin & Co. v. Jack Co. of Boca, Inc*. 725 F. Supp. 1314, 1322 (S.D.N.Y. 1989).

### 6.    Locus of Operative Facts

State Street asserts that the locus of operative facts favors transfer because it made decisions and representations about the Bond Funds in Massachusetts. Mem. at 12-13. To the extent that State Street made decisions and representations about the funds it managed in its home district, it is in the same position as the typical ERISA defendant alleged to have breached its fiduciary duties. According significant weight to the locus of operative facts in a motion to transfer this type of case would be inconsistent with the policy favoring an ERISA plaintiffs' choice of forum. State Street does not try to explain how the fact that its conduct in Massachusetts will be at issue would make it more convenient to litigate and try this case in the District of Massachusetts.

Moreover, State Street inaccurately portrays Massachusetts as the sole locus of the operative facts. In the *Prudential* case, there is a second set of those loci in Hartford and Woodbridge, where Prudential made decisions regarding the Bond Funds, prepared and then initiated the communications to the Plans that State Street is attacking, and developed and implemented in late 2007 a process for advancing monies to the separate accounts. Lewis Dec. ¶¶ 13-16.

20

#### 7.    State Law

State Street tries to support its motion by contending that the court hearing this case may need to apply unidentified aspects of Massachusetts law.  Mem. at 13-14.  Prudential's ERISA claims are governed by federal law, not state law.  When the federal courts look to common law in ERISA cases, they apply "'federal common law of rights and obligations under ERISA-regulated plans'" recognizing that "the law of trusts often will inform, but will not necessarily determine the outcome of, an effort to interpret ERISA's fiduciary duties."  *Varity Corp. v. Howe*, 516 U.S. 489, 497 (1996) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 110 (1989)); *accord Gibbs ex rel. Estate of Gibbs v. CIGNA Corp.*, 440 F.3d 571, 578-79 (2d Cir. 2006) ("An ERISA-regulated plan is construed in accordance with federal common law. *Critchlow v. First UNUM Life Ins. Co. of Am.*, 378 F.3d 246, 255-56 (2d Cir. 2004). '[U]nambiguous language in an ERISA plan must be interpreted and enforced in accordance with its plain meaning'." (quoting *Aramony v. United Way Replacement Benefit Plan*, 191 F.3d 140, 149 (2d Cir. 1999))).  *See, e.g.*, *Krishna v. Colgate Palmolive Co.*, 7 F.3d. 11, 14-15 (2d Cir. 1993).  While courts developing federal common law look to state trust law insofar as that law is not inconsistent with Congressional policy, *Critchlow*, 378 F.3d. at 256, a federal court developing federal common law is not bound by or limited to the common law of the state in which it is located.  *Teamsters Pension Trust Fund of Phila. Vicinity v. Littlejohn*, 155 F.3d. 206, 209 (3d Cir. 1998).

Although state contract law may govern the interpretation of agreements in ERISA cases if such agreements are ambiguous,[9] the mere fact that agreements entered into by State Street are

---

[9]    State Street cites *Dardaganis v. Grace Capital Inc*., 889 F.2d 1237 (2d Cir. 1989), in support of its argument that state contract law is not displaced in ERISA cases.  Mem at 14.  In *Dardaganis* the Second Circuit held that New York contract law did not provide a defense to an ERISA claim because the relevant investment guidelines for the plan were clear and

governed by Massachusetts law (Mem. at 14) does not support State Street's transfer motion.

For this factor to be given weight, State Street must demonstrate that this case will present

complex, unsettled or difficult questions of Massachusetts law.  *See Mktg./Trademark*

*Consultants, Inc. v. Caterpillar, Inc.*, No. 98 Civ. 2570 (AGS), 1998 WL 474074, at *2

(S.D.N.Y. Aug. 10, 1998); *Nat'l Patent Dev. Corp. v. Am. Hosp. Supply Corp.*, 616 F. Supp. 114,

119 (S.D.N.Y. 1984).  State Street does not try to show that any issue of Massachusetts law will

arise, let alone a novel or difficult issue better addressed by a federal judge sitting in

Massachusetts.

### 8.    The Interest of Justice

Section 1404(a) permits transfers when they are "in the interest of justice."  Fairness and

justice would be served by having Prudential's action proceed in this District, pursuant to the

scheduling order that the parties negotiated and the Court approved, beginning with the

document requests that both sides have served and the Court's consideration of State Street's

motion to dismiss.  It would not promote the interest of justice to start Prudential's case over in a

new court for a slight potential gain in overall convenience.

State Street makes two arguments based on "the interest of justice."  Mem. at 18-21.

First, it says that transferring this case would be beneficial because the District of Massachusetts

is less busy, according to the U.S. Federal Court Management Statistics.  *Id.* at 18-19.  Second, it

asserts that justice would be served by having this case in the same court as the three class

actions brought against it, as well as the *Memorial Hermann* case pending in the Southern

---

applying the state law defense would frustrate important policies underlying ERISA's
broadly preemptive statutory scheme.  The Second Circuit simply noted that it did not
understand the District Court's opinion to state that ERISA displaces all of state contract law
with respect to interpreting ERISA plan documents.

District of Texas.  Neither purported "interest of justice" has substance.  *Id.* at 20-21.[10]

The statistics cited by State Street (Mem. at 19) do not suggest that the case will be resolved more efficiently or expeditiously if it is transferred.  While there are fewer civil cases filed in the District of Massachusetts than in this Court, that difference is not reflected in longer median disposition times.[11]  In the twelve months ending September 30, 2007, the median time from filing to disposition of civil cases was less in the District of Massachusetts (8.4 months) than in this District (9.8 months), for the first time in six years.  But the median time from filing to trial in civil cases was over 30% longer in the District of Massachusetts, 33.5 months compared to 25.6 months.  U.S. Federal Court Management Statistics, *available at* http://www.uscourts.gov/cgi-bin/cmsd2007.pl (last visited Mar. 7, 2008).  Since the statistics that State Street relies on do not suggest that a transfer to the District of Massachusetts would expedite the disposition of this case, the difference in docket sizes should be given minimal weight.  *See In re Hanger Orthopedic Group, Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 171 (E.D.N.Y. 2006).

State Street does not say, and cannot credibly say, that a transfer to the District of Massachusetts is likely to advance the resolution *of this case*.  This Court has entered a

---

[10]  State Street observes that its motion is being made at an early stage of this action.  Mem. at 19.  While Prudential does not contend that State Street's motion should be denied because it is being made too late, the timing of State Street's change in its position on where it wants to litigate Prudential's case does suggest that it is motivated by factors other than its convenience.  *See* pages 10-11, *supra.*

[11]  State Street presents a misleading picture of the number of cases filed and pending per judge in the District of Massachusetts and the Southern District of New York.  The U.S. Federal Court Management statistics cited by State Street (Mem. at 19) do not take into account the impact of senior judges on caseload per judge.  *In re Hanger Orthopedic Group, Inc. Sec. Litig.*, 418 F. Supp. 2d at 171 n.4.  The District of Massachusetts has two senior judges.  This District has 17.  *Federal-State Court Directory* 59, 76-77 (Barbara Rogers ed., CQ Press 2008 ed.).

scheduling order that should have this case ready for trial less than 18 months from now (if it has

not been resolved before that time), and has told the parties that, absent extenuating

circumstances, they should not anticipate that the schedule will be extended.  Schallert Dec.

Ex. H at 3.  State Street does not suggest that the *Prudential* case would proceed more quickly,

or even that this schedule could be maintained, if it were transferred to the District of

Massachusetts.  The fact that transfer will not hasten and may delay the resolution of the case –

not statistics on average docket sizes – should control any consideration of the "interest of

justice" under Section 1404(a).

State Street's argument that consolidating in the District of Massachusetts five pending

cases arising out of its management of the Bond Funds will "avoid[] duplicative litigation as well

as the possibility of inconsistent outcomes" (Mem. at 19-20) fails for two reasons.  In the first

place, none of these cases is pending in that district.  There are two districts in which these cases

are pending: this District and the Southern District of Texas.  If State Street's goal was to ensure

the avoidance of duplication, it would have moved under Section 1404(a) to transfer *Memorial*

*Hermann* and *Houston Police Officers* to this Court.  Such a motion would find support in the

cases cited by State Street – which refer to the advantage of transferring a case to another district

for consolidation with related cases that are already pending there.  *See Columbia Pictures*

*Indus., Inc. v. Fung*, 447 F. Supp. 2d 306, 309 (S.D.N.Y. 2006); *In re AtheroGenics Sec. Litig.*,

2006 WL 851708, at *3.[12]  If State Street had done that, the granting of its motion could have

advanced the "interest of justice" in which State Street purports to be interested.

---

[12]    State Street cites *In re AtheroGenics* as presenting a situation in which a voluntarily
dismissed case in the proposed transferee forum is "pending" for purposes of deciding a
motion to transfer.  Mem. at 20 n.10.  *In re AtheroGenics* was a securities fraud class action.
In such cases, transfers to the issuer's home district are "routine."  2006 WL 851708, at *3.
This Court's analysis of judicial economy in Prudential's case should not be affected by the
fact that the *Nashua Corp.* case was originally filed in Massachusetts.

Second, following the Southern District of Texas's denial on February 25, 2008 of State Street's Section 1404(a) motion to transfer the *Memorial Hermann* case to the District of Massachusetts, granting State Street's motion in this case cannot avoid any duplication of effort or inconsistent outcomes.  At this point, State Street's motion has nothing to do with the interest of justice.  It has to do only with State Street's effort to require ERISA claims against it to be pursued in its home district.[13]

## Conclusion

For the foregoing reasons, State Street's motion to transfer venue should be denied, and Prudential's case should proceed to trial in this Court.

Dated:  New York, New York
        March 10, 2008

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP

Of Counsel:

By: /s/ Edwin G. Schallert

Steven Klugman
Joanna E. Davidson (Law Clerk)

Edwin G. Schallert

919 Third Avenue
New York, New York 10022
(212) 909-6000
egschallert@debevoise.com

Attorneys for Plaintiff Prudential
Retirement Insurance and Annuity Company

---

[13] Four days after State Street's Section 1404(a) motion in the *Memorial Hermann* case was denied, State Street moved the Judicial Panel on Multidistrict Litigation to transfer all six of the cases brought against it to Massachusetts for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407.  Again ignoring the deference that courts give to venue selections by ERISA plaintiffs, State Street says that all the ERISA claimants should be compelled to litigate in its home district.

25

**APPENDIX A**

# Federal–State Court Directory

**Federal Judges ★ Clerks of Court
★ Federal Court Web Sites**

## 2008 EDITION



CQ PRESS

**A Division of Congressional Quarterly Inc.
Washington, D.C.**

Federal–State Court Directory
2008 Edition

*Editor:* Robert S. Want

*Managing Editor:* Barbara M. Rogers
*Assistant Managing Editor and Editor, Judicial Staff Directory:* Claudia Driggins-Henley
*Assistant Managing Editor and Editor, Media Contact Directory:* Anne M. Charboneau
*Editor, Congressional Staff Directory:* Joel D. Treese
*Editor, Federal Staff Directory:* Penny E. Perry
*Assistant Editors:* Donald R. Sumner, Erin Friel
*Editorial Assistants:* Bertha Brevard, Cynthia Ritter, Katrina R. Denning
*Production:* Paul P. Pressau, Dot Dixon
*Circulation Manager:* Angie Anderson
*Sales Manager:* Robert Licitra
*Account Managers:* Thomas Trapasso

## CQ Press

John A. Jenkins, *Senior Vice President and Publisher*
Ron Lippock, *Director, Government and Professional Publishing*
Ann Davies, *Director, Editorial Operations*
Brenda Carter, *Director, College Publishing*
Jennifer Ryan, *Director, Electronic Product Development*
Alix Buffon Vance, *Director, Library Reference Publishing*

Robert W. Merry
*President and Editor in Chief, Congressional Quarterly Inc.*

Copyright © 2007 by CQ Press, a division of Congressional Quarterly
ISBN 978-0-87289-387-0

Although some of the material in the 2008 *Federal-State Court Directory* is available elsewhere in one form or another, it is available nowhere else as arranged here. It is especially the organization and presentation of these facts in a format designed to offer both speed and ease of reference that is original with this book. The collection, compilation, and verification of information have been done carefully and represent a significant employment of staff time and resources

All rights reserved. No part of this publication may be reproduced or transmitted in any form or by any means, electronic or mechanical, including photocopy, recording, or any information storage and retrieval system, without prior permission in writing from the publisher.

⊗ The paper used in this publication exceeds the requirements of the American National Standard for Information Sciences—Permanence of Paper for Printed Library Materials, ANSI Z39.48-1992.

CQ Press
A Division of Congressional Quarterly Inc.
1255 22nd St , N.W., Washington, D.C. 20037-1217
Customer Service phone: 1-866-427-7737 (toll free)
Customer Service fax: 1-800-380-3810 (toll free)
Editorial phone: 202-729-1869
CSD on the Web: http://csd.cq.com
CQ Press: http://www.cqpress.com

## District of Massachusetts (1st Circuit)

**District Court Judges:**
Mark L. Wolf (4/4/85)
  Chief Judge
  Moakley U.S. Courthouse
  1 Courthouse Way
  Boston, MA  02210
  (617) 748-9272
Joseph L. Tauro (10/17/72)
  Moakley U.S. Courthouse
  1 Courthouse Way
  Boston, MA  02210
  (617) 748-9288
Rya W. Zobel (3/23/79)
  U.S. Courthouse
  1 Courthouse Way
  Boston, MA  02210
  (617) 748-9145
William G. Young (4/4/85)
  Moakley U.S. Courthouse
  1 Courthouse Way
  Boston, MA  02210
  (617) 748-4150
Douglas P. Woodlock (6/16/86)
  Moakley U.S. Courthouse
  1 Courthouse Way
  Boston, MA  02210
  (617) 748-9293
Nathaniel M. Gorton (9/24/92)
  Moakley U.S. Courthouse
  1 Courthouse Way
  Boston, MA  02210
  (617) 748-9248
Richard G. Stearns (11/24/93)
  Moakley U.S. Courthouse
  1 Courthouse Way
  Boston, MA  02210
  (617) 748-9283
Reginald C. Lindsay (11/24/93)
  Moakley U.S. Courthouse
  1 Courthouse Way
  Boston, MA  02210
  (617) 748-4137
Patti B. Saris (11/24/93)
  Moakley U.S. Courthouse
  1 Courthouse Way
  Boston, MA  02210
  (617) 748-4141
Michael A. Ponsor (2/14/94)
  Federal Bldg. & Courthouse
  1550 Main St., Rm. 539
  Springfield, MA  01103-1422
  (413) 785-0217
Nancy Gertner (2/14/94)
  Moakley U.S. Courthouse
  1 Courthouse Way
  Boston, MA  02210
  (617) 748-4119
George A. O'Toole Jr. (5/26/95)
  Moakley U.S. Courthouse
  1 Courthouse Way
  Boston, MA  02210
  (617) 748-9618

F. Dennis Saylor IV (6/2/04)
  Donohue Federal Bldg.
  595 Main St.
  Worcester, MA  01608-2076
  (508) 929-9909

**Senior Judges:**
Morris E. Lasker
  Moakley U.S. Courthouse
  1 Courthouse Way
  Boston, MA  02210
  (617) 748-4134
Edward F. Harrington
  Moakley U.S. Courthouse
  1 Courthouse Way
  Boston, MA  02210
  (617) 748-4131

**Clerk:**
Sarah Allison Thornton
  Moakley U.S. Courthouse
  1 Courthouse Way, Suite 2300
  Boston, MA  02210
  (617) 748-9152 (general info)
  (617) 748-9165 (clerk's office)
  FAX: (617) 748-9096
  Federal Bldg. & CtHse
  1550 Main St.
  Springfield, MA  01103-1422
  (413) 785-0015 (general info)
  (413) 785-0214 (clerk's office)
  FAX: (413) 785-0204
  502 Donohue Federal Bldg.
  595 Main St.
  Worcester, MA  01608-2076
  (508) 929-9900
  FAX: (508) 929-9908

**Court Website**
www.mad.uscourts.gov

**U.S. Attorney:**
Michael J. Sullivan
  Moakley U.S. Courthouse
  1 Courthouse Way, Suite 9200
  Boston, MA  02210
  (617) 748-3100/FAX: 748-3953
  310 Federal Bldg.
  1550 Main St.
  Springfield, MA  01103
  (413) 785-0235/FAX: 785-0394
  206 Donohue Federal Bldg.
  595 Main St.
  Worcester, MA  01608
  (508) 793-0450/FAX: 793-0446
**U.S. Attorney Website**
www.usdoj.gov/usao

**U.S. Magistrate Judges:**
Kenneth P. Neiman, Chief
  1550 Main St., Rm. 512
  Springfield, MA  01103
  (413) 785-0356
Marianne B. Bowler
  Moakley U.S. Courthouse
  1 Courthouse Way

Boston, MA  02210
  (617) 748-4168
Robert B. Collings
  Moakley U.S. Courthouse
  1 Courthouse Way
  Boston, MA  02210
  (617) 748-9229

Joyce London Alexander
  Moakley U.S. Courthouse
  1 Courthouse Way
  Boston, MA  02210
  (617) 748-9236
Judith Gail Dein
  Moakley U.S. Courthouse
  1 Courthouse Way
  Boston, MA  02210
  (617) 748-4736

Leo Sorokin
  Moakley U.S. Courthouse
  1 Courthouse Way
  Boston, MA  02210
  (617) 748-9224
Timothy S. Hillman
  Donohue Fed. Bldg.
  595 Main St.
  Worcester, MA  01608-2076
  (508) 929-9916

**U.S. Bankruptcy Judges:**
Henry J. Boroff, Chief Judge
  211 Donohue Fed. Bldg.
  595 Main St.
  Worcester, MA  01608-2076
  (508) 770-8940
  FAX: (508) 770-8958
Joan N. Feeney
  1101 O'Neill Federal Bldg.
  10 Causeway St.
  Boston, MA  02222-1074
  (617) 565-6049
  FAX: (617) 565-6651
William C. Hillman
  O'Neill Federal Bldg.
  10 Causeway St.
  Boston, MA  02222-1074
  (617) 565-6097
  FAX: (617) 565-6652
Joel B. Rosenthal
  211 Donohue Fed. Bldg.
  595 Main St., 3rd Fl.
  Worcester, MA  01608-2076
  (508) 770-8901
  FAX: (508) 793-0189

Robert Somma
  O'Neill Federal Bldg.
  10 Causeway St.
  Boston, MA  02222-1074
  (617) 565-6066
  FAX: (617) 565-6650

76                                              U.S. DISTRICT COURTS

**E. D. of New York - Cont.**

**Chief Pretrial Services Officer:**
Cynthia Lawyer
225 Cadman Plaza East
Brooklyn, NY 11201
(718) 613-2678

**Community Defender
Organization:**
Peter Kirchheimer
Attorney-in-Charge
Federal Defenders of New York
16 Court St.
Brooklyn, NY 11241
(718) 330-1200
Randi Chavis
Federal Defenders of New York
460 Federal Plaza
Central Islip, NY 11722
(631) 712-6500

# Southern District of New York (2nd Circuit)

**District Court Judges:**
Kimba M. Wood (4/20/88)
Chief Judge
500 Pearl St.
New York, NY 10007-1312
(212) 805-0258
Kevin Thomas Duffy (10/17/72)
U.S. Courthouse, Foley Sq.
New York, NY 10007-1581
(212) 805-6125
Loretta A. Preska (9/18/92)
500 Pearl St.
New York, NY 10007-1312
(212) 805-0240
Deborah A. Batts (6/23/94)
500 Pearl St.
New York, NY 10007-1312
(212) 805-0186
Denise Cote (8/11/94)
500 Pearl St.
New York, NY 10007-1312
(212) 805-0202
Lewis A. Kaplan (8/22/94)
500 Pearl St.
New York, NY 10007-1312
(212) 805-0216
John G. Koeltl (9/9/94)
500 Pearl St.
New York, NY 10007-1312
(212) 805-0222
Denny Chin (9/13/94)
500 Pearl St.
New York, NY 10007-1312
(212) 805-0200
Shira Ann Scheindlin (11/14/94)
500 Pearl St.

New York, NY 10007-1312
(212) 805-0246
Sidney H. Stein (5/19/95)
500 Pearl St.
New York, NY 10007-1312
(212) 805-0192
Barbara S. Jones (1/22/96)
U.S. Courthouse, Foley Sq.
New York, NY 10007-1581
(212) 805-6185
Jed S. Rakoff (3/1/96)
500 Pearl St.
New York, NY 10007-1312
(212) 805-0401
Colleen McMahon (10/26/98)
500 Pearl St.
New York, NY 10007-1312
(212) 805-6325
U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601
(914) 390-4146
William H. Pauley III (10/28/98)
500 Pearl St.
New York, NY 10007-1312
(212) 805-6387
Richard M. Berman (11/23/98)
U.S. Courthouse, Foley Sq.
New York, NY 10007-1581
(212) 805-6715
Alvin K. Hellerstein (11/30/98)
500 Pearl St.
New York, NY 10007-1312
(212) 805-0152
Naomi Reice Buchwald
(9/24/99)
500 Pearl St.
New York, NY 10007-1312
(212) 805-0194
Victor Marrero (12/1/99)
U.S. Courthouse, Foley Sq.
New York, NY 10007-1581
(212) 805-6374
George B. Daniels (4/17/00)
U.S. Courthouse, Foley Sq.
New York, NY 10007-1581
(212) 805-6735
Gerard E. Lynch (8/31/00)
U.S. Courthouse, Foley Sq.
New York, NY 10007-1581
(212) 805-0427
Laura Taylor Swain (8/31/00)
U.S. Courthouse, Foley Sq.
New York, NY 10007-1581
(212) 805-0417
Stephen C. Robinson (9/24/03)
U.S. Courthouse
300 Quarropas St., Rm. 633
White Plains, NY 10601-4150
(914) 390-4177
P. Kevin Castel (11/4/03)
500 Pearl St.
New York, NY 10007-1312
(212) 805-0262
Richard J. Holwell (11/4/03)
500 Pearl St.

New York, NY 10007-1312
(212) 805-0256
Kenneth M. Karas (9/7/04)
Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312
(212) 805-0274
Paul A. Crotty (8/1/05)
Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312
(212) 805-6309
Richard Sullivan
*Confirmed 6/28/07*

**Senior Judges:**
Robert L. Carter
500 Pearl St.
New York, NY 10007-1312
(212) 805-0196/0197
William C. Conner
300 Quarropas St.
White Plains, NY 10601
(914) 390-4166
Richard Owen
U.S. Courthouse, Foley Sq.
New York, NY 10007-1581
(212) 805-6155
Robert W. Sweet
500 Pearl St.
New York, NY 10007-1312
(212) 805-0254/0255
Leonard B. Sand
500 Pearl St.
New York, NY 10007-1312
(212) 805-0244/0245
Shirley Wohl Kram
U.S. Courthouse, Foley Sq.
New York, NY 10007-1581
(212) 805-6315
Charles S. Haight, Jr.
500 Pearl St.
New York, NY 10007-1312
(212) 805-0214/0215
Louis L. Stanton
500 Pearl St.
New York, NY 10007-1312
(212) 805-0252/0253
John F. Keenan
500 Pearl St.
New York, NY 10007-1312
(212) 805-0220/0221
Peter K. Leisure
500 Pearl St.
New York, NY 10007-1312
(212) 805-0226/0227
Miriam G. Cedarbaum
500 Pearl St.
New York, NY 10007-1312
(212) 805-0198/0199
Robert Patterson, Jr.
500 Pearl St.
New York, NY 10007-1312
(212) 805-0238/0239

## S. D. of New York - Cont.

Thomas P. Griesa
  500 Pearl St.
  New York, NY 10007-1312
  (212) 805-0210/0211
John E. Sprizzo
  U.S. Courthouse, Foley Sq.
  New York, NY 10007-1581
  (212) 805-6135
Lawrence M. McKenna
  500 Pearl St.
  New York, NY 10007-1312
  (212) 805-0230/0231
Harold Baer Jr.
  500 Pearl St.
  New York, NY 10007-1312
  (212) 805-0184
Charles L. Brieant Jr.
  500 Pearl St.
  New York, NY 10007-1312
  (212) 805-0190
  300 Quarropas St.
  White Plains, NY 10601
  (914) 390-4077

**District Executive:**
Clifford P. Kirsch
  500 Pearl St.
  New York, NY 10007-1312
  (212) 805-0500

**Clerk:**
J. Michael McMahon
  Moynihan U.S. Courthouse
  500 Pearl St.
  New York, NY 10007-1312
  (212) 805-0136
  U.S. Courthouse, Foley Sq.
  40 Centre St.
  New York, NY 10007-1581
  (212) 805-0136
  U.S. Courthouse
  300 Quarropas St., 1st Fl.
  White Plains, NY 10601-4150
  (914) 390-4100

**Court Website**
www.nysd.uscourts.gov

**U.S. Attorney:**
Michael J. Garcia
  One St. Andrew's Plaza
  New York, NY 10007
  (212) 637-2200
  (718) 422-5300
  FAX: (212) 637-2611
  300 Quarropas St., 3rd Fl.
  White Plains, NY 10601
  (914) 993-1907/FAX: 993-3392
**U.S. Attorney Website**
www.usdoj.gov/usao

**U.S. Magistrate Judges:**
Lisa Margaret Smith, Chief
  U.S. Courthouse

  300 Quarropas St.
  White Plains, NY 10601
  (914) 390-4130
Andrew J. Peck
  500 Pearl St.
  New York, NY 10007-1312
  (212) 805-0036
Ronald L. Ellis
  500 Pearl St.
  New York, NY 10007-1312
  (212) 805-0242
Michael H. Dolinger
  500 Pearl St.
  New York, NY 10007-1312
  (212) 805-0204/0205
James C. Francis IV
  500 Pearl St.
  New York, NY 10007-1312
  (212) 805-0206/0207
Theodore H. Katz
  500 Pearl St.
  New York, NY 10007-1312
  (212) 805-0218/0219

Douglas F. Eaton
  500 Pearl St.
  New York, NY 10007-1312
  (212) 805-6175
Henry B. Pitman
  500 Pearl St.
  New York, NY 10007-1312
  (212) 805-6105
George A. Yanthis
  U.S. Courthouse
  300 Quarropas St.
  White Plains, NY 10601-4150
  (914) 390-4088
Kevin N. Fox
  U.S. Courthouse, Foley Sq.
  New York, NY 10007-1581
  (212) 805-6705
Frank Maas
  500 Pearl St.
  New York, NY 10007-1312
  (212) 805-6727
Gabriel W. Gorenstein
  U.S. Courthouse, Foley Sq.
  New York, NY 10007-1581
  (212) 805-4260
Debra Freeman
  U.S. Courthouse, Foley Sq.
  New York, NY 10007-1581
  (212) 805-4250

**U.S. Magistrates, Part-time**
Mark D. Fox (part-time)
  U.S. Courthouse
  300 Quarropas St.
  White Plains, NY 10601
  (914) 390-4124
Martin R. Goldberg (part-time)
  33 Fulton Plaza, Ste. 216
  P.O. Box 2083
  Middletown, NY 10940
  (845) 343-5131

**U.S. Bankruptcy Judges:**
Stuart M. Bernstein, Chief
  Hamilton U.S. Custom House
  1 Bowling Green, 7th Fl.
  New York, NY 10004-1408
  (212) 668-2304
Prudence Carter Beatty
  Hamilton U.S. Custom House
  1 Bowling Green, 7th Fl.
  New York, NY 10004-1408
  (212) 668-5637
Adlai S. Hardin Jr.
  U.S. Courthouse
  300 Quarropas St., 2nd Fl.
  White Plains, NY 10601
  (914) 390-4155
Arthur J. Gonzalez
  Hamilton U.S. Custom House
  1 Bowling Green, 5th Fl.
  New York, NY 10004-1408
  (212) 668-2894
Burton R. Lifland (recalled)
  Hamilton U.S. Custom House
  1 Bowling Green, 6th Fl.
  New York, NY 10004-1408
  (212) 668-5663
Cecelia G. Morris
  176 Church St.
  Poughkeepsie, NY 12601
  (845) 452-4200
Robert E. Gerber
  Hamilton U.S. Custom House
  1 Bowling Green, 6th Fl.
  New York, NY 10004-1408
  (212) 668-5660
Allan L. Gropper
  Hamilton U.S. Custom House
  1 Bowling Green, 5th Fl.
  New York, NY 10004-1408
  (212) 668-5629
Robert D. Drain
  Hamilton U.S. Custom House
  1 Bowling Green, 6th Fl.
  New York, NY 10004-1408
  (212) 668-2301
James M. Peck
  Hamilton U.S. Custom House
  1 Bowling Green, 6th Fl.
  New York, NY 10004-1408
  (212) 668-5632
Martin Glenn
  Hamilton U.S. Custom House
  1 Bowling Green, 6th Fl.
  New York, NY 10004-1408
  (212) 284-4551

*U.S. Bankruptcy Court Clerk
on Next Page*

**APPENDIX B**

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **MASSACHUSETTS** | | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | Numerical Standing | |
| | | | | | | | | | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 3,712 | 3,591 | 3,768 | 3,819 | 3,720 | 3,765 | U.S. | Circuit |
| | Terminations | | 3,880 | 3,954 | 3,669 | 3,683 | 3,513 | 3,565 | | |
| | Pending | | 3,968 | 4,567 | 4,810 | 4,496 | 4,416 | 4,300 | | |
| | % Change in Total Filings | Over Last Year | | 3.4 | | | | | 29 | 2 |
| | | Over Earlier Years | | | -1.5 | -2.8 | -.2 | -1.4 | 39 | 1 |
| Number of Judgeships | | | 13 | 13 | 13 | 13 | 13 | 13 | | |
| Vacant Judgeship Months** | | | .0 | .0 | .0 | 8.0 | 7.0 | .0 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 286 | 276 | 291 | 294 | 285 | 289 | 79 | 1 |
| | | Civil | 241 | 237 | 252 | 255 | 246 | 243 | 68 | 1 |
| | | Criminal Felony | 29 | 26 | 29 | 27 | 31 | 38 | 91 | 5 |
| | | Supervised Release Hearings** | 16 | 13 | 10 | 12 | 8 | 8 | 69 | 3 |
| | Pending Cases | | 305 | 351 | 370 | 346 | 340 | 331 | 69 | 2 |
| | Weighted Filings** | | 313 | 306 | 348 | 349 | 344 | 354 | 78 | 2 |
| | Terminations | | 298 | 304 | 282 | 283 | 270 | 274 | 78 | 1 |
| | Trials Completed | | 18 | 18 | 17 | 17 | 15 | 15 | 55 | 2 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 19.3 | 18.4 | 17.2 | 14.9 | 14.3 | 13.4 | 94 | 5 |
| | | Civil** | 8.4 | 9.0 | 10.7 | 9.4 | 10.7 | 11.5 | 37 | 4 |
| | From Filing to Trial** (Civil Only) | | 33.5 | 28.0 | 31.0 | 31.7 | 28.5 | 25.5 | 70 | 3 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 179 | 577 | 318 | 215 | 198 | 229 | | |
| | | Percentage | 5.6 | 15.3 | 7.9 | 5.7 | 5.4 | 6.3 | 59 | 3 |
| | Average Number of Felony Defendants Filed Per Case | | 1.4 | 1.5 | 1.8 | 1.5 | 1.4 | 1.6 | | |
| | Jurors | Avg. Present for Jury Selection | 46.11 | 48.15 | 44.33 | 47.60 | 49.14 | 46.26 | | |
| | | Percent Not Selected or Challenged | 27.4 | 27.6 | 20.3 | 27.5 | 33.4 | 23.2 | | |

| 2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 3131 | 76 | 162 | 519 | 52 | 35 | 245 | 449 | 367 | 220 | 375 | 18 | 613 |
| Criminal* | 362 | 1 | 133 | 30 | 47 | 88 | 14 | 16 | 8 | 7 | 5 | 3 | 10 |

\*  Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **NEW YORK SOUTHERN** | | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | Numerical Standing | |
| | | | | | | | | | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 17,699 | 12,201 | 12,945 | 12,422 | 12,321 | 13,937 | | |
| | Terminations | | 12,418 | 11,339 | 11,346 | 11,471 | 10,780 | 12,618 | | |
| | Pending | | 24,791 | 20,047 | 19,302 | 17,638 | 17,275 | 16,198 | | |
| | % Change in Total Filings | Over Last Year | | 45.1 | | | | | 4 | 1 |
| | | Over Earlier Years | | | 36.7 | 42.5 | 43.6 | 27.0 | 5 | 1 |
| | Number of Judgeships | | 28 | 28 | 28 | 28 | 28 | 28 | | |
| | Vacant Judgeship Months** | | 19.1 | 2.0 | 6.3 | 8.8 | 33.3 | 15.8 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 632 | 435 | 462 | 444 | 441 | 498 | 10 | 1 |
| | | Civil | 576 | 385 | 409 | 388 | 381 | 441 | 7 | 1 |
| | | Criminal Felony | 35 | 34 | 40 | 44 | 47 | 48 | 83 | 5 |
| | | Supervised Release Hearings** | 21 | 16 | 13 | 12 | 13 | 9 | 52 | 4 |
| | Pending Cases | | 885 | 716 | 689 | 630 | 617 | 579 | 6 | 1 |
| | Weighted Filings** | | 664 | 501 | 551 | 527 | 513 | 539 | 6 | 1 |
| | Terminations | | 444 | 405 | 405 | 410 | 385 | 451 | 42 | 3 |
| | Trials Completed | | 12 | 13 | 15 | 16 | 17 | 15 | 79 | 4 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 18.5 | 16.7 | 14.5 | 11.9 | 11.8 | 13.3 | 93 | 6 |
| | | Civil** | 9.8 | 8.3 | 8.8 | 8.1 | 8.4 | 8.3 | 57 | 2 |
| | From Filing to Trial** (Civil Only) | | 25.6 | 25.7 | 22.0 | 26.8 | 22.6 | 23.0 | 49 | 2 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 2,430 | 3,107 | 2,652 | 1,656 | 1,312 | 1,230 | | |
| | | Percentage | 11.3 | 18.4 | 16.7 | 11.6 | 9.2 | 9.2 | 85 | 4 |
| | Average Number of Felony Defendants Filed Per Case | | 1.5 | 1.7 | 1.9 | 1.7 | 1.5 | 1.5 | | |
| | Jurors | Avg. Present for Jury Selection | 96.21 | 96.33 | 99.86 | 88.01 | 82.96 | 83.28 | | |
| | | Percent Not Selected or Challenged | 39.8 | 60.4 | 62.0 | 53.1 | 54.8 | 61.9 | | |

| 2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 16125 | 270 | 628 | 1335 | 71 | 42 | 902 | 2365 | 7023 | 768 | 1454 | 59 | 1208 |
| Criminal* | 968 | 1 | 264 | 116 | 86 | 251 | 22 | 37 | 14 | 65 | 28 | 22 | 62 |

* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
** See "Explanation of Selected Terms."

**APPENDIX C**

# FEDERAL PRACTICE

## AND

# PROCEDURE®

By

### The Late CHARLES ALAN WRIGHT
Charles Alan Wright Chair in Federal Courts
The University of Texas

### ARTHUR R. MILLER
Bruce Bromley Professor of Law, Harvard University

### EDWARD H. COOPER
Thomas M. Cooley Professor of Law, University of Michigan

———

Sections 3841 to 3900

## Volume 15



**THOMSON**

**WEST**

Mat #40415140

venue and the common law dismissal doctrine of forum non conveniens in the federal courts is explored elsewhere in this chapter.[25]

### § 3848. Standard in Considering Transfer—Plaintiff's Privilege of Choosing Forum

In Norwood v. Kirkpatrick,[1] which held that the discretion of the district judge is broader in passing on a motion to transfer venue under Section 1404(a) of Title 28 of the United States Code than it is on a motion to dismiss under the doctrine of forum non conveniens,[2] the Supreme Court said: "This is not to say * * * that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader."[3]

Over the years the federal courts have developed a

---

Lapides v. Doner, D.C.Mich. 1965, 248 F.Supp. 883.

**Compare**

The conclusion is supported by the Supreme Court's description of Section 1404(a) as a 'federal house-keeping measure,' allowing easy change of venue within a unified federal system." Piper Aircraft Co. v. Reyno, 1981, 102 S.Ct. 252, 265, 454 U.S. 235, 254, 70 L.Ed.2d 419, quoting Van Dusen v. Barrack, 1964, 84 S.Ct. 805, 807–808, 376 U.S. 612, 613, 11 L.Ed.2d 945.

This conclusion seems inherent in the Supreme Court's decisions in Norwood v. Kirkpatrick, 1955, 75 S.Ct. 544, 349 U.S. 29, 99 L.Ed. 789, and Parsons v. Chesapeake & Ohio Ry. Co., 1963, 84 S.Ct. 185, 375 U.S. 71, 11 L.Ed.2d 137.

The conclusion also appears to follow a fortiori from what seems the clearly correct decision that, in determining whether to dismiss a case in favor of some foreign court under the doctrine of forum non conveniens, a federal court is not bound by state notions concerning forum non conveniens. Sibaja v. Dow Chem. Co., C.A.11th, 1985, 757 F.2d 1215, certiorari denied 106 S.Ct. 347, 474 U.S. 948, 88

L.Ed.2d 294. See the discussion in vol. 14D, § 3828.5 at notes 6 to 9.

**[25]Discussion elsewhere**

See vol. 14D, § 3828.

**[Section 3848]**

**[1]Norwood case**

1955, 75 S.Ct. 544, 349 U.S. 29, 99 L.Ed. 789.

**[2]Discretion broader**

See § 3847.

**[3]Plaintiff's forum choice**

75 S.Ct. at 546, 349 U.S. at 32, 99 L.Ed. at 793.

**See also**

The weight to be given the plaintiff's choice of forum in a case in which forum non conveniens, rather than Section 1404(a), is involved is discussed in Piper Aircraft Co. v. Reyno, 1981, 102 S.Ct. 252, 266, 454 U.S. 235, 255–256, 70 L.Ed.2d 419. See vol. 14D, § 3828.1.

"Under Section 1404(a), the plaintiff's choice is no longer given decisive weight as was the case as with its predecessor, the doctrine of forum non conveniens." Meteoro Amusement Corp. v. Six Flags, D.C.N.Y.2003, 267 F.Supp.2d 263, .

Historically the plaintiff's

§ 3848                                                      CHANGE OF VENUE

bewildering variety of verbal formulations to describe how much weight should be given to the plaintiff's initial choice of forum.[4] Certainly everyone would acknowledge, as have several courts, that it is a factor,[5] but it is "held in varying

---

choice of forum has been accorded more weight than a defendant's preference. Standard Office Sys. of Fort Smith, Inc. v. Ricoh Corp., Inc., D.C.Ark.1990, 742 F.Supp. 534, 536, **citing Wright, Miller & Cooper.**

**[4] Bewildering variety**

Paratek Microwave, Inc. v. Agile Materials & Technologies, Inc., D.C.Md.2005, 2005 WL 1367087, **quoting Wright, Miller & Cooper.**

Robertson v. Kiamichi R.R. Co., D.C.Tex.1999, 42 F.Supp.2d 651, 655–656, **quoting Wright, Miller & Cooper.**

**[5] A factor**

In the Fifth Circuit, the plaintiff's choice of forum is a factor to be considered, but "is neither conclusive nor determinative." In re Horseshoe Entertainment, C.A.5th, 2003, 337 F.3d 429, 434, certiorari denied 124 S.Ct. 826, 540 U.S. 1049, 157 L.Ed.2d 698.

The plaintiff's choice of forum should not be lightly disturbed. Jumara v. State Farm Ins. Co., C.A.3d, 1995, 55 F.3d 873, 879, **citing Wright, Miller & Cooper.**

FDIC v. Citizens Bank & Trust Co., C.A.7th, 1979, 592 F.2d 364, 368, certiorari denied 100 S.Ct. 56, 444 U.S. 829, 62 L.Ed.2d 37.

Ellicott Mach. Corp. v. Modern Welding Co., C.A.4th, 1974, 502 F.2d 178, 180.

Butterick Co. v. Will, C.A.7th, 1963, 316 F.2d 111, 112.

Ford Motor Co. v. Ryan, C.A.2d, 1950, 182 F.2d 329, 330, certiorari denied 71 S.Ct. 79, 340 U.S. 851, 95 L.Ed. 624.

Meteoro Amusement Corp. v. Six Flags, D.C.N.Y.2003, 267 F.Supp.2d 263.

Shoemake v. Union Pac. R.R. Co., D.C.Tex.2002, 233 F.Supp.2d 828.

Cumis Ins. Soc., Inc. v. South-Coast Bank, D.C.Ind.1984, 587 F.Supp. 339, 348.

Wooldridge v. Beech Aircraft Corp., D.C.Mo.1979, 479 F.Supp. 1041, 1057, **citing Wright, Miller & Cooper.**

The weight normally accorded to a plaintiff's choice of forum supported the transfer of a suit when the suit was to be viewed as the later stage of a suit originally brought in another district, and under the circumstances, including the fact that the original contract negotiations had been conducted in Michigan and that later negotiations and discovery leading to a settlement agreement also had taken place in Michigan, the action would be transferred to Michigan for the convenience of the parties and witnesses and in the interest of justice. Blue Diamond Coal Co. v. Michigan Sugar Co., D.C.Tenn. 1978, 463 F.Supp. 14.

Computer Operations, Inc. v. Digital Equip. Corp., D.C.N.Y.1975, 387 F.Supp. 8, 10.

Herman v. Doug Frank Dev. Corp., D.C.N.Y.1974, 385 F.Supp. 767, 769.

Hammond Corp. v. General Elec. Credit Corp., D.C.Ill.1974, 374 F.Supp. 1356, 1360.

Chance v. E.I. Du Pont De Nemours & Co., D.C.N.Y.1974, 371 F.Supp. 439, 448.

Mendelson v. Fleischmann,

PLAINTIFF'S PRIVILEGE OF CHOOSING FORUM    **§ 3848**

degrees of esteem."[6] As the notes below illustrate, some courts say that the plaintiff's choice is "highly esteemed,"[7] or

---

D.C.N.Y.1973, 386 F.Supp. 436, 439.

The plaintiff's choice of forum no longer is entitled to the great weight formerly given it under the doctrine of forum non conveniens, but it is still a factor to be considered in determining whether a motion for change of venue should be granted. Schneider v. Sears, D.C.N.Y.1967, 265 F.Supp. 257.

Walter v. Walter, D.C.Pa.1964, 235 F.Supp. 146, 147.

Johnson v. Chicago, Rock Island & Pac. R.R. Co., D.C.Minn.1964, 228 F.Supp. 160, 161.

Vandusen v. J. C. Penney Co., D.C.Ark.1962, 207 F.Supp. 529, 536.

Carter v. U.S. Lines Co., D.C.N.Y.1961, 200 F.Supp. 707, 708.

Deutsch v. Dunne, D.C.N.Y.1961, 197 F.Supp. 907, 908.

Foster v. U.S. Lines Co., D.C.N.Y.1960, 188 F.Supp. 389, 391.

Calva v. American Air Lines, Inc., D.C.Minn.1959, 177 F.Supp. 238, 239.

E. & E.J. Pfotzer v. Rosenthal, D.C.Pa.1959, 171 F.Supp. 743, 744.

McKinney v. Southern Pac. Co., D.C.Tex.1957, 147 F.Supp. 954.

[6]**Varying degrees**

Time, Inc. v. Manning, C.A.5th, 1966, 366 F.2d 690, 698.

"The weight accorded to plaintiff's choice of forum is reduced by the fact that only one of the plaintiffs resides in Illinois." Moore v. AT&T Latin America Corp., D.C.Ill.2001, 2001 WL 1002469.

"From this court's perspective, plaintiffs' choice of forum must be considered an important factor. Failure to assign this factor considerable significance risks inviting lit-

igation over where the parties will litigate as a sort of routine prelude to every diversity lawsuit's main theme. Nothing untoward with respect to the attorneys who have appeared in this case * * * is implied. Rather, when ascribing the weight to be accorded standards of general application, the increasingly pugnacious nature of litigation in this country must be recognized." Munoz v. Albuquerque ART Co., D.C.Alaska 1993, 829 F.Supp. 309, 313 (Sedwick, J.).

Franklin v. Southern Ry. Co., D.C.D.C.1981, 523 F.Supp. 521, 523, **citing Wright, Miller & Cooper.**

Essex Crane Rental Corp. v. Vic Kirsch Constr. Co., D.C.N.Y.1980, 486 F.Supp. 529, 537, **citing Wright, Miller & Cooper.**

"Choice of forum simply cannot be ignored. It is by definition the starting point for every motion to transfer. Exactly what weight to assign to it-or, conversely, how much defendant must show to overcome it-need not, indeed cannot, here be precisely charted but must await the particular facts of each arising case." Paragon-Revolute Corp. v. C.F. Pease Co., D.C.Del.1954, 120 F.Supp. 488, 490 (Leahy, C.J.).

[7]**Highly esteemed**

Menendez Rodriguez v. Pan Am. Life Ins. Co., C.A.5th, 1962, 311 F.2d 429, 434, vacated on other grounds 1964, 84 S.Ct. 1130, 376 U.S. 779, 12 L.Ed.2d 82.

Mt. Hawley Ins. Co. v. Baddley Chem. Co., D.C.Tex.2006, 2006 WL 2022909 (slip op.).

CIT Group/Commercial Servs, Inc. v. Romansa Apparel, Inc., D.C.Tex.2003, 2003 WL 169208.

"The plaintiff's choice of forum

121

§ 3848                                              CHANGE OF VENUE

that it is the paramount or primary consideration,[8] or that it
is entitled to "great weight"[9] or "substantial weight" (or

is held to be highly esteemed and
entitled to great weight, especially
if the forum he chooses is in the
district in which he resides." Young
v. Canadian Nat. Ry. Co., D.C.La.
2003, 2003 WL 133220.

### [8]Paramount or primary consideration

Shutte v. Armco Steel Corp.,
C.A.3d, 1970, 431 F.2d 22, 25, certiorari denied 91 S.Ct. 871, 401 U.S.
910, 27 L.Ed.2d 808.

Argos v. Orthotec LLC. D.C.Del.
2004, 304 F.Supp.2d 591.

Angelo Fan Brace v. Allied
Moulded Prods., D.C.Pa.2004, 2004
WL 884461.

Praxair, Inc. v. ATMI,
Incorporated, D.C.Del.2004, 2004
WL 883395.

Scogna v. Allen, D.C.Pa.2004,
2004 WL 739952.

"It is well recognized that the
plaintiff's choice of forum is the primary factor to be considered in
determining motions under
§ 1404(a)." Box v. Ameritrust Texas,
N.A., D.C.Tex.1992, 810 F.Supp.
776, 780–781, **citing Wright,
Miller & Cooper.**

Uniprop v. Home Owners
Funding Corp. of America, D.C.N.
C.1990, 753 F.Supp. 1315, 1323,
**citing Wright, Miller & Cooper.**

Lieb v. American Pac. Int'l,
Inc., D.C.Pa.1980, 489 F.Supp. 690,
697.

B.J. McAdams, Inc. v. Boggs,
D.C.Pa.1977, 426 F.Supp. 1091,
1103.

Kisko v. Penn Cent. Transportation Co., D.C.Pa.1976. 408 F.Supp.
984, 986.

Smithkline Corp. v. Sterling
Drug, Inc., D.C.Del.1975. 406
F.Supp. 52, 54.

Bishop v. Ashland Oil, Inc.,
D.C.Pa.1975, 394 F.Supp. 203, 205.

Glen Knit Indus.. Ltd. v. E.F.
Timme & Son, Inc., D.C.Pa.1974,
384 F.Supp. 1176, 1178.

Dow Chem. Co. v. Monsanto
Co., D.C.Ohio 1966, 256 F.Supp.
315, 316.

Biedrzycki v. Alcoa S.S. Co.,
D.C.Pa.1961, 191 F.Supp. 895, 897.

### [9]Great weight

Television Events & Marketing, Inc. v. Amcon Distributing Co.,
D.C.Haw.2006, 416 F.Supp.2d 948.

Brown v. Miami Management
Co., D.C.Ohio 2006, 2006 WL
1582448 (slip op.).

"[S]trong weight." Moeckel v.
Caremark RX Inc., D.C.Tenn.2005,
385 F.Supp.2d 668.

"[G]reat deference." Gonzalez
v. Carnival Corp., D.C.Tex.2005,
2005 WL 2233595.

"[P]resumptive weight."
National Bankcard Servs., Inc. v.
Family Express Corp., D.C.Minn.
2005, 2005 WL 1420818.

Capitol Records, Inc. v. Kuang
Dyi Co. of RM, D.C.N.Y.2004, 2004
WL 405961.

Nutrition & Fitness, Inc. v.
Blue Stuff, Inc., D.C.N.C.2003, 264
F.Supp.2d 357.

Hypoxico, Inc. v. Colorado
Altitude Training LLC, D.C.N.Y.
2003, 2003 WL 21649437.

Cherry v. Simpson, D.C.Tex.
2003, 2003 WL 21529764.

Shore v. Suntrust Bank of
Atlanta, D.C.N.Y.2003, 2003 WL
941386.

Tyco Int'l Ltd. v. Walsh, D.C.N.
Y.2003, 2003 WL 553580.

"[G]reat deference." The Weitz
Co. v. Travelers Cas. & Sur. Co. of
America, D.C.Iowa 2002. 2002 WL

variations thereof),[10] or that the plaintiff's choice should

§1371969.

Becnel v. Smile Community Action Agency, Inc., D.C.La.2001, 207 F.Supp.2d 520.

Bitler v. A.O. Smith Corp., D.C.D.C.2001, 2001 WL 1579378.

U.S. v. Cinemark USA. Inc., D.C.Ohio 1999, 66 F.Supp.2d 881. **citing Wright, Miller & Cooper.**

Heating & Cooling Master Marketers Network. Inc. v. Contractor Success Group, Inc., D.C.Kan. 1996, 935 F.Supp. 1167, 1171.

Gdovin v. Catawba Rental Co., D.C.Ohio 1984, 596 F.Supp. 1325, 1327.

Brierwood Shoe Corp. v. Sears, Roebuck & Co., D.C.N.Y.1979, 479 F.Supp. 563. 565.

Ammon v. Kaplow, D.C.Kan. 1979. 468 F.Supp. 1304, 1313.

Helfant v. Louisiana & Southern Life Ins. Co., D.C.N.Y. 1979. 82 F.R.D. 53, 57.

Berkshire Int'l Corp. v. Marquez, D.C.Pa.1976, 69 F.R.D. 583, 590.

Blanning v. Tisch, D.C.Pa.1974, 378 F.Supp. 1058, 1060.

A plaintiff's choice of forum, however illogical, is entitled to great deference. Houghton Mifflin Co. v. National Computer Sys., Inc., D.C.N.Y.1974, 378 F.Supp. 592, 596.

Residex Corp. v. Farrow, D.C.Pa.1974, 374 F.Supp. 715, 717.

The best forum is not the test for venue and the court is required to weigh the plaintiff's choice of venue heavily. Amchem Prods., Inc. v. GAF Corporation, D.C.Ga.1974, 64 F.R.D. 550, 552.

On a motion for a change of venue of a federal case, great weight should be given to the plaintiff's choice of forum, especially if the one he chose is in the district in which he resides. Grey v. Continental Marketing Associates. Inc., D.C.Ga. 1970. 315 F.Supp. 826, 831.

International Maritime Supplies Co. v. General Host Corp., D.C.Pa.1969, 321 F.Supp. 392, 393.

De Moraes v. American Export Isbrandtsen Lines, Inc.. D.C.Pa. 1968, 289 F.Supp. 861, 862.

"Much weight." Mays v. Oxford Paper Co., D.C.Pa.1961, 195 F.Supp. 414, 419.

[10]**Substantial weight**

Iragorri v. United Technologies Corp., C.A.2d, 2001, 274 F.3d 65, on remand D.C.Conn.2003, 285 F.Supp.2d 230.

"Substantial consideration." In re Warrick, C.A.2d, 1995, 70 F.3d 736, 741.

"Significant weight." Jumara v. State Farm Ins. Co., C.A.3d, 1995, 55 F.3d 873, 879.

"Considerable weight." Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp., C.A.10th, 1978, 579 F.2d 561, 567.

Golconda Mining Corp. v. Herlands, C.A.2d, 1966, 365 F.2d 856, 857.

"Substantial consideration." A. Olinick & Sons v. Dempster Bros., Inc., C.A.2d, 1966, 365 F.2d 439, 444.

"Substantial deference." National Wildlife Fed'n v. Harvey, D.C.D.C.2006, 437 F.Supp.2d 42.

Capital One Financial Corp. v. Drive Financial Servs., LLP, D.C.Va.2006, 434 F.Supp.2d 367.

"Substantial deference." Panterra Engineered Plastics, Inc. v. Transportation SYS Solutions. LLC. D.C.Conn.2006. ___ F.Supp.2d ___, 2006 WL 2923596.

Washington Nat. Life Ins. Co.

v. Calcasieu Parish School Bd., D.C.Ill.2006, 2006 WL 1215413 (slip op.).

Mullins v. Equifax Information Servs., LLC, D.C.Va.2006, 2006 WL 1214024 (slip op.).

"Considerable weight." Deer Creek Dev., LLC v. Kim. D.C.Colo. 2006, 2006 WL 1154213 (slip op.).

The plaintiff's choice of forum is entitled to particular weight when the plaintiff has statutory authority to serve process nationwide. Terry v. Walker, D.C.Va.2005, 369 F.Supp.2d 818.

"[S]ubstantial deference." Metabolite Labs., Inc. v. AmerisourceBergen Corp., D.C.Colo.2005, 2005 WL 2105035.

"Significant weight." Foot Locker Retail, Inc. v. SBH, Incorporated, D.C.N.Y.2005, 2005 WL 91306.

Broadcast Marketing Int'l, Ltd. v. Prosource Sales & Marketing, Inc., D.C.Cal.2004, 345 F.Supp.2d 1053.

Langton v. Cbeyond Communication, L.L.C., D.C.Tex. 2003, 282 F.Supp.2d 504.

Toney v. Family Dollar Stores, Inc., D.C.W.Va.2003, 273 F.Supp.2d 757.

Mikkilineni v. Penn Nat. Mut. Cas. Ins. Co., D.C.D.C.2003, 271 F.Supp.2d 142.

D'Addario v. Geller, D.C.Va. 2003, 264 F.Supp.2d 367 (plaintiff's choice of forum was entitled to substantial weight because forum had substantial relationship to cause of action).

"Considerable weight." Citibank, N.A. v. Affinity Processing Corp., D.C.N.Y.2003, 248 F.Supp.2d 172.

"[S]trong preference." Aramark Management Servs. Ltd. v. Martha's Vineyard Hosp., Inc., D.C.Ill.2003, 2003 WL 21476091.

Sitrick v. Dreamworks L.L.C., D.C.Ill.2003, 2003 WL 21147898.

NGC Worldwide, Inc. v. Siamon, D.C.Conn.2003, 2003 WL 1987001 (substantial weight accorded to defendant's choice of forum militated in favor of transfer of venue despite detrimental health effects of travel on plaintiff).

Cento Pearl v. Arts & Craft Supply Inc., D.C.N.Y.2003, 2003 WL 1960595.

American Family Ins. ex rel. Suddarth v. Wal-Mart Stores, Inc., D.C.Ill.2003, 2003 WL 1895390 (plaintiff's initial choice of forum is afforded substantial deference, particularly when it is plaintiff's home forum).

"[S]trong judicial preference." Pragmatic Software Corp. v. Antrim Design Sys., Inc., D.C.Minn.2003, 2003 WL 244804.

Hinc v. Lime-O-Sol Co., D.C.Ill. 2002, 231 F.Supp.2d 795.

Intranexus, Inc. v. Siemens Medical Solutions Health Servs. Corp., D.C.Va.2002, 227 F.Supp.2d 581.

Demato v. Northwestern Mut. Life Ins. Co., D.C.Conn.2002, 2002 WL 31559967.

Cooper v. Nationwide Mut. Ins. Co., D.C.Pa.2002, 2002 WL 31478874 (entitled to some weight, especially since plaintiff resides in district).

Technical Concepts L.P. v. Zurn Indus., Inc., D.C.Ill.2002, 2002 WL 31433408 (substantial weight when plaintiff's home forum).

Gelco Corp. v. Major Chevrolet, Inc., D.C.Ill.2002, 2002 WL 31427027 (especially when forum is plaintiff's home and situs of material events is mainly in plaintiff's chosen forum).

"rarely be disturbed" by the district court.[11]

---

Albert Fadem Trust v. Duke Energy Corp., D.C.N.Y.2002, 2002 WL 1759087.

"[S]ubstantial deference." Greater Yellowstone Coalition v. Bosworth, D.C.D.C.2001, 180 F.Supp.2d 124.

S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama, N.A., D.C.Tex.2001, 2001 WL 238095.

NPF XII, Incorporated v. Special Care, Inc., D.C.Ohio 2001, 2001 WL 175263.

LeBeouf Bros. Towing Co. v. Gencor Indus., Inc., D.C.La.2001, 2001 WL 12018.

U.S. v. Cinemark USA, Inc., D.C.Ohio 1999, 66 F.Supp.2d 881, **citing Wright, Miller & Cooper.**

AT&T Corporation v. PAB, Incorporated, D.C.Pa.1996, 935 F.Supp. 584, 592.

"Considerable weight." Clisham Management, Inc. v. American Steel Bldg. Co., D.C.Conn.1992, 792 F.Supp. 150, 157.

The plaintiff's choice of forum is accorded substantial weight, even if it is not his place of residence, if the choice of forum relates to the plaintiff's legitimate and rational concerns. Waste Distillation Technology, Inc. v. Pan American Resources, Inc., D.C.Del.1991, 775 F.Supp. 759, 764.

Enserch Int'l Exploration, Inc. v. Attock Oil Co., Ltd., D.C.Tex. 1987, 656 F.Supp. 1162, 1167 n. 15.

Gallery House, Inc. v. Yi, D.C.Ill.1984, 587 F.Supp. 1036, 1040.

Hunter Douglas Metals, Inc. v. Edward C. Mange Trading Co., D.C.Ill.1984, 586 F.Supp. 926, 930.

Hess v. Gray, D.C.Ill.1979, 85 F.R.D. 15, 24.

S-G Securities, Inc. v. Fuqua Inv. Co., D.C.Mass.1978, 466 F.Supp. 1114, 1122.

As regards a motion to transfer for convenience and in the interest of justice, the burden of persuasion is especially heavy in antitrust suits, when the plaintiff's choice of forum is entitled to particular respect. Star Lines, Ltd. v. Puerto Rico Maritime Shipping Authority, D.C.N.Y.1978, 442 F.Supp. 1201.

St. Hilaire v. Shapiro, D.C.N.Y. 1976, 407 F.Supp. 1029, 1031.

Smithkline Corp. v. Sterling Drug, Inc., D.C.Del.1975, 406 F.Supp. 52, 54.

Henn Associates, Ltd. v. Schiavone Constr. Co., D.C.N.Y.1975, 401 F.Supp. 494, 495.

Sohns v. Dahl, D.C.Va.1975, 392 F.Supp. 1208, 1217.

In FELA actions, a federal court gives substantial weight to the privilege of the plaintiff to select the forum. Hayes v. Chesapeake & Ohio Ry. Co., D.C.Ohio 1973, 374 F.Supp. 1068.

**Compare**

Although the plaintiff's choice of forum should be given substantial weight, in the interests of justice the relative bargaining power and financial status of the parties also must be considered. AAMCO Automatic Transmissions, Inc. v. Bosemer, D.C.Pa.1974, 374 F.Supp. 754.

[11]**Rarely be disturbed**

In re National Presto Indus., Inc., C.A.7th, 2003, 347 F.3d 662.

Financial Instruments Group, Ltd. v. Leung, C.A.10th, 2002, 30 Fed.Appx. 915.

MTS Systems Corp. v. Hysitron, Inc., D.C.Cal.2006, 2006 WL 2547698 (slip op.).

Hall v. The Holmes Group, Inc.,

§ **3848**

Other courts express a less enthusiastic view about the

D.C.Mo.2006, 2006 WL 148742.

"Plaintiff's choice of venue is not lightly disturbed." CFA Northern California, Inc. v. CRT Partners LLP, D.C.Cal.2005, 378 F.Supp.2d 1177.

Easywalker USA, LLC v. Immler, D.C.Wis.2005, 2005 WL 1750409.

Green v. Chetpatananont, D.C.Okl.2005, 2005 WL 1503438.

"Unless the balance of factors strongly favors the moving party, the plaintiff's choice of forum generally should not be disturbed." Carpenter v. Parker Drilling Offshore USA, Inc., D.C.La.2005, 2005 WL 1432373.

"[P]laintiff's choice of forum is of paramount concern and should not be lightly disturbed." Johnston v. Exelon Corp., D.C.Pa.2005, 2005 WL 696896, *3.

"The plaintiff's choice of forum is accorded significant deference and should not be disturbed lightly." Dean v. Handysoft Corp., D.C.Pa.2005, 2005 WL 362662, *3.

Siegel v. Homestore, Inc., D.C.Pa.2003, 255 F.Supp.2d 451.

"Plaintiffs' choice of forum is a paramount consideration that should not lightly be disturbed." Clark v. Burger King Corp., D.C.N.J.2003, 255 F.Supp.2d 334.

Corporate Aviation Concepts, Inc. v. Multiservice Corp., D.C.Pa.2003, 2003 WL 22794693.

Cherry v. Simpson, D.C.Tex.2003, 2003 WL 21529764.

Martin v. National R.R. Passenger Corp., D.C.La.2003, 2003 WL 21488119.

"[T]he plaintiff's rational choice of forum should not be lightly disturbed." Chase Manhattan Bank, USA, N.A. v. Freedom Card, Inc., D.C.Del.2003, 2003 WL 1937184.

Z. Bavelloni U.S.A., Inc. v. The Marble Showroom, Inc., D.C.N.C.2002, 2002 WL 31942141.

"Plaintiff's choice of forum should only be disturbed by a § 1404(a) motion if the plaintiff's choice of forum is completely and utterly outweighed by the severe inconvenience of the defendant." Distefano v. Carozzi No. America, Inc., D.C.N.Y.2002, 2002 WL 31640476.

Gagnon v. Sprint Spectrum, L.P., D.C.Kan.2002, 2002 WL 31477975.

Ganote Consulting & Software Design, Inc. v. Imperial Optical, Inc., D.C.Ky.2002, 2002 WL 31375036.

Perry v. Markman Capital Management, Inc., D.C.Pa.2002, 2002 WL 31248038.

Jam Strait, Inc. v. American Prods. Co., D.C.La.2002, 2002 WL 31246566.

Lesser ex rel. Lesser v. Camp Wildwood, D.C.N.Y.2002, 2002 WL 1792039.

Becnel v. Smile Community Action Agency, Inc., D.C.La.2001, 207 F.Supp.2d 520.

Computer Express Int'l, Ltd., v. MicronPC, LLC., D.C.N.Y.2001, 2001 WL 1776162.

Bitler v. A.O. Smith Corp., D.C.Colo.2001, 2001 WL 1579378.

Estwing Mfg. Co. v. Cal-Rainbow Prods., Inc., D.C.Ill.2001, 2001 WL 664396.

Roland v. Margi Sys., Inc., D.C.N.Y.2001, 2001 WL 241792.

Arkansas-Best Freight Sys., Inc. v. Youngblood, D.C.Ark.1973, 359 F.Supp. 1125, 1129.

"* * * [T]he doctrine that the plaintiff's choice of forum should rarely be disturbed has been universally recognized by our Courts."

weight to be given to the plaintiff's forum choice on a Section 1404(a) motion for a change of venue. Again there is considerable variation in the verbal formulations used by the judges depending on the particular circumstances. Some courts have said that it is less significant in certain contexts such as derivative actions,[12] class actions,[13] and other partic-

---

Cooper v. Camp Pinecrest, Inc., D.C.N.Y.1959, 175 F.Supp. 817, 818.

**See also**

"This Note aligns itself with a theory that vests in plaintiffs wide procedural power, girded only by statutory text and the defendants' due process rights. The granting of defendant-initiated transfers under anything but narrow, clearly-defined circumstances, this Note concludes, wrongfully defeats the plaintiff's choice of forum." Note, "Adrift on an Uncharted Sea"; A Survey of Section 1404(a) Transfer in the Federal System, 1992, 67 N.Y.U.L.Rev. 612, 617.

[12] **Derivative actions**

Strauss ex rel. New Century Financial Corp. v. Brookhaven Capital Management Co., D.C.N.Y. 2002, 2002 WL 1760992 (plaintiff's choice of forum is "considerably weakened" in derivative action).

Stolz v. Barker, D.C.N.C.1978, 466 F.Supp. 24.

Abramson v. INA Capital Management Corp., D.C.N.Y.1978, 459 F.Supp. 917.

Foster v. Litton Indus., Inc., D.C.N.Y.1977, 431 F.Supp. 86.

Umbriac v. American Snacks, Inc., D.C.Pa.1974, 379 F.Supp. 627.

Wolf v. Ackerman, D.C.N.Y. 1969, 308 F.Supp. 1057.

Silverman v. Wellington Management Co., D.C.N.Y.1969, 298 F.Supp. 877.

Gold v. Scurlock, D.C.N.Y.1968, 290 F.Supp. 926.

Schlusselberg v. Werly, D.C.N.

Y.1967, 274 F.Supp. 758.

Clay v. Thomas, D.C.N.Y.1960, 185 F.Supp. 809.

**Compare**

Koster v. (American) Lumbermens Mut. Cas. Co., 1947, 67 S.Ct. 828, 832, 330 U.S. 518, 524, 91 L.Ed. 1067.

**But see**

A corporation was not entitled to have transferred a stockholders' derivative suit and a class action from the Northern District of Illinois to the District of Nevada, although the corporation contended that Nevada, its place of incorporation, was closer to its corporate headquarters in San Francisco and therefore more convenient for both the corporation as a party and its witnesses; the stockholders' choice of forum was entitled to considerable deference particularly since they resided in the district where the action had been brought. Duman v. Crown Zellerbach Corp., D.C.Ill. 1985, 107 F.R.D. 761.

[13] **Class actions**

Yang v. Odom, D.C.N.J.2006, 409 F.Supp.2d 599.

Jenkins v. H&R Block, Inc., D.C.Ark.2006, 2006 WL 1408328 (slip op.).

Silverberg v. H & R Block, Inc., D.C.Mo.2006, 2006 WL 1314005 (slip op.).

Finley v. Dun & Bradstreet Corp., D.C.Ill.2006, 2006 WL 861920 (in ERISA class action, because fund was not plaintiff, representative plaintiff's forum choice entitled to diminished deference).

In re AtheroGenics Secs. Litiga-

127

§ 3848

tion, D.C.N.Y.2006, 2006 WL 851708.

Saleh v. Titan Corp., D.C.Cal. 2005. 361 F.Supp.2d 1152.

Berenson v. National Financial Servs., LLC, D.C.D.C.2004, 319 F.Supp.2d 1.

Balloveras v. Purdue Pharma Co., D.C.Fla.2004, 2004 WL 1202854.

"[A] plaintiff's choice of forum is accorded less weight in a class action where the plaintiff may represent a widely dispersed class." In re Stillwater Mining Co. Secs. Litigation, D.C.N.Y.2003, 2003 WL 21087953.

"[C]ases interpreting section 1404(a) have found that representative plaintiffs, as well as plaintiffs bringing derivative actions, are entitled to less deference than other plaintiffs." Lewis v. CRI, Incorporated, D.C.N.Y.2003, 2003 WL 1900859.

Albert Fadem Trust v. Duke Energy Corp., D.C.N.Y.2002, 2002 WL 1759087.

Donnelly v. Klosters Rederi A/S, D.C.Pa.1981, 515 F.Supp. 5. 7. **citing Wright, Miller & Cooper.**

Blumenthal v. Management Assistance, Inc., D.C.Ill.1979, 480 F.Supp. 470.

Impervious Paint Indus., Ltd. v. Ashland Oil, Inc., D.C.Pa.1978, 444 F.Supp. 465.

Shulof v. Westinghouse Elec. Corp., D.C.N.Y.1975, 402 F.Supp. 1262.

Blender v. Sibley, D.C.Pa.1975, 396 F.Supp. 300.

Hall v. Kittay, D.C.Del.1975, 396 F.Supp. 261.

Bogus v. American Speech & Hearing Ass'n, D.C.Pa.1975, 389 F.Supp. 327.

Even though the defendants in a securities class action brought by debenture purchasers had not shown any greater inconvenience to themselves than they had with respect to an individual action brought by the purchasers, both of which actions were brought in the same district, the decision of the court not to transfer the individual action did not require a decision not to transfer the class action as the plaintiffs' choice of forum was entitled to considerably less weight in the class action than it was in the individual action. Umbriac v. American Snacks, Inc., D.C.Pa.1975, 388 F.Supp. 265.

J. & B. & S. Restaurant Corp. v. Henry's Drive-In, Inc., D.C.N.Y. 1973, 353 F.Supp. 389.

Polin v. Conductron Corp., D.C.Pa.1972, 340 F.Supp. 602.

Harris v. American Inv. Co., D.C.Pa.1971, 333 F.Supp. 325.

Firmani v. Clarke, D.C.Del. 1971, 325 F.Supp. 689.

Dutchen v. Ecological Science Corp., D.C.N.Y.1971, 54 F.R.D. 493.

Fogel v. Wolfgang, D.C.N.Y. 1969, 48 F.R.D. 286.

Schneider v. Sears, D.C.N.Y. 1967, 265 F.Supp. 257.

**Compare**

Despite the plaintiffs' assertion that the Southern District of New York was more convenient, and upon assuming that the lead plaintiffs were from the Southern District of New York, the court emphasized that the residence of a class representative is often a mere happenstance that may be discounted when weighing transfer factors. In re Stillwater Mining Co. Secs. Litigation, D.C.N.Y.2003, 2003 WL 21087953.

**But compare**

"[D]eference to the choice of forum for the entire class should be

ular kinds of cases, such as when the plaintiffs are dispersed or have no real interest in the outcome of the action or in litigating in the mutually selected forum.[14] In a similar vein,

preserved, because a named plaintiff has brought the action in the judicial district with which she has had the most extensive contacts. This is particularly true in the present case where * * * a liberal venue provision provides additional grounds for deferring to the plaintiffs' choice of forum." Ellis v. Costco Wholesale Corp., D.C.Cal.2005, 372 F.Supp.2d 530, 544.

In FLSA collective actions, in which all party plaintiffs must affirmatively opt in to the class, the representative plaintiff's choice of forum is entitled to deference. Salinas v. O'Reilly Automotive, Inc., D.C.Tex.2005, 358 F.Supp.2d 569.

In some cases, transfer has been refused on a showing that most of the members of the class reside in or near the district in which suit was brought. Brody v. American Medical Ass'n, D.C.N.Y. 1971, 337 F.Supp. 611.

Saperstone v. Kapelow, D.C.N. Y.1968, 279 F.Supp. 781.

[14]**Particular kinds of cases**

Given the complexity of the antitrust proceedings at bar, the conclusion of a federal district court that the plaintiffs' convenience was outweighed by the comparative economy of trying one action in that district rather than several actions in the plaintiffs' home districts was reasonable. In re Fine Paper Antitrust Litigation, C.A.3d, 1982, 685 F.2d 810, certiorari denied 103 S.Ct. 801, 459 U.S. 1156, 74 L.Ed.2d 1003.

If a number of prisoners who were confined in different institutions and who were represented by counsel in the District of Columbia were to sue alleging a pattern of action by the Bureau of Prisons that evidenced an unwritten national policy, suggesting that the pattern would be proved at trial and challenging that pattern as a denial of constitutional rights, the plaintiffs' choice of forum would be given substantial weight, but if the prisoner were to bring a pro se suit alleging a failure of prison officials to give him the benefit of regulations and a pattern of disobedience of the regulations, the transfer of the case to the district of incarceration would be indicated. Starnes v. McGuire, C.A.1974, 512 F.2d 918, 168 U.S.App.D.C. 4.

A securities fraud suit brought by the shareholders against a corporation and related individuals was transferred from the Eastern District of Pennsylvania to the Central District of California, despite the claim that a substantial part of the events giving rise to the suit, specifically the shareholders' execution of the documents closing the sale of a company to the corporation, occurred in the Pennsylvania district; Pennsylvania was home to none of the shareholders and only one of the defendants, it appeared that a substantial amount of evidence was housed in California, and a forum selection clause of the "Merger and Sale Agreement" specified a California forum. Siegel v. Homestore, Inc., D.C.Pa.2003, 255 F.Supp.2d 451.

A presumption in favor of the chosen forum is weaker in circumstances that suggest that the plaintiff's freedom or privilege is relatively unimportant, for example, because the named plaintiff has no interest in the merits of the action; for this reason, the presumption is

if the plaintiff is not a resident of the forum, then the plaintiff's forum choice is entitled to less deference from the district judge.[15] In addition, some courts have said that the

---

inapplicable in an interpleader action if the party or parties that initiated the action are discharged prior to trial. Mutual of Omaha Ins. Co. v. Dolby, D.C.Pa.1982, 531 F.Supp. 511.

In a proceeding for limitation of liability, the shipowner is technically the plaintiff, but the proceeding is inherently defensive and the burden is on the shipowner to justify his choice of forum. Complaint of Far Eastern Shipping Co., D.C.N.Y.1978, 460 F.Supp. 107.

When a corporation is sued in a district of its state of incorporation in which its principal offices are not located, the plaintiff's choice of forum should not receive paramount consideration and, although the defendant still has the burden of proof to show that the forum selected by the plaintiff should be changed to another permissible location, the court will apply a preponderance of evidence standard to evaluate the facts rather than requiring the defendant to produce substantial evidence and meet the more difficult burden. Burbank Int'l, Ltd. v. Gulf Consolidated Int'l Inc., D.C.Tex.1977, 441 F.Supp. 819.

The rule that a plaintiff's choice of forum is a paramount consideration on a motion to transfer venue for the convenience of the parties and witnesses is not applicable to interpleader actions since the named plaintiff has no real interest in where the dispute is litigated. Wilmington Trust Co. v. Gillespie, D.C.Del.1975, 397 F.Supp. 1337.

It is stated by way of dictum in Konovsky v. Baltimore & Ohio R.R. Co., D.C.Pa.1960, 185 F.Supp. 325, 327 n. 1, that "current thinking seems to be that a plaintiff's choice

of forum is of considerably less weight in motor vehicle accident cases than in F.E.L.A. cases."

**Compare**

The plaintiff's choice of forum is a particularly strong factor in a Securities Exchange Act case, since the Act is intended to give the plaintiff the widest possible choice of forum. S-G Securities, Inc. v. Fuqua Inv. Co., D.C.Mass.1978, 466 F.Supp. 1114, 1122.

Star Lines, Ltd. v. Puerto Rico Maritime Shipping Authority, D.C.N.Y.1978, 442 F.Supp. 1201, described in note 10 above (plaintiff's choice should be given special weight in antitrust cases).

**United States as plaintiff**

That the plaintiff is the United States, or an agency thereof, does not entitle its choice of forum to be given more weight than that of a private litigant. SEC v. First Nat. Fin. Corp., D.C.Ill.1975, 392 F.Supp. 239.

U.S. v. General Motors Corp., D.C.N.Y.1960, 183 F.Supp. 858.

[15]**Not a resident**

MTS Systems Corp. v. Hysitron, Inc., D.C.Cal.2006, 2006 WL 2547698 (slip op.).

Heil v. Wells Fargo Bank, D.C.Cal.2006, 2006 WL 2411416 (slip op.).

Schoemann v. Excellus Health Plan, Inc., D.C.Minn.2006, 447 F.Supp.2d 1000, **citing Wright, Miller & Cooper.**

Neil Bros. Ltd. v. World Wide Lines, Inc., D.C.N.Y.2006, 425 F.Supp.2d 325.

Spires v. Hospital Corp. of America, D.C.Kan.2006, 2006 WL 1642701 (slip op.), **citing Wright,**

---

**Miller & Cooper.**

Kwik Goal, Ltd. v. Youth Sports Publishing Inc., D.C.N.Y.2006, 2006 WL 1517598 (slip op.)(plaintiff's forum choice entitled to less deference when it is not his home state).

Costello v. Novartis Pharmaceuticals Co., D.C.Pa.2006, 2006 WL 1479800 (slip op.).

Dominguez v. Board of Prisons, D.C.D.C.2006, 2006 WL 1445041 (slip op.).

McGlamry v. Lappin, D.C.D.C., 2006 WL 1382185 (slip op.).

Hoeme v. Union Pac. R.R., D.C.Tex.2006, 2006 WL 1195662 (slip op., not for publication; for citation rules see Fifth Circuit Rule 47.5.4).

Miller v. Kevin Gross Marine, Inc., D.C.Tex.2006, 2006 WL 1061919.

Bailey v. Union Pac. R.R. Co., D.C.Colo.2005, 364 F.Supp.2d 1227 (plaintiff's forum choice entitled to little weight when it was neither his home nor place of injury).

Kelley Buick of Atlanta, Inc. v. TIG Insurance Co., D.C.Ind.2005, 2005 WL 3238325.

Sandvik AB v. Rockmore Int'l, Inc., D.C.Pa.2005, 2005 WL 3159282.

Arrow Communication Labs., Inc. v. John Mezzalingua Assocs., Inc., D.C.Del.2005, 2005 WL 2786691.

Wang v. LB International Inc., D.C.Wash.2005, 2005 WL 2090672 (noting that less deference does not mean no deference).

Panetta v. SAP America, Inc., D.C.Cal.2005, 2005 WL 1774327.

Davis v. Property & Cas. Ins. Co. of Hartford, D.C.Alaska 2005, 2005 WL 1694083.

Rubin v. Automotive Invs., D.C.La.2005, 2005 WL 1578404.

California Farm Bureau Fed'n v. Badgley, D.C.D.C.2005, 2005 WL 1532718.

Jackson v. Cooper Marine & Timberlands Corp., D.C.La.2005, 2005 WL 1432370.

Johnson v. Big Lots Stores, Inc., D.C.La.2005, 2005 WL 357200.

Tsoukalenis v. Country Pure Foods, Inc., D.C.Del.2004, 337 F.Supp.2d 600.

Ramsey v. Fox News Network, LLC, D.C.Ga.2004, 323 F.Supp.2d 1352 (plaintiff's forum choice entitled to less deference if plaintiff is not resident of forum, even if plaintiff was once resident of forum).

CIBC World Markets, Inc. v. Deutsche Bank Secs., Inc., D.C.N.J. 2004, 309 F.Supp.2d 637.

Penda Corp. v. STK, LLC, D.C.Pa.2004, 2004 WL 2004439.

German American State Bank ex rel. Estate of Cowan v. U.S., D.C.Ill.2004, 2004 WL 1535846 (since plaintiff's chosen forum was neither its home nor site of material events, it would not receive deference and would be considered like any other factor).

Calmedica, LLC v. Novoste Corp., D.C.Ill.2004, 2004 WL 413296.

"Court[s] looks with great scrutiny at the choices of plaintiffs who file where they do not reside." Lajaunie v. L & M Bo-Truc Rental, Inc., D.C.Tex.2003, 261 F.Supp.2d 751.

Pyrocap Int'l Corp. v. Ford Motor Co., D.C.D.C.2003, 259 F.Supp.2d 92 (less deference is warranted when forum preferred by plaintiff is not his home forum).

"Where Plaintiff chooses a forum other than her state of residence, her choice is given less weight." Weber v. Basic Comfort, Inc., D.C.Pa.2001, 155 F.Supp.2d

§ **3848**                                         CHANGE OF VENUE

283.

Although the plaintiff's choice of forum normally receives great deference when the court is determining whether to transfer the case to another district, when the plaintiff chooses a forum other than its home forum, that choice receives less deference. American Littoral Soc. v. U.S. EPA, D.C.Pa.1996, 943 F.Supp. 548.

A corporation was not entitled to the greatly enhanced deference that is given a plaintiff suing in its home state, since suit was brought in a state other than where the plaintiff had its principal place of business, but it would be given the ordinary degree of deference due to a plaintiff's choice of forum. American Telephone & Telegraph Co. v. MCI Communications Corp., D.C.N.J.1990, 736 F.Supp. 1294, 1306.

The deference generally given to a plaintiff's choice of forum in ruling on a motion for a change of venue is tempered when the forum chosen is outside of his home jurisdiction. Stewart v. Capitol Area Permanente Medical Group, P.C., D.C.D.C.1989, 720 F.Supp. 3.

When the plaintiff has not brought suit on its "home turf," the convenience to the plaintiff of litigating in its choice of forum is not as great as it would be were it litigating at or near its principal place of business or at the site of the activities at issue in the lawsuit, and thus, although the defendant's burden of proof necessary to tip the balance in favor of transferring the case is no less when the plaintiff is litigating away from the principal place of business, it is easier for the defendant to meet the burden in such situations. General Instrument Corp. v. Mostek Corp., D.C.Del.1976, 417 F.Supp. 821.

**Compare**

The plaintiff's forum choice is entitled to less deference when it is neither his home forum nor the nucleus of operative facts. The plaintiff's forum choice, however, is still a relevant consideration as long as some logical connection exists between the forum and the claim. Mullins v. Equifax Information Servs., LLC, D.C.Va.2006, 2006 WL 1214024 (slip op.).

Limited deference to a foreign plaintiff's choice of forum is justified in the face of the balance of convenience factors. Union of Orthodox Jewish Congregations of America v. Brach's Confections, D.C.Md.2005, 2005 WL 1115222.

The plaintiff's forum choice is entitled to less deference only if two conditions are met. First, the plaintiff must not be a resident of the forum. Second, the forum must not bear a substantial relationship to the cause of action. If the forum is where the claim arose, then the plaintiff's forum choice deserves deference even if the plaintiff is not a resident of the forum. Volkswagen Aktiengesellschaft v. West Coast Metric, Inc., D.C.Ind.2004, 2004 WL 392942.

The heavy burden of proof required to transfer an action to another district for the convenience of the parties and witnesses continues on the party seeking the transfer if the plaintiff resides in or near the forum jurisdiction. Mayer v. Development Corp. of America, D.C.Del.1975, 396 F.Supp. 917.

**But see**

Z-Tel Communications, Inc. v. SBC Communications, Inc., D.C.Tex.2004, 331 F.Supp.2d 567 (fact that plaintiff does not reside in chosen district is irrelevant to court's analysis on transfer motion).

"Plaintiff's choice of forum is entitled to deference even when the

132

plaintiff's choice is not the dominant factor to be considered, as it apparently was prior to the adoption of Section 1404(a) when the principles of forum non conveniens governed the question.[16]

---

plaintiff is not a resident of this state." Talarico v. Marathon Shoe Co., D.C.Me.2001, 2001 WL 366346, at 6.

"This circuit has not established the rule, as some other circuits have, that when plaintiffs sue in a forum that is not their residence, their choice of venue is entitled to only minimal consideration." Ashmore v. Northeast Petroleum Div. of Cargill, Inc., D.C.Me.1996, 925 F.Supp. 36, 39.

[16] **Not dominant factor**

The plaintiff's statutory privilege of choosing his forum is not the controlling factor in determining whether a federal district court can transfer the action to another district court for the convenience of the parties and in the interest of justice; ultimately the trial judge must use his discretion. Garner v. Wolfinbarger, C.A.5th, 1970, 433 F.2d 117.

Dupree v. Valero Energy Corp., D.C.La.2003, 2003 WL 22466234, **citing Wright, Miller & Cooper.**

Radio Santa Fe, Inc. v. Sena, D.C.Tex.1988, 687 F.Supp. 284.

The plaintiff's choice "is simply one factor among many to be considered." Club Assistance Program, Inc. v. Zukerman, D.C.Ill. 1984, 598 F.Supp. 734, 736.

Associated Mills, Inc. v. Rush-Hampton Indus., Inc., D.C.Ill. 1984, 588 F.Supp. 1164.

Essex Crane Rental Corp. v. Vic Kirsch Constr. Co., D.C.N.Y. 1980, 486 F.Supp. 529, 537, **citing Wright, Miller & Cooper.**

Cunningham v. Cunningham, D.C.Ill.1979, 477 F.Supp. 632.

Bartolacci v. Corporation of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints, D.C.Pa. 1979, 476 F.Supp. 381.

Coats Co. v. Vulcan Equip. Co., D.C.Ill.1978, 459 F.Supp. 654.

First Nat. Bank of Minneapolis v. White, D.C.Minn.1976, 420 F.Supp. 1331.

Although the plaintiff's forum selection is a factor to be considered on a motion for transfer, it is only one factor and is not necessarily controlling. Artisan Dev., Div. of Kaiser Aetna v. Mountain States Dev. Corp., D.C.Ohio 1975, 402 F.Supp. 1312, 1316.

"Of course, it must be accorded considerable weight, but its significance under the common law doctrine of forum non conveniens has diminished since the enactment of § 1404(a)." SEC v. First Nat. Fin. Corp., D.C.Ill.1975, 392 F.Supp. 239, 242.

The privilege of selecting a forum continues to play a part in deciding motions for transfer but should not be cast in the leading role. Spound v. Action Indus., Inc., D.C.Ill.1974, 369 F.Supp. 1066, 1068.

Levin v. Mississippi River Corp., D.C.N.Y.1968, 289 F.Supp. 353, 360.

A plaintiff's choice of forum no longer is entitled to the great weight given it under the doctrine of forum non conveniens, and is simply a factor to be considered. Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc., D.C.N.Y.1967, 267 F.Supp. 938.

The plaintiff's choice of forum is "now of diminished significance, although it is still to be considered."

§ **3848**                                    CHANGE OF VENUE

Also, as the many illustrative cases cited in the note below demonstrate, the plaintiff's venue choice is to be given less weight if he or she selects a district court with no obvious connection to the case or the plaintiff is a nonresident of the chosen forum or neither element points to that court.[17] Although not universally followed by other courts, this ap-

---

Oil & Gas Ventures—First 1958 Fund, Ltd. v. Kung, D.C.N.Y.1966, 250 F.Supp. 744, 754.

Although the choice of forum by the plaintiff is no longer a dominant factor, it nevertheless remains a factor that is entitled to marked respect and deference. Coffill v. Atlantic Coast Line R.R. Co., D.C.N.Y.1960, 180 F.Supp. 105, 107.

**See also**

State ex rel. Smith v. Maynard, 1994, 454 S.E.2d 46, 52, 193 W.Va. 1, **quoting Wright, Miller & Cooper.**

[17]**No connection with case**

**First Circuit**

**But compare**

The plaintiff's choice of forum must be given some weight even if the factual center of the case is in another state. Buckley v. McGraw-Hill, Inc., D.C.N.H.1991, 762 F.Supp. 430, 440, **citing Wright, Miller & Cooper.**

**Second Circuit**

Zepherin v. Greyhound Lines, Inc., D.C.N.Y.2006, 415 F.Supp.2d 409.

Kwik Goal, Ltd. v. Youth Sports Publishing Inc., D.C.N.Y.2006, 2006 WL 1517598 (slip op.).

BRMS, LLC v. North American Flight Servs., D.C.Conn.2006, 2006 WL 1313338 (slip op.).

Saltire Industrial, Inc. v. Waller Lansden Dortch & Davis, PLLC, D.C.N.Y.2005, 331 B.R. 101.

Iyalla v. TRT Holdings, Inc., D.C.N.Y.2005, 2005 WL 1765707.

Brasseler Dental, L.L.C. v. Discus Dental, L.L.C., D.C.N.Y.

2005, 2005 WL 1765706.

Oriska Ins. Co. v. Brown & Brown of Texas, Inc., D.C.N.Y.2005, 2005 WL 894912.

Ravenswood Inv. Co., L.P. v. Bishop Capital Corp., D.C.N.Y. 2005, 2005 WL 236440 (location of shareholders not material connection in securities fraud action).

U.S. v. Nature's Farm Prods., Inc., D.C.N.Y.2004, 2004 WL 1077968.

The plaintiff's choice of forum is accorded less weight when the case's operative facts have little or no connection with the transferor forum, particularly when the plaintiff brings suit outside his home forum. Pergo, Inc. v. Alloc, Inc., D.C.N.Y.2003, 262 F.Supp.2d 122.

A plaintiff's choice of forum is given less weight when the case's operative facts have little connection with the chosen forum. Mitsui Marine & Fire Ins. Co. v. Nankai Travel Int'l Co., D.C.N.Y.2003, 245 F.Supp.2d 523 (Japanese corporation plaintiff had no other nexus to forum besides office and place of business in New York).

"Where there is little material connection between the case and the chosen forum, however, a plaintiff's choice of forum carries less weight." In re Stillwater Mining Co. Secs. Litigation, D.C.N.Y.2003, 2003 WL 21087953.

The plaintiff's choice of forum is given less weight when he is not a resident of the forum and the cause of action is minimally connected with the forum. Schauder v. International Knife & Saw, Inc., D.C.N.Y.2003, 2003 WL 1961611.

Mastercard Int'l Inc. v. First Nat. Bank of Omaha, Inc., D.C.N.Y.2002, 2002 WL 31521091.

Royal Ins. Co. of America v. Tower Records, Inc., D.C.N.Y.2002, 2002 WL 31385815 (focusing on issue of "locus of operative facts").

Braun v. Giarratano, D.C.N.Y. 2002, 2002 WL 1916368.

USA Interactive v. Savannah Air Center, LLC, D.C.N.Y.2002, 2002 WL 1808236.

GMT Corporation v. Quiksilver, D.C.N.Y.2002, 2002 WL 1788016.

"Courts should, ordinarily, defer to plaintiff's choice of venue, but may give the plaintiff's choice of forum substantially less deference when the 'operative facts upon which the litigation is brought bear little material connection to the chosen forum.' " Ring v. Executive Jet Aviation, Inc., D.C.N.Y.2001, 2001 WL 492428.

Ornelas v. J. Racenstein & Co., D.C.N.Y.2001, 2001 WL 91628.

Eisenberg v. Wachovia Bank, N.A., D.C.N.Y.2001, 2001 WL 30452.

When the balance of convenience is in equipoise in the determination of whether to transfer venue, the plaintiff's choice of forum should not be disturbed; however, when the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same "great weight" and in fact is given reduced significance. Wine Markets Int'l, Inc. v. Bass, D.C.N.Y.1996, 939 F.Supp. 178.

The plaintiff's choice of forum was not entitled, for the purpose of determining whether venue should be transferred, to the same "great weight" that normally might attach

on a motion to dismiss based on forum non conveniens, when the accident giving rise to the action occurred in the proposed transferee district, and most of the eyewitnesses were within the proposed transferee district. Hernandez v. Graebel Van Lines, D.C.N.Y.1991, 761 F.Supp. 983.

Kreisner v. Hilton Hotel Corp., D.C.N.Y.1979, 468 F.Supp. 176.

Helfant v. Louisiana & Southern Life Ins. Co., D.C.N.Y. 1979, 82 F.R.D. 53.

Abramson v. INA Capital Management Corp., D.C.N.Y.1978, 459 F.Supp. 917.

Goodman v. Schmalz, D.C.N.Y. 1978, 80 F.R.D. 296.

When the operative facts had no material connection with the district in which suit was brought, the plaintiff's choice of forum was entitled to less weight than was ordinarily the case, and the fact that its principal place of business was in the state where the suit was brought was not determinative when the plaintiff would not be inconvenienced by a change of venue. Credit Alliance Corp. v. Nationwide Mut. Ins. Co., D.C.N.Y. 1977, 433 F.Supp. 688.

The absence of any contact between the forum state and the transactions underlying the cause of action reduces the weight to be given a plaintiff's choice of forum. Foster v. Litton Indus., Inc., D.C.N.Y.1977, 431 F.Supp. 86.

The plaintiffs' choice of forum, which ordinarily is entitled to some deference in the determination of a motion to transfer, deserved little, if any, respect when there was no connection between the action and any person or place in the forum state; the plaintiffs' choice in such circumstances was outweighed by the public interest in assuring that

localized controversies are decided at home and in safeguarding the district in which the suit was brought from congestion. Haase v. Mallenkrodt, Inc., D.C.N.Y.1976, 415 F.Supp. 889.

Although a plaintiff's choice of forum is entitled to substantial weight, that weight may be diminished when the suit is brought outside of the plaintiff's home forum. Pesin v. Goldman, Sachs & Co., D.C.N.Y.1975, 397 F.Supp. 392.

The plaintiff's choice of forum is not as rigidly adhered to if all of the operative facts occurred elsewhere. Leinberger v. Webster, D.C.N.Y.1975, 66 F.R.D. 28.

In determining whether to transfer an action to another district, the plaintiff's choice of forum need not be accorded as much weight as it ordinarily would if the plaintiff has no connection with the chosen forum and will have to pursue its cause of action in a foreign jurisdiction in any event. Societe Commerciale de Transports Transatlantiques (S.C.T.T.) v. S.S. "African Mercury", D.C.N.Y.1973, 366 F.Supp. 1347.

The presumption in favor of the plaintiff's choice of forum is not rigidly applied in a situation in which the cause of action sued upon arose outside of that forum. Ryer v. Harrisburg Kohl Bros., Inc., D.C.N.Y.1969, 307 F.Supp. 276.

The plaintiff's choice of forum is entitled to some weight, but when the plaintiff sues in a forum that is not its home and has no ties to the controversy, the plaintiff's choice is to be accorded less weight than ordinarily would be the case. Wibau, Westdeutsche Industrie Und Strassenbaumachinengesellschaft mbH v. American Hoist & Derrick Co., D.C.N.Y.1968, 293 F.Supp. 273.

Ordinarily, the plaintiff's choice of forum is entitled to great weight, but when the plaintiff chose a forum that was neither her home nor the place where the cause of action arose, that choice carried little weight. Ross v. Tioga Gen. Hosp., D.C.N.Y.1968, 293 F.Supp. 209.

When the plaintiff sues in a forum that is not her home and has no connection with the matter in controversy, the venue privilege is to be accorded less weight than ordinarily would be the case. Thompson v. Capital Airlines, Inc., D.C.N.Y.1963, 220 F.Supp. 140.

The plaintiff's venue privilege is entitled to no weight whatsoever when it appears that the plaintiff was forum shopping and that the selected forum has little or no connection with the parties or the subject matter. Polaroid Corp. v. Casselman, D.C.N.Y.1962, 213 F.Supp. 379.

The plaintiff's venue privilege is entitled to less weight when he sues in a district other than his residence. Glenn v. Trans World Airlines, Inc., D.C.N.Y.1962, 210 F.Supp. 31.

Transfer of a patent case may be ordered in order to avoid forum shopping, without giving the customary regard to the plaintiff's exercise of its venue privilege, even though the balance of convenience is not strongly against the plaintiff. Rayco Mfg. Co. v. Chicopee Mfg. Corp., D.C.N.Y.1957, 148 F.Supp. 588.

### Third Circuit

Zokaites v. Land-Cellular Corp., D.C.Pa.2006, 424 F.Supp.2d 824.

High River Ltd. Partnership v. Mylan Labs., Inc., D.C.Pa.2005, 353 F.Supp.2d 487.

Sandvik AB v. Rockmore Int'l, Inc., D.C.Pa.2005, 2005 WL 3159282 (in patent infringement action, plaintiff's chosen forum was not

"center of gravity" and thus was entitled to less deference).

Headon v. Colorado Boys Ranch, D.C.Pa.2005, 2005 WL 1126962 (plaintiff's choice entitled to less deference if few operative facts took place in chosen forum).

Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co., D.C.Pa. 2005, 2005 WL 639728.

General Fiber Communications, Inc. v. Barnes Wentworth, Inc., D.C.Pa.2004, 2004 WL 1636980 (if none of operative facts of action occurred in selected forum, then plaintiff's choice entitled to less weight).

Angelo Fan Brace v. Allied Moulded Prods., D.C.Pa.2004, 2004 WL 884461, **citing Wright, Miller & Cooper.**

Wojtunik v. Kealy, D.C.Pa. 2003, 2003 WL 22006240.

Saint-Gobain Calmar, Inc. v. National Prods. Corp., D.C.Pa.2002, 230 F.Supp.2d 655 (rejecting attempt to "bootstrap" connection to forum through parent-subsidiary relationship).

IKOS Systems, Inc. v. Cadence Design Sys., Inc., D.C.Del.2002, 2002 WL 31414136.

Cameli v. WNEP-16 The News Station, D.C.Pa.2001, 134 F.Supp.2d 403.

When, although the plaintiff limited partnership entities that were parties to the lease agreement allegedly breached by the defendant were described as having their principal place of business in Pennsylvania, only one half of the general partners and very few of the many limited partners resided in Pennsylvania, and when the witnesses, documents, and aircraft that were the subject of the lease were nearer to the Texas forum, the case would be transferred from the Eastern

District of Pennsylvania to the Southern District of Texas, which was the residence of the defendant. Haeberle v. Texas Int'l Airlines, D.C.Pa.1980, 497 F.Supp. 1294.

Lee v. Ohio Cas. Ins. Co., D.C.Del.1978, 445 F.Supp. 189.

When the forum selected by a plaintiff is connected neither with the plaintiff nor with the subject matter of the lawsuit, it ordinarily will be less difficult than it otherwise would be for the defendant, seeking a change of venue, to meet the burden of showing sufficient inconvenience to tip the balance of convenience strongly in the defendant's favor. Burroughs Wellcome Co. v. Giant Food, Inc., D.C.Del. 1975, 392 F.Supp. 761.

Although the plaintiff's choice of forum is to be given great weight in determining whether the defendant's motion to transfer an action to another district should be granted, when none of the operative facts of the action occur in the forum selected by the plaintiff, the plaintiff's choice of forum certainly is entitled to less weight than is ordinarily the case. Fitzgerald v. Central Gulf S.S. Corp., D.C.Pa. 1968, 292 F.Supp. 847.

**But compare**

A corporation's choice to litigate a patent infringement action in the forum in which it was incorporated was entitled to deference on a motion to transfer, even if the forum was not the corporation's "home turf," when the corporation chose the forum because it was the only jurisdiction in which it could obtain jurisdiction over all of the defendants. Tuff Torq Corp. v. Hydro-Gear Ltd. Partnership, D.C.Del.1994, 882 F.Supp. 359.

Although the transfer of a case generally will be regarded as less inconvenient to the plaintiff if the

§ **3848**                                                CHANGE OF VENUE

proach is one of sound judicial administration and reflects

plaintiff has not chosen its "home turf" or the forum where the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants seeking transfer to show that the balance of convenience and the interests of justice lay strongly in favor of transfer. In re ML-Lee Acquisition Fund II, LP, D.C.Del. 1993, 816 F.Supp. 973.

**Fourth Circuit**

The plaintiff's forum choice is entitled to only limited deference when the alleged tortious conduct did not occur in the chosen forum. Ugol v. Nemacolin Woodlands Inc., D.C.Md.2005, 2005 WL 1230214.

The Original Creatine Patent Co., Ltd. v. Met-Rx USA, Inc., D.C.Va.2005, 2005 WL 1048748.

Parham v. Weave Corp., D.C.N. C.2004, 323 F.Supp.2d 670.

If the plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum, the plaintiff's chosen venue is not entitled to substantial weight. Telepharmacy Solutions, Inc. v. Pickpoint Corp., D.C.Va.2003, 238 F.Supp.2d 741.

Hunter Engineering Co. v. ACCU Industries, Inc., D.C.Va. 2002, 245 F.Supp.2d 761 (greater connection of plaintiff and operative events to original forum increases defendant's burden in seeking transfer).

Although the plaintiff's choice of forum ordinarily is accorded considerable weight, in deciding whether to transfer venue, that weight is lessened significantly when none of the conduct complained of occurred in the forum selected by the plaintiff and the forum had no connection with the matter in controversy. Lynch v.

Vanderhoef Builders, D.C.Md.2002, 237 F.Supp.2d 615.

The weight accorded to a plaintiff's choice of forum varies in proportion to the connection between the forum and the cause of action; thus, a plaintiff's choice of its home forum is given more weight than its choice of a foreign forum. Intranexus, Inc. v. Siemens Medical Solutions Health Servs. Corp., D.C.Va.2002, 227 F.Supp.2d 581.

Acterna, L.L.C. v. Adtech, Inc., D.C.Va.2001, 129 F.Supp.2d 936.

The plaintiff's initial choice of forum must be given "some consideration," but even though he sued in the district of his residence, the weight to be given his choice is much less when none of the conduct complained of occurred in that district. Mims v. Proctor & Gamble Distributing Co., D.C.S.C.1966, 257 F.Supp. 648.

**Fifth Circuit**

Byrnes v. Parker Drilling Offshore USA, LLC, D.C.La.2006, 2006 WL 1098900.

Spiegelberg v. Collegiate Licensing Co., D.C.Tex.2005, 402 F.Supp.2d 786.

The deference generally given to the plaintiff's choice of forum is lower if the plaintiff resides outside of the forum or if the operative facts occurred outside of the forum. Morgan v. Metropolitan Life Ins. Co., D.C.La.2003, 2003 WL 1903344.

"[W]hen the plaintiff's choice of forum has no factual nexus to the case or when the plaintiff has chosen a district other than the district in which he or she resides, then courts are to give that choice of forum little weight." Berthelot v. Foti, D.C.La.2003, 2003 WL 1462930, **citing Wright, Miller & Cooper.**

good common sense.

---

Jam Strait, Inc. v. American Prods. Co., D.C.La.2002, 2002 WL 31246566.

"The weight to be accorded the choice is diminished where plaintiff brings suit outside his home forum." Heppner v. Krause Plow Corp. & Rogers, D.C.Tex.2001, 2001 WL 124947, at 2.

Robertson v. Kiamichi R.R. Co., D.C.Tex.1999, 42 F.Supp.2d 651, 655–656.

The convenience realized and the expenses saved warranted the transfer of a personal-injury case brought under the Jones Act and general maritime law to the Western District of Louisiana; the case had absolutely no connection to the Galveston Division of the Southern District of Texas in that the plaintiff was not a resident of the Galveston Division, no key witnesses resided in the Division, and the accident did not occur in the Division. Robertson v. M/V Cape Hunter, D.C.Tex. 1997, 979 F.Supp. 1105.

When none of the operative facts occur within the forum selected by the plaintiff, the plaintiff's choice is entitled only to minimal consideration. Morgan v. Illinois Cent. R.R. Co., D.C.Tex.1958, 161 F.Supp. 119.

**Sixth Circuit**

Watson v. Bortz Health Care of Rose City, D.C.Mich.2006, 2006 WL 163528.

North American Demolition Co. v. FMC Corporation, D.C.Ohio 2005, 2005 WL 1126747.

The plaintiff's choice of forum is entitled to minimal deference in light of the fact that the plaintiffs went to Delaware and sought out the defendants' business, the witnesses were overwhelmingly inconvenienced, the transfer prevented a waste of time, energy, and money,

and the transfer protected the defendants and their witnesses against unnecessary inconvenience and expense. Returns Distribution Specialists, LLC v. Playtex Prods., Inc., D.C.Tenn.2003, 2003 WL 21244142.

**Compare**

When a plaintiff has little or no connection to the chosen forum, the plaintiff's reason for choosing the forum and remaining in the forum is diminished and thus should be given less weight. In this case under the American with Disabilities Act, the plaintiff's choice deserved substantial weight because the defendant operated four stadium-style theater complexes in the district where the action was filed which, among other things, the United States was challenging as being in violation of the Act. The court concluded that the defendant had not met its burden of showing that the balance of all relevant factors weighed strongly in favor of transfer. U.S. v. Cinemark USA, Inc., D.C.Ohio 1999, 66 F.Supp.2d 881, **citing Wright, Miller & Cooper.**

**Seventh Circuit**

Washington Nat. Life Ins. Co. v. Calcasieu Parish School Bd., D.C.Ill.2006, 2006 WL 1215413 (slip op.).

Symbol Technologies, Inc. v. Intermec Technologies Corp., D.C.Ill.2005, 2005 WL 1657091.

MLR, LLC v. Kyocera Wireless Corp., D.C.Ill.2005, 2005 WL 818399.

Barela v. Experian Information Solutions, D.C.Ill.2005, 2005 WL 770629.

SEC v. Kasirer, D.C.Ill.2005, 2005 WL 645246.

Allied Van Lines, Inc. v. Gulf Shores Moving & Storage, Inc., D.C.Ill.2005, 2005 WL 418032.

139

§ 3848

Diamond Ins. Co. v. Cochran, D.C.Ill.2005, 2005 WL 327064.

IFC Credit Corp. v. Eastcom, Inc., D.C.Ill.2005, 2005 WL 43159.

Hyatt Corp. v. Personal Communications Indus. Ass'n, D.C.Ill.2004, 2004 WL 2931288.

Calmedica, LLC v. Novoste Corp., D.C.Ill.2004, 2004 WL 413296.

"[W]here the plaintiff's choice of forum is not the site of material events, plaintiff's choice of forum is entitled less deference." Friskit, Inc. v. Realnetworks, Inc., D.C.Ill. 2003, 2003 WL 22433106.

American Family Ins. ex rel. Suddarth v. Wal-Mart Stores, Inc., D.C.Ill.2003, 2003 WL 1895390 (when plaintiff's choice of forum is not site of material events, that choice is entitled to less deference).

"The weight given to plaintiff's choice of forum is lessened if the chosen forum has relatively weak connections with the operative facts giving rise to the claim." Colida v. Kyocera Wireless Corp., D.C.Ill. 2003, 2003 WL 1741396, quoting Von Holdt v. Husky Injection Molding Sys., Ltd., D.C.Ill.1995, 887 F.Supp. 185, 188.

"[T]he court must consider the situs of material events to determine how much weight to assign to plaintiff's choice of forum." Collier v. Murphy, D.C.Ill.2002, 2002 WL 31761406.

Technical Concepts LP v. Zurn Indus., Inc., D.C.Ill.2002, 2002 WL 31433408 (only connection was that forum was plaintiff's home, but cause of action did not arise in forum and proposed transferee forum was primary site of material events).

Utley v. North American Van Lines, Inc., D.C.Ind.2002, 2002 WL 31431482.

Conseco Life Ins. Co. v. Reliance Ins. Co., D.C.Ill.2001, 2001 WL 1631873 (plaintiff's choice of forum less significant when plaintiff is nonresident of chosen forum or when cause of action did not arise in chosen forum).

A suit alleging patent false marking and false advertising, in violation of the Lanham Act, would not be transferred to the Northern District of Texas at the request of the plaintiff; the plaintiff's forum choice was entitled to no weight, as it was neither the first choice nor the home forum, the willingness of the Texas-based defendant to litigate in Illinois eliminated access to proof as a factor and minimized the importance of Texas as the situs of material events, and the interests of justice would not be furthered by allowing for consolidation of the case with an alleged "mirror image" action involving the same parties in Texas, as the issues were somewhat different. FPC Corporation v. Uniplast, Inc., D.C.Ill.1998, 994 F.Supp. 945.

When none of the alleged conduct by the defendants occurred in the forum selected by the plaintiff, the plaintiff's forum preference has minimal value in determining whether the case should be transferred to another forum. Robinson v. Town of Madison, D.C.Ill.1990, 752 F.Supp. 842.

A choice of forum will be given equal consideration along with the other factors that must be considered when the defendant moves for a change of venue, when it cannot be determined where the alleged contract giving rise to the action in fact was performed, so that the court cannot conclusively find that the underlying cause of action arose in, or bore any significant relationship to, the choice of forum. Ratner v. Hecht, D.C.Ill.1985, 621 F.Supp.

Other federal judges have maintained flatly that the

378.

Central States, Southeast & Southwest Areas Pension Fund v. Brown, D.C.Ill.1984, 587 F.Supp. 1067.

Hess v. Gray, D.C.Ill.1979, 85 F.R.D. 15.

Coats Co. v. Vulcan Equip. Co., D.C.Ill.1978, 459 F.Supp. 654.

**Eighth Circuit**

"Plaintiff's choice of forum, however, is given substantially less weight if operative events giving rise to the lawsuit took place in a forum other than that chosen by the plaintiff." GMAC/Residential Funding Corp. v. Platinum Co. of Real Estate & Financial Servs., Inc., D.C.Minn.2003, 2003 WL 1572007.

Ahlstrom v. Clarent Corp., D.C.Minn.2002, 2002 WL 31856386.

When none of the conduct complained of occurred in the forum selected by the plaintiff and neither the plaintiff nor the defendant was a resident of the forum, the plaintiff's original selection of the forum had minimal weight in determining a motion for transfer of venue for the convenience and in the interests of justice. Kellner v. Saye, D.C.Neb. 1969, 306 F.Supp. 1041.

**Ninth Circuit**

Saleh v. Titan Corp., D.C.Cal. 2005, 361 F.Supp.2d 1152.

Chodock v. American Economy Ins. Co., D.C.Ariz.2005, 2005 WL 2994451.

Estate of Hong-Ming Lu v. Primax Wheel Corp., D.C.Cal.2005, 2005 WL 807048.

Hernandez v. Union Pac. R.R. Co., D.C.Cal.2005, 2005 WL 396614.

Botkin v. Safeco Ins. Co. of America, Inc., D.C.Cal.2003, 2003 WL 1888873.

The ordinarily strong presumption in favor of the plaintiff's choice of forum applies with less force when the plaintiff or real parties in interest are foreign; in actions based on a claim of patent infringement, a plaintiff's choice of forum is accorded little deference when the central facts of the lawsuit occur outside of the plaintiff's chosen forum. Sorensen v. Daimler Chrysler AG, D.C.Cal.2003, 2003 WL 1888866.

If all of the witnesses live outside of the chosen forum and all of the operative facts occurred outside of that forum, the plaintiff's choice is entitled to only minimal consideration in resolving a change of venue motion. Kachal, Inc. v. Menzie, D.C.Nev.1990, 738 F.Supp. 371.

**Tenth Circuit**

Burris v. Weyerhaeuser Co., D.C.Okl.2006, 2006 WL 682017.

National Sur. Corp. v. Robert M. Barton Corp., D.C.Okl.1979, 484 F.Supp. 222.

ROC, Incorporated v. Progress Drillers, Inc., D.C.Okl.1979, 481 F.Supp. 147.

Pope v. Missouri Pac. R.R. Co., D.C.Okl.1978, 446 F.Supp. 447.

Northwest Animal Hosp., Inc. v. Earnhardt, D.C.Okl.1977, 452 F.Supp. 191.

**Eleventh Circuit**

Lasher v. Day & Zimmerman Int'l, Inc., D.C.Ga.2006, 2006 WL 1518877 (slip op.).

Silong v. U.S., D.C.Fla.2006, 2006 WL 948048.

Balloveras v. Purdue Pharma Co., D.C.Fla.2004, 2004 WL 1202854.

Thermal Technologies, Inc. v. Dade Serv. Corp., D.C.Fla.2003, 282 F.Supp.2d 1373.

When the operative facts un-

plaintiff's choice is "relatively unimportant" and "entitled to little weight."[18] Furthermore, it is quite clear that deference

derlying a cause of action did not occur within the forum chosen by the plaintiff, the plaintiff's choice is entitled to less consideration. Windmere Corp. v. Remington Prods., Inc., D.C.Fla.1985, 617 F.Supp. 8.

**D.C. Circuit**

Sheldon v. National R.R. Passenger Corp., D.C.D.C.2005, 355 F.Supp.2d 174.

McGovern v. Burrus, D.C.D.C. 2005, 2005 WL 670273.

Jumpit, AS v. Why ASAP, LLC, D.C.D.C.2005, 2005 WL 607914.

O'Shea v. International Bhd. of Teamsters, Local Union No. 639, D.C.D.C.2005, 2005 WL 486143.

Schmidt v. American Institute of Physics, D.C.D.C.2004, 322 F.Supp.2d 28.

Liban v. Churchey Group II, L.L.C., D.C.D.C.2004, 305 F.Supp.2d 136.

Zakiya v. U.S., D.C.D.C.2003, 267 F.Supp.2d 47.

Ingram v. Eli Lilly & Co., D.C.D. C.2003, 251 F.Supp.2d 1.

Airport Working Group of Orange County, Inc. v. U.S. Department of Defense, D.C.D.C.2002, 226 F.Supp.2d 227 (courts must be especially cautious in allowing cases to remain in District of Columbia).

Greater Yellowstone Coalition v. Bosworth, D.C.D.C.2001, 180 F.Supp.2d 124.

The showing that must be made by the defendants seeking the transfer of a case for the convenience of the parties and witnesses, in the interest of justice, is lessened when the plaintiffs' choice of forum has no factual nexus to case, and when transfer is sought to a forum with which the plaintiffs have sub-

stantial ties and when the subject matter of the lawsuit is connected to that state. Trout Unlimited v. U.S. Department of Agriculture, D.C.D.C.1996, 944 F.Supp. 13.

The plaintiff's choice of forum was not accorded great deference when the forum had little, if any, connection to the activities alleged in the complaint and little or no connection with the defendants in the action. Armco Steel Co. v. CSX Corporation, D.C.D.C.1991, 790 F.Supp. 311.

Turner & Newall, PLC v. Canadian Universal Ins. Co., D.C.D. C.1987, 652 F.Supp. 1308.

The transfer statute was intended in part to prevent forum shopping and it would not be in the interest of justice to encourage, or even allow, a plaintiff to select one district exclusively or primarily to obtain or avoid specific precedents. Schmid Labs., Inc. v. Hartford Acc. & Indem. Co., D.C.D.C.1986, 654 F.Supp. 734, 737.

**[18]Little weight**

Gemological Institute of America v. Thi-Dai Phan, D.C.D.C. 2001, 145 F.Supp.2d 68.

"When taking into account the neutrality of the convenience of the parties, the plaintiff's choice of forum has a minimal effect in the analysis." Federated Dep't Stores, Inc. v. U.S. Bank Nat. Ass'n, D.C.Ill. 2001, 2001 WL 503039.

The plaintiff's choice of forum is neither the sole nor decisive consideration of a Section 1404(a) motion. Dworkin v. Hustler Magazine, Inc., D.C.Wyo.1986, 647 F.Supp. 1278, 1280, **citing Wright, Miller & Cooper.** The court found that the plaintiff's preference was not significantly more weighty than

to a plaintiff's forum choice is less appropriate if the plaintiff has chosen another venue through a contractual forum selection clause.[19] Finally, some courts give less weight to a plaintiff's forum choice if that party appears to be forum shopping or seeking a safe haven from the lawful orders of another court.[20]

---

the other factors considered, "particularly when the forum's connection to the case is obscure and the forum's connection to the plaintiff is even more so." Dworkin v. Hustler Magazine, Inc., D.C.Wyo.1986, 647 F.Supp. at 1281.

The plaintiff's choice of forum is entitled to little consideration when he has sued in a district other than the district in which he resides. Paul v. International Precious Metals Corp., D.C.Miss. 1985, 613 F.Supp. 174.

"Why, under § 1404(a), one side's preference should carry greater weight than the other's escapes us, particularly since it is impossible to determine how much weight is to be accorded plaintiff's choice given its variable treatment by the courts * * *." Levine v. Arnold Transit Co., D.C.Ill.1978, 459 F.Supp. 233, 235.

A.C. Samford, Inc. v. U.S., D.C.Ga.1963, 226 F.Supp. 72, 77.

[19]**Forum selection clause**
See § 3854.1

[20]**Forum shopping**
"USSM has already filed related actions in three other fora * * * inviting an inference of forum shopping. Thus, the presumption of favoring plaintiff's chosen forum should be accorded little weight if the other factors favor transfer." U.S. Ship Management, Inc. v. Maersk Line, Ltd., D.C.Va.2005, 357 F.Supp.2d 924, 936–937.

The transfer of a contract and fraud action arising out of a government contract was warranted by the fact that the claims duplicated many of those advanced in previous actions in the transferee district, by the fact that a substantial part of the events at issue had occurred in the transferee district, and by the fact that the complaint in the transferor district had been filed in blatant violation of the transferee court's retention of jurisdiction over cases involving the government contract at issue. Mikkilineni v. Penn Nat. Mut. Cas. Ins. Co., D.C.D. C.2003, 271 F.Supp.2d 142.

The court's decision to transfer was based largely on the plaintiff's admission that he was avoiding a district that repeatedly had dismissed some of the claims currently before the court. Mikkilineni v. Gibson-Thomas Engineering Co., D.C.D.C.2003, 2003 WL 1846047.

"[A] plaintiff's choice of forum is to be afforded greater deference when it was motivated by legitimate reasons, including the plaintiff's convenience and diminishing deference to the extent it was motivated by tactical advantage." Funke v. Life Financial Corp., D.C.N.Y. 2003, 2003 WL 194204.

**See also**

"[A] declaratory plaintiff's choice of forum is entitled to deference, but * * * the level of deference might be lessened by evidence that the plaintiff filed the declaratory action or engaged in other tactics in order to deprive the so-called 'natural plaintiff' of his choice of forum." Pegasus Dev. Corp. v. Hane, D.C.Pa.2006, 2006 WL 616300, *3.

§ 3848

On the other hand, there is at least one situation in which some courts have held that the plaintiff's choice of forum is entitled to special or extra deference—in actions brought under the Employee Retirement Income Security Act (ERISA). Relying on Congress's articulated goals of providing broad remedies to ERISA plaintiffs and removing procedural obstacles that might impeded, let alone impair, recovery in ERISA suits, these courts have that held the plaintiff's choice of forum in these cases should be accorded greater deference.[21]

These various verbal descriptions employed by the courts reflect an attempt to put into words the burden that the defendant must carry in order to persuade the district judge that the motion for a transfer of venue should be granted. The numerous cases on the point, many of which are cited in the note below simply by way of illustration, make it clear that the burden is on the defendant seeking transfer under Section 1404(a) to establish why there should be a change of forum and thereby override whatever weight the district court believes should be given to the plaintiff's forum choice.[22] Without more, it is not enough that the defendant would

---

If the plaintiff chose the forum for a legitimate reason, the choice should get deference, regardless of whether the plaintiff is a resident of the forum. Mears v. Montgomery, D.C.N.Y.2004, 2004 WL 964093.

[21]**Greater deference**

See vol. 14D, § 3825 at notes 19–27 for a discussion of the special venue provision that governs ERISA actions.

"In light of the intent expressed in the congressional record, as interpreted uniformly in the federal courts, in favor of broad choice of venue for all ERISA plaintiffs, the plaintiff's choice of venue in this case must be afforded a heightened level of deference, beyond the usual deference afforded plaintiffs under § 1404(a) analysis." Winnett v. Caterpillar, Inc., D.C.Tenn.2006, 2006 WL 1722434, *5.

Board of Trustees, Sheet Metal Workers Nat. Fund v. Baylor Heating & Air Conditioning, Inc.,

D.C.Va.1988, 702 F.Supp. 1253.

International Bhd. of Painters & Allied Trades Union v. Best Painting & Sandblasting Co., D.C.D.C. 1985, 621 F.Supp. 906.

Trustees of the Nat. Automatic Sprinkler Industry Pension Fund v. Best Automatic Fire Protection, Inc., D.C.Md.1983, 578 F.Supp. 94.

[22]**Burden on defendant**
**First Circuit**

Brian Jackson & Co. v. Eximias Pharmaceutical Corp., D.C.R.I. 2003, 248 F.Supp.2d 31.

Workgroup Technology Corp. v. MGM Grand Hotel, LLC, D.C.Mass. 2003, 246 F.Supp.2d 102.

Mangosoft, Inc. v. Oracle Corp., D.C.N.H.2003, 2003 WL 1856423.

Raymarine, Inc. v. Argonaut Computer, Inc., D.C.N.H.2002, 2002 WL 1770803.

Marel Corp. v. Encad Inc., D.C.Puerto Rico 2001, 178 F.Supp.2d 56.

**Second Circuit**

Factors Etc., Inc. v. Pro Arts, Inc., C.A.2d, 1978, 579 F.2d 215, 218, **citing Wright, Miller & Cooper,** certiorari denied 99 S.Ct. 1215, 440 U.S. 908, 59 L.Ed.2d 455

Excelsior Designs, Inc. v. Sheres, D.C.N.Y.2003, 291 F.Supp.2d 181.

"The defendant has the burden of establishing the propriety of transfer by a clear and convincing showing[, thus] * * * where the balance of convenience is in equipose, plaintiff's choice of forum should not be disturbed." Golden First Mortgage Corp. v. Berger, D.C.N.Y.2003, 251 F.Supp.2d 1132, 1141–1142.

Citibank, N.A. v. Affinity Processing Corp., D.C.N.Y.2003, 248 F.Supp.2d 172.

Varsity Spirit Fashions & Supplies, Inc. v. IIP, Incorporated, D.C.N.Y.2003, 2003 WL 22772638.

NGC Worldwide, Inc. v. Siamon, D.C.Conn.2003, 2003 WL 1987001, **quoting Wright, Miller & Cooper.**

Demato v. Northwestern Mut. Life Ins. Co., D.C.Conn.2002, 2002 WL 31559967.

Braun v. Giarratano, D.C.N.Y. 2002, 2002 WL 1916368 (moving party bears "substantial burden").

USA Interactive v. Savannah Air Center, LLC, D.C.N.Y.2002, 2002 WL 1808236.

Lesser ex rel. Lesser v. Camp Wildwood, D.C.N.Y.2002, 2002 WL 1792039.

"The burden is on the defendant, when it is the moving party, to establish that there should be a change of forum." About.com v. Aptimus, Inc., D.C.N.Y.2001, 2001 WL 503251.

Hugolick.Com v. Vanderpol,

D.C.N.Y.2001, 2001 WL 170803.

Vincent v. Davis-Grabowski, Inc., D.C.N.Y.1985, 628 F.Supp. 430, 433, **citing Wright, Miller & Cooper.**

Prudential Ins. Co. v. BMC Industries, Inc., D.C.N.Y.1985, 626 F.Supp. 652, 654, **citing Wright, Miller & Cooper.**

Hooker Chems. v. Diamond Shamrock Corp., D.C.N.Y.1980, 87 F.R.D. 398, 401, **citing Wright, Miller & Cooper.**

The defendant had the burden of clearly showing that litigation in the proposed transferee district would be more convenient and would better serve the interests of justice than litigation in the district in which suit was brought. Kreisner v. Hilton Hotel Corp., D.C.N.Y. 1979, 468 F.Supp. 176.

Bethlehem Steel Corp. v. Tishman Realty & Constr. Co., D.C.N.Y.1975, 404 F.Supp. 1285.

Usdan v. Dunn Paper Co., D.C.N.Y.1975, 392 F.Supp. 953.

U.S. Industries, Inc. v. Proctor & Gamble Co., D.C.N.Y.1972, 348 F.Supp. 1265.

Although the determination of a motion to transfer an action to another forum involves the balancing of competing interests and considerations, the conclusion that the balance tips in favor of the proposed transferee district cannot be based solely on a negative showing of inconvenience in the present forum, but must be based on an appropriate affirmative showing that the proposed transferee district offers greater convenience. Sinclair Oil Corp. v. Union Oil Co. of California, D.C.N.Y.1969, 305 F.Supp. 903.

The moving party has the burden of making a clear-cut showing that when all interests are considered the trial would proceed more

145

§ **3848**

conveniently and the interests of justice be better served in the other district. Riso Kagaku Corp. v. Minnesota Mining & Mfg. Co., D.C.N.Y.1969, 300 F.Supp. 1007.

Polychrome Corp. v. Minnesota Mining & Mfg. Co., D.C.N.Y.1966, 259 F.Supp. 330.

An action to enforce arbitration and an arbitration proceeding would not be transferred to another district for the convenience of the parties and witnesses when the respondent by charter party agreed to arbitrate in New York, that agreement was not unreasonable, and no substantial reason was offered to relieve the respondent from the contractual obligation. Texas San Juan Oil Corp. v. An-Son Offshore Drilling Co., D.C.N.Y.1961, 198 F.Supp. 284.

**Third Circuit**

The defendant did not satisfy its burden on a transfer motion when it did not support the motion with any affidavits, depositions, stipulations, or other documents containing facts that would tend to establish the necessary elements for a transfer. Plum Tree, Inc. v. Stockment, C.A.3d, 1973, 488 F.2d 754.

Cashedge, Inc. v. Yodlee, Inc., D.C.Del.2006, 2006 WL 2038504 (slip op.).

Financial Trust Co. v. Epstein, D.C.Virgin Islands 2003, 268 F.Supp.2d 561.

Clark v. Burger King Corp., D.C.N.J.2003, 255 F.Supp.2d 334.

Connors v. R & S Parts & Servs., Inc., D.C.Pa.2003, 248 F.Supp.2d 394, **citing Wright, Miller & Cooper.**

Corporate Aviation Concepts, Inc. v. Multiservice Corp., D.C.Pa.2003, 2003 WL 22794693.

Truth Hardware Corp. v.

Ashland Prods., Inc., D.C.Del.2003, 2003 WL 118005.

Williams v. Terex Corp., D.C.Pa.2001, 2001 WL 1486228.

E'Cal Corp. v. Office Max, Inc., D.C.Pa.2001, 2001 WL 1167534.

Innovative Solutions & Support, Inc. v. Global Access Unlimited, D.C.Pa.2001, 2001 WL 793309.

Jackson v. Executive Airlines, Inc., D.C.Virgin Islands 2001, 2001 WL 664673.

Brown & Brown v. K-Mart Bay Hill Plaza, D.C.Pa.2001, 2001 WL 410663.

Remick v. Manfredy, D.C.Pa. 2001, 2001 WL 366630.

Cat Internet Servs. v. Magazines.com, D.C.Pa.2001, 2001 WL 8858.

Kimball v. Schwartz, D.C.Pa. 1984, 580 F.Supp. 582, 588, **citing Wright, Miller & Cooper.**

American Medicorp, Inc. v. Humana, Inc., D.C.Pa.1977, 445 F.Supp. 573.

Berkshire Int'l Corp. v. Marquez, D.C.Pa.1976, 69 F.R.D. 583.

Smithkline Corp. v. Sterling Drug, Inc., D.C.Del.1975, 406 F.Supp. 52.

The question to be determined on a motion to transfer is whether the plaintiff's choice of forum creates problems of convenience for the defendant and its witnesses of such a substantial nature that transfer is appropriate in the interests of justice. Follansbee Metals Co. v. John T. Clark & Son of New Hampshire, Inc., D.C.Pa.1974, 387 F.Supp. 574.

When the movant for transfer to another district failed to file affidavits, depositions, stipulations, or other documents containing facts that established a need for the transfer, he failed to satisfy the

burden of showing grounds for transfer, and transfer accordingly would be denied. Keck v. Employees Independent Ass'n, D.C.Pa. 1974, 387 F.Supp. 241.

When the court could not determine whether Wyoming or Delaware would be the more convenient forum, a transfer from Delaware to Wyoming was denied. Stauffer Chem. Co. v. FMC Corporation, D.C.Del.1963, 218 F.Supp. 568.

Mere conclusory assertions of the defendant as to convenience will not justify transfer. Johnson v. Zarefoss, D.C.Pa.1961, 198 F.Supp. 548, affirmed C.A.3d, 1962, 305 F.2d 825.

**Fourth Circuit**

Toney v. Family Dollar Stores, Inc., D.C.W.Va.2003, 273 F.Supp.2d 757.

Lynch v. Vanderhoef Builders, D.C.Md.2002, 237 F.Supp.2d 615.

Intranexus, Inc. v. Siemens Medical Solutions Health Servs. Corp., D.C.Va.2002, 227 F.Supp.2d 581.

Joye v. First Commodity Corp. of Boston, D.C.S.C.1978, 81 F.R.D. 118.

**Fifth Circuit**

Time, Inc. v. Manning, C.A.5th, 1966, 366 F.2d 690.

Jackson v. Fugro Geoservices, Inc., D.C.La.2005, 2005 WL 3543929 (defendant failed to address any relevant factors and thus did not meet its burden).

Rosenthal v. Blue Diamond Growers, Inc., D.C.Tex.2003, 2003 WL 22736550.

Dupree v. Valero Energy Corp., D.C.La.2003, 2003 WL 22466234, **citing Wright, Miller & Cooper.**

Martin v. National R.R. Passenger Corp., D.C.La.2003, 2003 WL 21488119.

AMS Staff Leasing v. Starving Students, Inc., D.C.Tex.2003, 2003 WL 21436476.

Becnel v. Smile Community Action Agency, Inc., D.C.La.2001, 207 F.Supp.2d 520.

IDI, LLC v. Fields, D.C.Tex. 2001, 2001 WL 1577464.

Lexington Serv. Associates, Ltd. v. 730 Bienville Partners, Ltd. D.C.Tex.2001, 2001 WL 1545764.

National Group Underwriters, Inc. v. Southern Sec. Life Ins. Co., D.C.Tex.2001, 2001 WL 1478800.

Robinson v. American Marine Holdings, Inc., D.C.La.2001, 2001 WL 823726.

Dortch v. Jack, D.C.La.2001, 2001 WL 777030.

A motion to transfer was denied because the "[d]efendant has not fulfilled his burden of showing that a Montana venue would be convenient to anyone, save for himself." Hakemy v. Jackson, D.C.Tex.2001, 2001 WL 492378.

Tig Ins. Co. v. Nafco Ins. Co., D.C.Tex.2001, 2001 WL 432369.

Engel v. W.R. Berkley Corp., D.C.Tex.2001, 2001 WL 238113.

Whitney v. Wal-Mart Stores, Inc., D.C.La.2001, 2001 WL 121906.

Gardipee v. Petroleum Helicopters, Inc., D.C.Tex.1999, 49 F.Supp.2d 925, 928 n. 1, **quoting Wright, Miller & Cooper.**

**Sixth Circuit**

Perceptron, Inc. v. Silicon Video, Inc., D.C.Mich.2006, 423 F.Supp.2d 722 (defendant must satisfy preponderance of evidence standard).

Wausau Benefits v. Progressive Ins. Co., D.C.Ohio 2003, 270 F.Supp.2d 980.

When the balance of convenience is equal, the plaintiff's choice of forum must not be disturbed. Crawford Transportation Co. v.

§ 3848

Chrysler Corp., D.C.Ky.1961, 191 F.Supp. 223.

**Seventh Circuit**

Sitrick v. Dreamworks L.L.C., D.C.Ill.2003, 2003 WL 21147898.

Educational Visions, Inc. v. Time Trend, Inc., D.C.Ind.2003, 2003 WL 1921811.

Pasulka v. Sykes, D.C.Ill.2001, 131 F.Supp.2d 988.

Institute for Human Potential v. Dr. John T. MacDonald Foundation, Inc., D.C.Ill.2001, 2001 WL 709458.

School Stuff, Inc. v. School Stuff, Inc., D.C.Ill.2001, 2001 WL 558050.

"Defendant must show that the transferee forum is clearly more convenient." Netzky v. Fiedler, D.C.Ill.2001, 2001 WL 521396.

Boone v. Sulphur Creek Resort, Inc., D.C.Ind.1990, 749 F.Supp. 195, 201, **citing Wright, Miller & Cooper.**

Harley-Davidson Motor Co. v. Strada, D.C.Wis.1978, 78 F.R.D. 521.

An action by a Delaware corporation, against a New York corporation in a federal district court in Illinois for the alleged breach of several floor financing contracts with a Massachusetts dealer and a declaration that the plaintiff manufacturer was not liable under a separate guaranty agreement would not be transferred to a federal district court in Massachusetts when the proof was not so difficult as to require that forum to try the case and there was not a clear balance of inconvenience in favor of transfer. Hammond Corp. v. General Elec. Credit Corp., D.C.Ill.1974, 374 F.Supp. 1356.

**Eighth Circuit**

Rexam, Inc. v. United Steelworkers of America. AFL-CIO-

CLC, D.C.Minn.2003, 2003 WL 22477858.

GMAC/Residential Funding Corp. v. Infinity Mortgage, Inc., D.C.Minn.2003, 2003 WL 21406189.

HighJump Software, Inc. v. SCS Refrigerated Servs., LLC., D.C.Minn.2003, 2003 WL 465738.

The Weitz Co. v. Travelers Cas. & Sur. Co. of America, D.C.Iowa 2002, 2002 WL 31371969.

Rick v. Stevens, D.C.Iowa 2001, 145 F.Supp.2d 1026.

American Standard, Inc. v. Bendix Corp., D.C.Mo.1980, 487 F.Supp. 254, 261, **citing Wright, Miller & Cooper.**

Stinnett v. Third Nat. Bank of Hampden County, D.C.Minn.1978, 443 F.Supp. 1014, 1017, **citing Wright, Miller & Cooper.**

**Ninth Circuit**

Television Events & Marketing, Inc. v. Amcon Distributing Co., D.C.Haw.2006, 416 F.Supp.2d 948.

Haswell v. National R.R. Passenger Corp., D.C.Ariz.2006, 2006 WL 839067.

Converged IT, L.L.C. v. Business Dev. Solutions, Inc., D.C.Ariz.2006, 2006 WL 322468.

"The defendants have met their burden of showing that a transfer is necessary for the convenience of the parties and witnesses and in the interests of justice." Carolina Cas. Co. v. Data Broadcasting Corp., D.C.Cal.2001, 158 F.Supp.2d 1044.

Williams v. Bowman, D.C.Cal. 2001, 2001 WL 919855.

Los Angeles Memorial Coliseum Comm'n v. National Football League, D.C.Cal.1981, 89 F.R.D. 497, 499, **citing Wright, Miller & Cooper.**

**Tenth Circuit**

Financial Instruments Group, Ltd. v. Leung, C.A.10th, 2002, 30

prefer another forum,[23] nor is it enough merely to show that

---

Fed.Appx. 915 (for citation rules see Tenth Circuit Rule 36.3).

Smith & Loveless, Inc. v. Caicos Corp., D.C.Kan.2005, 2005 WL 1533116.

Spalitto v. HW Development Corp., D.C.Kan.2003, 2003 WL 21418367.

Freeman v. Gerber Prods. Co., D.C.Kan.2003, 2003 WL 1906334.

Bitler v. A.O. Smith Corp., D.C.Colo.2001, 2001 WL 1579378.

Sackett v. Denver & Rio Grande Western R.R. Co., D.C.Colo.1985, 603 F.Supp. 260, 261, **citing Wright, Miller & Cooper.**

National Sur. Corp. v. Robert M. Barton Corp., D.C.Okl.1979, 484 F.Supp. 222.

Ammon v. Kaplow, D.C.Kan. 1979, 468 F.Supp. 1304.

**Eleventh Circuit**

Thermal Technologies, Inc. v. Dade Serv. Corp., D.C.Fla.2003, 282 F.Supp.2d 1373.

Holmes v. Freightliner, LLC., D.C.Ala.2002, 237 F.Supp.2d 690.

Mason v. Smithkline Beecham Clinical Lab., D.C.Fla.2001, 146 F.Supp.2d 1355.

Integraph Corp. v. Stottler, Stagg & Associates, Inc., D.C.Ala. 1984, 595 F.Supp. 976.

Southeastern Equip. Co. v. Union Camp Co., D.C.Ga.1980, 498 F.Supp. 164, 165, **citing Wright, Miller & Cooper.**

**D.C. Circuit**

In re Vitamins Antitrust Litigation, D.C.D.C.2003, 263 F.Supp.2d 67.

Airport Working Group of Orange County, Inc. v. U.S. Department of Defense, D.C.D.C.2002, 226 F.Supp.2d 227.

Greater Yellowstone Coalition v. Bosworth, D.C.D.C.2001, 180

F.Supp.2d 124.

Comptroller of Currency v. Calhoun First Nat. Bank, D.C.D.C. 1985, 626 F.Supp. 137, 140, **citing Wright, Miller & Cooper.**

Professional Ass'n Travel Serv., Inc. v. Arrow Air, Inc., D.C.D.C. 1984, 597 F.Supp. 475.

Islamic Republic of Iran v. Boeing Co., D.C.D.C.1979, 477 F.Supp. 142.

[23] **Prefer another forum**

The defendant's preference for another forum is one of the private interests the court should consider. Jumara v. State Farm Ins. Co., C.A.3d, 1995, 55 F.3d 873, 879.

Consolidated Rail Corp. v. Grand Trunk Western R.R. Co., D.C.Pa.1984, 592 F.Supp. 562.

The defendant's bald statement that the action should be transferred for the convenience of the parties and the witnesses and in the interest of justice did not satisfy the burden placed on a party seeking to transfer a suit to a different district. Meineke Discount Muffler Shops, Inc. v. Feldman, D.C.Tex. 1979, 480 F.Supp. 1307.

American Contract Designers, Inc. v. Cliffside, Inc., D.C.N.Y.1978, 458 F.Supp. 735.

A motion to transfer an action from a federal court in Delaware to a court in Maryland would be denied, since the distance between the two courts was only sixty miles and it was unlikely that any of the parties or witnesses would be unduly burdened by the need to travel that distance. Lee v. Ohio Cas. Ins. Co., D.C.Del.1978, 445 F.Supp. 189.

Inconvenience to the movants alone will not suffice as a basis for the transfer of an action to a more convenient forum and any hardship incurred by the defendants must be

§ 3848

the claim arose elsewhere.[24] And, not surprisingly, transfer will not be ordered if the result is merely to shift the inconvenience of where the action is located from one party to the other since no overall advantage would be gained and there is no reason to believe that the interests of justice would be served by a change in venue.[25]

---

balanced against the hardships that the transfer would cause the plaintiff. Sohns v. Dahl, D.C.Va. 1975, 392 F.Supp. 1208.

Gower v. Chestnut Ridge Ry. Co., D.C.Pa.1958, 166 F.Supp. 661.

**[24] Arose elsewhere**

That the claim arose elsewhere is one factor to be considered. Jumara v. State Farm Ins. Co., C.A.3d, 1995, 55 F.3d 873, 879.

The mere fact that the alleged breach of a franchise agreement occurred in the Southern District of Texas would not by itself justify the transfer of venue of an action to recover for that breach from the Eastern District of Pennsylvania to the Texas district. Plum Tree, Inc. v. Stockment, C.A.3d, 1973, 488 F.2d 754.

Headrick v. Atchison, Topeka & Santa Fe Ry. Co., C.A.10th, 1950, 182 F.2d 305.

Gdovin v. Catawba Rental Co., D.C.Ohio 1984, 596 F.Supp. 1325.

Kimball v. Schwartz, D.C.Pa. 1984, 580 F.Supp. 582, 588, citing **Wright, Miller & Cooper.**

The transfer of a contract action by a Michigan corporation against a Pennsylvania corporation from Michigan to Pennsylvania was not warranted even though work was performed in Pennsylvania, records as well as witnesses not within the subpoena power of the Michigan court were located there, and Pennsylvania law applied, when it did not appear how many witnesses were involved or the extent of their testimony and the de-

fendant cited no consequences of applying Pennsylvania law as opposed to Michigan law. American Bus. Overseas v. Methods Research Prods., Inc., D.C.Mich.1983, 593 F.Supp. 1.

In determining whether to transfer a diversity action, it is not where the tort occurs or the breach of contract occurs, but where proof exists, that is important to the question of the convenience of the parties. Virginia Elec. & Power Co. v. Sun Shipbuilding & Dry Dock Co., D.C.Va.1975, 389 F.Supp. 568.

A final determination on a motion to transfer a tort suit does not rest entirely on the situs of the tort. Atlantic Richfield Co. v. Stearns-Roger, Inc., D.C.Pa.1974, 379 F.Supp. 869.

The evidence in actions by residents of New York and New Jersey for the death of decedents in an airline accident in Texas established that the damages issue could be tried more conveniently in New York, and that the balance of convenience on the liability issue did not warrant transfer to Texas. Schindelheim v. Braniff Airways, Inc., D.C.N.Y.1962, 202 F.Supp. 313.

**[25] Shift inconvenience**

"Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." Van Dusen v. Barrack, 1964, 84 S.Ct. 805, 824, 376 U.S. 612, 646, 11 L.Ed.2d 945.

**First Circuit**

RF Technologies Corp. v.

PLAINTIFF'S PRIVILEGE OF CHOOSING FORUM                    § **3848**

Applied Microwave Technologies, Inc., D.C.Me.2005, 369 F.Supp.2d 24, **quoting Wright, Miller & Cooper.**

Brian Jackson & Co. v. Eximias Pharmaceutical Corp., D.C.R.I. 2003, 248 F.Supp.2d 31.

Fash Obalco, Inc. v. M.K.M. Industries, Inc., D.C.Puerto Rico 1995, 888 F.Supp. 344, 348, **citing Wright, Miller & Cooper.**

Buckley v. McGraw-Hill, Inc., D.C.N.H.1991, 762 F.Supp. 430, 439, **citing Wright, Miller & Cooper.**

**Second Circuit**

Panterra Engineered Plastics, Inc. v. Transportation SYS Solutions, LLC, D.C.Conn.2006, — F.Supp.2d —, 2006 WL 2923596.

Colour & Design v. U.S. Vinyl Mfg. Corp., D.C.N.Y.2005, 2005 WL 1337864.

Excelsior Designs, Inc. v. Sheres, D.C.N.Y.2003, 291 F.Supp.2d 181.

Kroll v. Lieberman, D.C.N.Y. 2003, 244 F.Supp.2d 100.

Transatlantic Reins. Co. v. Continental Ins. Co., D.C.N.Y.2003, 2003 WL 22743829.

Hypoxico, Inc. v. Colorado Altitude Training LLC, D.C.N.Y. 2003, 2003 WL 21649437.

Computer Express Int'l, Ltd. v. MicronPC, LLC, D.C.N.Y.2001, 2001 WL 1776162.

Reid Dominion Packaging Ltd. v. Old Tyme Softdrinks, Inc., D.C.N. Y.1987, 661 F.Supp. 555.

Stinnes Interoil, Inc. v. Apex Oil Co., D.C.N.Y.1985, 604 F.Supp. 978.

Darby Drug Co. v. Zlotnick, D.C.N.Y.1983, 573 F.Supp. 661, 664, **citing Wright, Miller & Cooper.**

Brierwood Shoe Corp. v. Sears,

Roebuck & Co., D.C.N.Y.1979, 479 F.Supp. 563.

Microtran Co. v. Midcom, Inc., D.C.N.Y.1976, 414 F.Supp. 1103.

First Nat. City Bank v. Nanz, Inc., D.C.N.Y.1975, 437 F.Supp. 184.

A defendant in a suit upon a claim for declaratory judgment respecting a patent's validity and its infringement and a claim of antitrust violations did not sustain the burden of making out a strong case for transfer; when it appeared that transfer would merely shift the expense and inconvenience to the plaintiff, transfer on the ground of the convenience of the parties and witnesses in the interest of justice was denied. Computer Operations, Inc. v. Digital Equip. Corp., D.C.N. Y.1975, 387 F.Supp. 8.

When a plaintiff's principal offices and witnesses were in New York and the plaintiff would be just as inconvenienced by a transfer to Texas, where the defendant's principal offices and witnesses were, as the defendant purported to be by maintenance of the action in New York, the plaintiff's choice of forum would prevail. Security Nat. Bank v. Republic Nat. Life Ins. Co., D.C.N. Y.1973, 364 F.Supp. 585.

Ryer v. Harrisburg Kohl Bros., Inc., D.C.N.Y.1969, 307 F.Supp. 276.

A plaintiff's choice of forum is entitled to considerable respect when a motion is made under Section 1404(a), and thus, when transfer merely will shift the inconvenience from one party to another, or when, after balancing all of the factors, the equities lean but slightly in favor of the movant, the plaintiff's choice of forum should not be disturbed. Levin v. Mississippi River Corp., D.C.N.Y.1968, 289 F.Supp. 353.

151

§ **3848**

<span style="float:right">CHANGE OF VENUE</span>

A long list of cases can be cited for the basic proposition

---

When one party or the other will be inconvenienced equally, a motion for transfer will be denied. Zorn v. Anderson, D.C.N.Y.1966, 263 F.Supp. 745.

Schmidt v. American Flyers Airline Corp., D.C.N.Y.1966, 260 F.Supp. 813.

Scaramuzzo v. American Flyers Airline Corp., D.C.N.Y.1966, 260 F.Supp. 746.

**Third Circuit**

TruePosition, Inc. v. Sunon, Inc., D.C.Pa.2006, 2006 WL 1686635 (slip op.).

U.S. Fire Ins. Co. v. Aldworth Co., D.C.N.J.2005, 2005 WL 1522280.

Glaxosmithkline Consumer Health Care, L.P. v. Merix Pharmaceutical Corp., D.C.N.J. 2005, 2005 WL 1116318.

Wojtunik v. Kealy, D.C.Pa. 2003, 2003 WL 22006240.

Kimball v. Schwartz, D.C.Pa. 1984, 580 F.Supp. 582, 588, **citing Wright, Miller & Cooper.**

Lieb v. American Pac. Int'l, Inc., D.C.Pa.1980, 489 F.Supp. 690.

B.J. McAdams, Inc. v. Boggs, D.C.Pa.1977, 426 F.Supp. 1091.

Residex Corp. v. Farrow, D.C.Pa.1974, 374 F.Supp. 715.

A Colorado corporation against which a Pennsylvania corporation brought an action in the District of Delaware for trademark infringement and unfair competition failed to establish that Delaware was any less convenient for it than Colorado would be for the Pennsylvania corporation and its witnesses and, absent other considerations relating to the interest of justice, was not entitled to have the case transferred to the District of Colorado. Scott Paper Co. v. Scott's Liquid Gold, Inc., D.C.Del.1974, 374

F.Supp. 184.

When transfer to the United States District Court for the Eastern District of Wisconsin merely would shift the inconvenience from the defendant to the plaintiff, the defendant failed to sustain the burden to justify transfer of the suit by a Pennsylvania corporation with its principal offices located in Pennsylvania. Aquarium Pharmaceuticals, Inc. v. Industrial Pressing & Packaging, Inc., D.C.Pa. 1973, 358 F.Supp. 441.

A plaintiff's choice of a Pennsylvania forum in a suit alleging violations of the securities laws would prevail when, inter alia, although it appeared that an individual defendant, who was recuperating from a serious accident, would be greatly inconvenienced by having to travel to Philadelphia from New York, there was nothing to indicate that he would not be fully recovered by the time the case was ready to proceed to trial, and when the defendants would not be inconvenienced to a significantly greater degree by having the case adjudicated in Pennsylvania than the plaintiff, a Pennsylvania resident, would by having it transferred to New York. Silverman v. Bear, Stearns & Co., D.C.Pa.1971, 331 F.Supp. 1334.

In an antitrust suit against three automobile manufacturers, even if the defendants' executives in Detroit would be called as witnesses, the defendants' records in Detroit would be relevant, and all of the records and witnesses involved were in Detroit, that would not warrant a change of venue from the Eastern District of Pennsylvania to the Eastern District of Michigan, when the lead plaintiff and the intervenor plaintiff were in the Eastern District of Pennsylvania.

no plaintiff had any connection with the Eastern District of Michigan, and the defendants all had substantial contacts in the Eastern District of Pennsylvania. City of Philadelphia, Pennsylvania v. General Motors Corp., D.C.Pa.1971, 324 F.Supp. 181.

Miracle Stretch Underwear Corp. v. Alba Hosiery Mills, Inc., D.C.Del.1955, 136 F.Supp. 508.

**Fourth Circuit**

Strong Pharmaceuticals Labs., LLC v. Trademark Cosmetics, Inc., D.C.Md.2006, 2006 WL 2033138 (slip op.).

Innovative Multimedia Solutions v. Sulit, D.C.N.C.2006, 2006 WL 1367381 (slip op.).

Toney v. Family Dollar Stores, Inc., D.C.W.Va.2003, 273 F.Supp.2d 757.

A plastic swimming pool buyer failed to make the requisite strong showing of inconvenience or injustice necessary to justify transferring a breach of contract action, brought against it by a pool manufacturer, from Virginia to New York, despite the buyer's contentions that its witnesses and records were in New York, that it was likely to call witnesses who more easily could travel to New York, and that its German customer had indicated that the customer would commence an action against the buyer in New York as a result of the allegedly defective pools; the manufacturer was a Virginia corporation and brought suit in its home forum, the manufacturer's cause of action had a strong connection to the forum, the transfer simply would shift the balance of inconvenience to the manufacturer and its witnesses, and Virginia law would likely apply in the present action. General Foam Plastics Corp. v. Kraemer Export Corp., D.C.Va.1992, 806 F.Supp. 88.

Quinn v. Bowmar Publishing Co., D.C.Md.1978, 445 F.Supp. 780.

Stephenson v. Jordan Volkswagen, Inc., D.C.N.C.1977, 428 F.Supp. 195.

An action by a Maryland resident against an Illinois resident for property damage and personal injuries arising out of an automobile accident that occurred within the judicial district of South Carolina would not be transferred from the District of South Carolina to the Northern District of Illinois, when the Illinois resident alone would be made more convenient by a transfer to Illinois, a number of Maryland resident's material witnesses were located in South Carolina, and the expense of transporting these witnesses to Illinois from South Carolina would be great and would entail the loss of time by the witnesses from their regular employment. Gerber v. Canfield, D.C.S.C.1970, 315 F.Supp. 1175.

**Fifth Circuit**

Carrothers v. Noblestar Sys. Corp., D.C.Tex.2006, 2006 WL 734347.

Goodman Co., L.P. v. A & H Supply, Inc., D.C.Tex.2005, 396 F.Supp.2d 766.

Salinas v. O'Reilly Automotive, Inc., D.C.Tex.2005, 358 F.Supp.2d 569.

Citicapital Commercial Corp. v. First Nat. Bank of Fort Smith, D.C.Tex.2005, 2005 WL 856886.

Grencorp Financial Ltd. Partnership v. GMAC Commercial Mortgage Corp., D.C.Tex.2005, 2005 WL 762608.

Examination Management Servs., Inc. v. Partners for Ins., L.L.C., D.C.Tex.2005, 2005 WL 280323.

"The Court will not transfer a case simply to shift costs from one Party to the other." Lajaunie v. L &

§ 3848

M Bo-Truc Rental, Inc., D.C.Tex. 2003, 261 F.Supp.2d 751.

Dupree v. Valero Energy Corp., D.C.La.2003, 2003 WL 22466234, **citing Wright, Miller & Cooper.**

Although it was more convenient for the plaintiff to litigate this action in another district, its request for transfer was not appropriate when its only justification was to shift the balance of inconvenience to the defendant. Moto Photo, Inc. v. K.J. Broadhurst Enterprises, Inc., D.C.Tex.2003, 2003 WL 298799.

Axa Re-Property & Cas. Ins. Co. v. Tetra Technologies, Inc., D.C.La.2002, 2002 WL 31738816.

IDI, LLC v. Fields, D.C.Tex. 2001, 2001 WL 1577464.

Gardipee v. Petroleum Helicopters, Inc., D.C.Tex.1999, 49 F.Supp.2d 925, 929, **citing Wright, Miller & Cooper.**

Dupre v. Spanier Marine Corp., D.C.Tex.1993, 810 F.Supp. 823, 826, **citing Wright, Miller & Cooper.**

**Sixth Circuit**

Brown v. Miami Management Co., D.C.Ohio 2006, 2006 WL 1582448 (slip op.).

Ganote Consulting & Software Design, Inc. v. Imperial Optical, Inc., D.C.Ky.2002, 2002 WL 31375036.

Superior Consulting Co. v. Walling, D.C.Mich.1994, 851 F.Supp. 839.

A defendant Massachusetts corporation, which had had sales in the preceding year of over $45,000,000 and had performed a substantial volume of services for customers within Michigan during the preceding five years, was not entitled to have the case transferred from the federal court in Michigan to a federal court in Massachusetts

on the ground that it was costly and disruptive of its business to defend the action in Michigan, especially when the plaintiff was a small firm that had not performed services in Massachusetts and had its offices in Michigan, so that transfer merely would shift the inconvenience from the defendant to the plaintiff. Raymond E. Danto, Associates, Inc. v. Arthur D. Little, Inc., D.C.Mich. 1970, 316 F.Supp. 1350.

**Seventh Circuit**

Masterspas, Inc. v. Master Spas of Utah, Inc., D.C.Ind.2006, 2006 WL 2524121 (slip op.).

Finley v. Dun & Bradstreet Corp., D.C.Ill.2006, 2006 WL 861920.

Easywalker USA, LLC v. Immler, D.C.Wis.2005, 2005 WL 1750409.

Meeker v. Belleville, D.C.Ill. 2005, 2005 WL 1263144.

Merrill Iron & Steel, Inc. v. Yonkers Contracting Co., D.C.Wis. 2005, 2005 WL 1181952.

Cypress Medical Prods., L.P. v. Worthington, D.C.Ill.2005, 2005 WL 936903.

Educational Visions, Inc. v. Time Trend, Inc., D.C.Ind.2003, 2003 WL 1921811.

Muzzarelli v. Landry's Restaurants, Inc., D.C.Ill.2003, 2003 WL 1720065.

Gelco Corp. v. Major Chevrolet. Inc., D.C.Ill.2002, 2002 WL 31427027.

Warner-Lambert Co. v. Apotex Corp., D.C.Ill.2001, 2001 WL 854854.

Zalutsky, Pinski & DiGiacomo, Ltd. v. Kleinman, D.C.Ill.1990, 747 F.Supp. 457, 462, **citing Wright, Miller & Cooper.**

Rose v. Franchetti, D.C.Ill.1989, 713 F.Supp. 1203, 1214, **quoting Wright, Miller & Cooper.**

154

Central States, Southeast & Southwest Areas Pension Fund v. Brown, D.C.Ill.1984, 587 F.Supp. 1067.

Gallery House, Inc. v. Yi, D.C.Ill.1984, 587 F.Supp. 1036.

The California defendants' motion to transfer a conversion action from the Northern District of Indiana to the Central District of California would not be granted, when the purported increased convenience to the defendants by such a transfer simply would be offset by an increased inconvenience to the other parties, and to transfer the case would be to ignore completely the plaintiff's otherwise proper choice of forum. Cumis Ins. Soc., Inc. v. South-Coast Bank, D.C.Ind. 1984, 587 F.Supp. 339.

Felicia, Ltd. v. Gulf American Barge, Ltd., D.C.Ill.1983, 555 F.Supp. 801, 807, **citing Wright, Miller & Cooper.**

Ronco, Inc. v. Plastics, Inc., D.C.Ill.1982, 539 F.Supp. 391, 402, **citing Wright, Miller & Cooper.**

An action by an Illinois manufacturer against a Texas distributor to recover for equipment, supplies and replacement parts sent to a distributor would not be transferred from the Northern District of Illinois to the Northern District of Texas when the convenience to one party would be offset by the inconvenience to the other, the distributor's suit in the Northern District of Texas was filed subsequent to the manufacturer's suit and discovery difficulties of the same order existed regardless of where the case was tried, notwithstanding an indication that the suit could be more expeditiously heard in Texas. Oce'-Industries, Inc. v. Coleman, D.C.Ill.1980, 487 F.Supp. 548.

W.A. Krueger Co. v. Ottenheimer Publishers, Inc., D.C.Wis.1978,

458 F.Supp. 1082.

**Eighth Circuit**

Schwan's Consumer Brands No. America, Inc. v. Home Run Inn, Inc., D.C.Minn.2006, 2006 WL 737084.

DakColl, Inc. v. Grand Cent. Graphics, Inc., D.C.N.D.2005, 352 F.Supp.2d 990.

Caddy Prods., Inc. v. Greystone Int'l, Inc., D.C.Minn.2005, 2005 WL 3216689.

Fargo Electronics, Inc. v. Iris Ltd., Inc., D.C.Minn.2005, 2005 WL 1431653.

Residential Funding Corp. v. Anvil Funding Corp., D.C.Minn. 2005, 2005 WL 1323940.

AEI Income & Growth Fund 24, LLC v. Parrish, D.C.Minn.2005, 2005 WL 713629.

3M Innovative Properties Co. v. InFocus Corp., D.C.Minn.2005, 2005 WL 361494.

Intercoast Capital Co. v. Wailuku River Hydroelectric Ltd. Partnership, D.C.Iowa 2005, 2005 WL 290011.

Zidon v. Pickrell, D.C.N.D.2004, 344 F.Supp.2d 624.

R.D. Offutt Co. v. Lexington Ins. Co., D.C.N.D.2004, 342 F.Supp.2d 838.

GMAC/Residential Funding Corp. v. Infinity Mortgage, Inc., D.C.Minn.2003, 2003 WL 21406189.

Anheuser-Busch, Inc. v. All Sports Arena Amusement, Inc., D.C.Mo.2002, 244 F.Supp.2d 1015.

The Weitz Co. v. Travelers Cas. & Sur. Co. of America, D.C.Iowa 2002, 2002 WL 31371969.

Houk v. Kimberly-Clark Corp., D.C.Mo.1985, 613 F.Supp. 923, 928, **citing Wright, Miller & Cooper.**

Munsingwear, Inc. v. Damon Coats, Inc., D.C.Minn.1978, 449 F.Supp. 532.

155

that the balance of convenience must be strongly in favor of the moving party before a transfer of venue will be ordered under Section 1404(a); numerous other cases use comparable

---

Stinnett v. Third Nat. Bank of Hampden County, D.C.Minn.1978, 443 F.Supp. 1014.

Vasquez v. Falcon Coach Co., D.C.N.D.1974, 376 F.Supp. 815.

**Ninth Circuit**

Decker Coal Co. v. Commonwealth Edison Co., C.A.9th, 1986, 805 F.2d 834.

Ellis v. Costco Wholesale Corp., D.C.Cal.2005, 372 F.Supp.2d 530.

Northwest Pipe Co. v. State Pipe & Supply, Inc., D.C.Ore.2005, 2005 WL 670303.

Unicru, Inc. v. Brenner, D.C.Ore.2004, 2004 WL 785276.

Lee v. Lockheed Martin Corp., D.C.Cal.2003, 2003 WL 22159053.

Fuller Bros., Inc. v. International Marketing, Inc., D.C.Ore.1994, 870 F.Supp. 299.

Idaho Potato Comm'n v. Washington Potato Comm'n, D.C.Idaho 1976, 410 F.Supp. 171.

**Tenth Circuit**

Financial Instruments Group, Ltd. v. Leung, C.A.10th, 2002, 30 Fed.Appx. 915.

Deer Creek Dev., LLC v. Kim, D.C.Colo.2006, 2006 WL 1154213 (slip op.).

AMS Health Sciences, Inc. v. Feather, D.C.Okl.2006, 2006 WL 1049596.

Moses v. Halstead, D.C.Kan. 2006, 2006 WL 707725.

Metabolite Labs., Inc. v. AmerisourceBergen Corp., D.C.Colo.2005, 2005 WL 2105035.

Smith & Loveless, Inc. v. Caicos Corp., D.C.Kan.2005, 2005 WL 1533116.

Green v. Chetpatananont,

D.C.Okl.2005, 2005 WL 1503438.

Holsinger v. Nickell, D.C.Kan. 2005, 2005 WL 1266585.

Lovett v. Key Energy Servs., Inc., D.C.Utah 2004, 2004 WL 1055661.

Freeman v. Gerber Prods. Co., D.C.Kan.2003, 2003 WL 1906334.

Dworkin v. Hustler Magazine, Inc., D.C.Wyo.1986, 647 F.Supp. 1278, **citing Wright, Miller & Cooper.**

ROC, Incorporated v. Progress Drillers, Inc., D.C.Okl.1979, 481 F.Supp. 147.

In an action by Kansas residents against a New York seller of a horse and a New York veterinarian to recover for breach of contract, breach of express warranties, and other theories, in the sale of the horse, the defendants' motion to transfer the case to an appropriate United States judicial district in New York would be denied since transfer to New York would only reverse the situation as to which party would reside outside the district of the forum court, which party would have increased expenses because of travel, and which witnesses would be outside the reach of compulsory process. Ammon v. Kaplow, D.C.Kan.1979, 468 F.Supp. 1304.

Crossroads State Bank v. Savage, D.C.Okl.1977. 436 F.Supp. 743.

Radiation Researchers. Inc. v. Fischer Indus., Inc., D.C.Okl.1976, 70 F.R.D. 561.

**Eleventh Circuit**

A.J. Taft Coal Co. v. Barnhart, D.C.Ala.2003, 291 F.Supp.2d 1290.

phraseology to make exactly the same point.[26] Despite this

[26]**Strongly in favor**

There are so many decisions that have stated the proposition in the text that only a select few will be cited by way of example:

In re Horseshoe Entertainment, C.A.5th, 2003, 337 F.3d 429, certiorari denied 124 S.Ct. 826, 540 U.S. 1049, 157 L.Ed.2d 698.

William A. Smith Contracting Co. v. Travelers Indem. Co., C.A.10th, 1972, 467 F.2d 662, 664.

Shutte v. Armco Steel Corp., C.A.3d, 1970, 431 F.2d 22, 25, certiorari denied 91 S.Ct. 871, 401 U.S. 910, 27 L.Ed.2d 808.

Texas Gulf Sulphur Co. v. Ritter, C.A.10th, 1967, 371 F.2d 145, 147.

Houston Fearless Corp. v. Teter, C.A.10th, 1963, 318 F.2d 822, 827–828.

Lykes Bros. S.S. Co. v. Sugarman, C.A.2d, 1959, 272 F.2d 679, 681.

Blake v. Capitol Greyhound Lines, C.A.1955, 222 F.2d 25, 27, 95 U.S.App.D.C. 334.

Gross v. Owen, C.A.1955, 221 F.2d 94, 95, 95 U.S.App.D.C. 222.

General Portland Cement Co. v. Perry, C.A.7th, 1953, 204 F.2d 316, 319.

Wiren v. Laws, C.A.1951, 194 F.2d 873, 875, 90 U.S.App.D.C. 105.

Nicol v. Koscinski, C.A.6th, 1951, 188 F.2d 537.

Ford Motor Co. v. Ryan, C.A.2d, 1950, 182 F.2d 329, 330, certiorari denied 71 S.Ct. 79, 340 U.S. 851, 95 L.Ed. 624.

Kwik Goal, Ltd. v. Youth Sports Publishing Inc., D.C.N.Y.2006, 2006 WL 1517598 (slip op.).

Jensen v. Unifund CCR Partners, D.C.Ill.2006, 2006 WL 1430214 (slip op.).

UltimateMeasures, Inc. v. Bohnengel, D.C.Ill.2004, 2004 WL 906096.

Wausau Benefits v. Progressive Ins. Co., D.C.Ohio 2003, 270 F.Supp.2d 980.

Financial Trust Co. v. Epstein, D.C.Virgin Islands 2003, 268 F.Supp.2d 561.

Nutrition & Fitness, Inc. v. Blue Stuff, Inc., D.C.N.C.2003, 264 F.Supp.2d 357.

Koh v. Microtek Int'l, Inc., D.C.Va.2003, 250 F.Supp.2d 627.

Brian Jackson & Co. v. Eximias Pharmaceutical Corp., D.C.R.I. 2003, 248 F.Supp.2d 31.

Tatar v. Trans Union L.L.C., D.C.Ill.2003, 2003 WL 22478941.

Dupree v. Valero Energy Corp., D.C.La.2003, 2003 WL 22466234, **citing Wright, Miller & Cooper.**

AMS Staff Leasing v. Starving Students, Inc., D.C.Tex.2003, 2003 WL 21436476.

A & L Laboratories, Inc. v. Bou-Matic, LLC, D.C.Minn.2003, 2003 WL 21005305.

Freeman v. Gerber Prods. Co., D.C.Kan.2003, 2003 WL 1906334.

Morgan v. Metropolitan Life Ins. Co., D.C.La.2003, 2003 WL 1903344.

The accountant defendants established only that suit in Ohio would be more convenient, falling short of the requisite proof that Ohio was substantially more convenient since the plaintiff's choice of forum was owed a certain deference as the district where the plaintiff resided. Sarantakis v. Gruttadauria, D.C.Ill.2003, 2003 WL 1338087.

Society of Lloyd's v. Carter, D.C.N.H.2003, 2003 WL 1191399.

The court denied the defendant's motion to transfer because it did not appear that the balance of

§ 3848

impressive line of authority, it is possible to think, as some

conveniences "strongly" favored the defendant. Fisher v. Hopkins, D.C.N.Y.2003, 2003 WL 102845.

Holmes v. Freightliner, LLC., D.C.Ala.2002, 237 F.Supp.2d 690.

Z. Bavelloni U.S.A., Inc. v. The Marble Showroom, Inc., D.C.N.C. 2002, 2002 WL 31942141.

Commodities Specialists Co. v. Brummet, D.C.Minn.2002, 2002 WL 31898166 (court found that although some factors weighed in favor of venue in Tennessee, defendant did not meet his burden of showing that balance of factors strongly favored transfer).

Gagnon v. Sprint Spectrum, L.P., D.C.Kan.2002, 2002 WL 31477975.

Gelco Corp. v. Major Chevrolet, Inc., D.C.Ill.2002, 2002 WL 31427027 (moving party bears burden of demonstrating that transfer is clearly more convenient).

Ganote Consulting & Software Design, Inc. v. Imperial Optical, Inc., D.C.Ky.2002, 2002 WL 31375036.

France Telecom S.A. v. Novell, Inc., D.C.Del.2002, 2002 WL 31355254.

Jam Strait, Inc. v. American Prods. Co., D.C.La.2002, 2002 WL 31246566.

Braun v. Giarratano, D.C.N.Y. 2002, 2002 WL 1916368.

Lesser ex rel. Lesser v. Camp Wildwood, D.C.N.Y.2002, 2002 WL 1792039 (moving party must demonstrate through clear and convincing evidence that interests of justice require transfer to venue other than one chosen by plaintiff).

GMT Corporation v. Quiksilver, D.C.N.Y.2002, 2002 WL 1788016.

Raymarine, Inc. v. Argonaut Computer, Inc., D.C.N.H.2002, 2002

WL 1770803.

Safe Bed Technologies Co. v. KCI USA, Incorporated, D.C.Ill. 2002, 2002 WL 1769991, citing **Wright, Miller & Cooper.**

Arkansas Right To Life State Political Action Committee v. Butler, D.C.Ark.1997, 972 F.Supp. 1187, 1193, citing **Wright, Miller & Cooper.**

Black & Decker Corp. v. Amirra, Inc., D.C.Ark.1995, 909 F.Supp. 633, 635, citing **Wright, Miller & Cooper.**

Because courts typically accord the plaintiff's choice of forum considerable weight, the plaintiff's selection should not be disturbed unless the balance of several factors is strongly in favor of the defendant, and thus, it is incumbent upon the moving party to demonstrate a strong case for transfer by showing that the interests of justice and of the parties will be served most fairly and efficiently in the transferee forum. Snyder v. Madera Broadcasting, Inc., D.C.N.Y.1995, 872 F.Supp. 1191.

Sandvik, Inc. v. Continental Ins. Co., D.C.N.J.1989, 724 F.Supp. 303, 307.

Anonymous v. FDIC, D.C.D.C. 1985, 617 F.Supp. 509, 512, citing **Wright, Miller & Cooper.**

DMP Corporation v. Fruehauf Corp., D.C.N.C.1985, 617 F.Supp. 76, 77, citing **Wright, Miller & Cooper.**

Gallery House, Inc. v. Yi, D.C.Ill.1984, 587 F.Supp. 1036, 1038.

Air Express Int'l Corp. v. Consolidated Freightways, Inc., D.C.Conn.1984, 586 F.Supp. 889, 890.

Sterling Box Co. v. Touretz, D.C.Pa.1984, 585 F.Supp. 1230, 1235.

158

PLAINTIFF'S PRIVILEGE OF CHOOSING FORUM                    § 3848

Continental Illinois Nat. Bank & Trust Co. of Chicago v. Stanley, D.C.Ill.1984, 585 F.Supp. 610, 612.

American Standard, Inc. v. Bendix Corp., D.C.Mo.1980, 487 F.Supp. 254, 261, **citing Wright, Miller & Cooper.**

Essex Crane Rental Corp. v. Vic Kirsch Constr. Co., D.C.N.Y. 1980, 486 F.Supp. 529, 536, **citing Wright, Miller & Cooper.**

Voorlas Mfg. Co. v. Mars Signal Light Co., D.C.Wis.1979, 481 F.Supp. 828.

Hess v. Gray, D.C.Ill.1979, 85 F.R.D. 15.

Quinn v. Bowmar Publishing Co., D.C.Md.1978, 445 F.Supp. 780.

Paul Allison, Inc. v. Minikin Storage of Omaha, Inc., D.C.Okl. 1977, 436 F.Supp. 444.

Lee v. Hunt, D.C.La.1977, 431 F.Supp. 371.

First Nat. City Bank v. Nanz, Inc., D.C.N.Y.1975, 437 F.Supp. 184.

Medicenters of America, Inc. v. T & V Realty & Equip. Corp., D.C.Va.1974, 371 F.Supp. 1180, 1184.

Continental Oil Co. v. Atwood & Morrill Co., D.C.Mont.1967, 265 F.Supp. 692, 699.

Calva v. American Air Lines, Inc., D.C.Minn.1959, 177 F.Supp. 238, 239.

S.O.S. Company v. Bolta Co., D.C.Ill. 1953, 117 F.Supp. 59, 64.

First Nat. Bank of Boston v. Fidelity & Deposit Co. of Maryland, D.C.Mass.1952, 107 F.Supp. 894, 895.

Glasfloss Corp. v. Owens-Corning Fiberglas Corp., D.C.N.Y. 1950, 90 F.Supp. 967, 971.

**See also**

"* * * [A] defendant must do more than show that the transfer will on the whole make the trial more convenient; it must make the trial markedly more convenient. It does not trouble me that I cannot say how much more that must be; we are often faced with indeterminate and indeterminable standards; reasonable notice, reasonable cause, gross negligence, the requisite proof in fraud or in a criminal prosecution. Much of life depends upon such choices, and he is a pedant who thinks otherwise." Ford Motor Co. v. Ryan, C.A.2d, 1950, 182 F.2d 329, 332 (Hand, C.J., concurring), certiorari denied 71 S.Ct. 79, 340 U.S. 851, 95 L.Ed. 624.

The balance in the defendant's favor must be shown by clear and convincing evidence. Headrick v. Atchison, Topeka & Santa Fe Ry. Co., C.A.10th, 1950, 182 F.2d 305, 310.

A discretionary transfer of venue will not be granted absent a clear cut and convincing showing by the defendant that the balance of convenience weighs strongly in favor of the transferee court. Star Lines, Ltd. v. Puerto Rico Maritime Shipping Authority, D.C.N.Y.1978, 442 F.Supp. 1201.

The burden of persuasion on the moving party requires something more than a mere preponderance of the evidence. Kisko v. Penn Cent. Transportation Co., D.C.Pa. 1976, 408 F.Supp. 984.

The transfer of an action on the ground of the convenience of the parties and witnesses in the interest of justice was designed primarily for those cases in which the defendant's essential witnesses are not under its control and are located in the proposed transferee district and the plaintiff could not make the same claim as to its witnesses in the transferor district, when a view of the premises is imperative, when transfer is sought to

§ 3848

courts have, that this common formulation overstates the showing that is required of the movant.[27]

The language that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed" initially appeared in a leading 1947 decision of

---

a district court substantially distant from the district where the action was instituted, or when other such special considerations exist. Computer Operations, Inc. v. Digital Equip. Corp., D.C.N.Y.1975, 387 F.Supp. 8.

The burden is on the party moving for transfer of an action to another district to make out a clear-cut case for transfer. Allied Int'l Prods. Ltd. v. Textron Indus., Inc., D.C.N.Y.1974, 382 F.Supp. 210, 211.

In order to entitle a party to have an action transferred to another district, the record must heavily and substantially preponderate in favor of the moving party before the plaintiff's choice of forum will be disturbed. Umbriac v. American Snacks, Inc., D.C.Pa.1974, 379 F.Supp. 627, 629.

A limited degree of added convenience does not justify transfer. Legg v. Pittsburgh & Lake Erie Co., D.C.Pa.1960, 186 F.Supp. 73, 74.

[27] **Overstates showing**

Saleh v. Titan Corp., D.C.Cal. 2005, 361 F.Supp.2d 1152, **quoting Wright, Miller & Cooper.**

IFL Group Inc. v. World Wide Flight Servs., Inc., D.C.Mich.2004, 306 F.Supp.2d 709 (defendant must carry burden by preponderance of evidence).

The convenience test for a determination of whether to grant a motion to transfer a case to a different district is a comparative analysis between the relative conveniences and burdens of the plaintiffs' choice of forum and the forum requested by the defendants; the

defendants need not show inconvenience on any absolute judgmental scale. Umbriac v. American Snacks, Inc., D.C.Pa.1975, 388 F.Supp. 265, 271.

The defendant moving to transfer a case for the convenience of the parties and witnesses and in the interest of justice is not bound to produce such a strong, favorable balance that his factors favoring transfer must greatly preponderate those of the plaintiffs. Mims v. Proctor & Gamble Distributing Co., D.C.S.C.1966, 257 F.Supp. 648, 656.

"The Government seeks to place upon the defendant the burden of showing that specific harm-such as loss of sales or shutdown of operations-would result from the absence of these men. Such a grave showing is not absolutely necessary; clear and convincing demonstration of substantial inconvenience and genuine hardship would suffice." U.S. v. General Motors Corp., D.C.N.Y.1960, 183 F.Supp. 858, 861 (Herlands. J.).

The defendant's margin of victory need not be an overwhelming one and disturbing the plaintiff's choice of forum is no longer a rarity. Pharma-Craft Corp. v. F.W. Woolworth Co., D.C.Ga.1956, 144 F.Supp. 298, 307, mandamus denied C.A.5th, 1958, 236 F.2d 911.

Paragon-Revolute Corp. v. C.F. Pease Co., D.C.Del.1954, 120 F.Supp. 488, 489-490.

**See also**

Hu v. Crockett. Fla.App.1983, 426 So.2d 1275, 1278, **citing Wright, Miller & Cooper.**

160

the Supreme Court on forum non conveniens.[28] In the years shortly after Section 1404(a) was enacted, at a time when many federal courts thought that the statute was merely a codification of the forum non conveniens doctrine, the cases quite naturally applied that language in cases arising under the new statute. In 1955, the Supreme Court made it clear that the statute was more than a codification, and that transfers can be granted under Section 1404(a) more freely than were dismissals under forum non conveniens.[29] By that time, the numerous cases requiring the balance to be strongly in favor of the moving party for transfer to be ordered had acquired a momentum of their own. Later cases have cited and quoted them often without recognizing that the original source of this theory was in connection with the forum non conveniens doctrine and that application of this standard to Section 1404(a) is doubtful.

There is a similar explanation for the much smaller group of cases in which it is said that a venue transfer is proper only if the plaintiff's choice of forum was made to "vex, harass, or oppress" the defendant.[30] This language comes

[28]**Initially appeared**

Gulf Oil Co. v. Gilbert, 1947, 67 S.Ct. 839, 843, 330 U.S. 501, 508, 91 L.Ed. 1055. See vol. 14D, § 3828.1.

[29]**Granted more freely**

Norwood v. Kirkpatrick, 1955, 75 S.Ct. 544, 349 U.S. 29, 99 L.Ed. 789. See § 3847.

"The burden of establishing that transfer is warranted under section 1404(a) is less stringent than under the former doctrine of forum non conveniens since transfer under § 1404(a) does not result in dismissal." Lewis v. CRI, Incorporated, D.C.N.Y.2003, 2003 WL 1900859.

Cook v. International Harvester Co., D.C.Wis.1985, 610 F.Supp. 271.

Club Assistance Program, Inc. v. Zukerman, D.C.Ill.1984, 598 F.Supp. 734, 736.

Gdovin v. Catawba Rental Co., D.C.Ohio 1984, 596 F.Supp. 1325, 1326 n. 1, citing Wright, Miller &
Cooper.

Central States, Southeast & Southwest Areas Pension Fund v. Brown, D.C.Ill.1984, 587 F.Supp. 1067, 1069.

Coats Co. v. Vulcan Equip. Co., D.C.Ill.1978, 459 F.Supp. 654, 656, citing Wright, Miller & Cooper.

[30]**"Vex, harass, or oppress"**

NIS Corporation v. Swindle, C.A.8th, 1984, 724 F.2d 707, 710.

Gdovin v. Catawba Rental Co., D.C.Ohio 1984, 596 F.Supp. 1325, 1327.

Sterling Box Co. v. Touretz, D.C.Pa.1984, 585 F.Supp. 1230, 1235.

A plaintiff may not use his choice of forum to "vex," "oppress," or "harass" the defendant by imposing upon him expense or trouble unnecessary to the pursuit of his remedy; however, unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

§ 3848

from the same 1947 Supreme Court decision on forum non conveniens mentioned above.[31] If the movant can show that the plaintiff did set out deliberately to harass the opposing party by his or her choice of forum, this would be a factor arguing for transfer,[32] but clearly transfer under Section 1404(a) can be granted even if that element is not present in the initial forum selection.[33]

Whatever judicial formulation of the standard on a Section

---

Holiday Rambler Corp. v. American Motors Corp., D.C.Mich.1966, 254 F.Supp. 137, 139.

"Without more, plaintiff, having chosen a Delaware forum, without any element of harassment, should be entitled to be confirmed in its choice of forum." United Indus. Corp. v. Gira, D.C.Del.1961, 204 F.Supp. 410, 413.

In order to justify transfer, "the circumstances of the case must establish such hardship on the parties setting up the plea as would amount to vexatiousness or oppression if the court persisted in exercising jurisdiction." Legg v. Pittsburgh & Lake Erie Co., D.C.Pa.1960, 186 F.Supp. 73, 74.

Weight was given to the fact that the plaintiff had not chosen the forum to vex, harass, or oppress the defendant. Cooper v. Camp Pinecrest, Inc., D.C.N.Y.1959, 175 F.Supp. 817, 819.

Transfer was denied when the forum was not chosen to vex, harass, or oppress the defendant. Masterpiece Productions, Inc. v. United Artists Corp., D.C.Pa.1950, 94 F.Supp. 116, 117.

**Compare**

Transfer will be granted only if it is made to appear that a trial in the original forum will constitute an imposition upon the court and upon the adversary. Spence v. Norfolk & Western Ry. Co., D.C.Ohio 1950, 89 F.Supp. 823, 825.

[31] **Origin of phrase**

"It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy." Gulf Oil Corp. v. Gilbert, 1947, 67 S.Ct. 839, 843, 330 U.S. 501, 508, 91 L.Ed. 1055.

[32] **Arguing for transfer**

When, after the defendant had charged the plaintiff with infringement of patents, representatives of the parties met and, although it was not clear whether the plaintiff had agreed to consider further the proposal of a licensing arrangement, it was clear that the plaintiff "outraced" the defendants to the courthouse and filed its action for declaratory judgment prior to the time that the defendant filed its action in Illinois, under the circumstances neither the plaintiff's priority in starting the suit nor its choice of forum was entitled to determinative weight. Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc., D.C.N.Y.1967, 267 F.Supp. 938.

Pepsi-Cola Co. v. Dr. Pepper Co., D.C.Pa.1963, 214 F.Supp. 377, 383.

[33] **Element not present**

Whether the plaintiff's action is oppressive, harassing, or vexatious is not an essential factor in determining whether a transfer should be granted. Dairy Indus. Supply Ass'n v. LaBuy, C.A.7th, 1953, 207 F.2d 554, 558.

1404(a) motion is invoked in a particular case, the burden should remain on the defendant and the motion must not be lightly granted. In addition to the respect that should be accorded the plaintiff's forum choice, setting the defendant's burden of persuasion at a low level will encourage the making of transfer motions with their inevitable attendant expenditure of time and resources by the litigants and the court.

The discussion in this section has centered on the most typical situation, in which the defendant is seeking to transfer a case away from the forum chosen by the plaintiff. A plaintiff also may move for a venue change under Section 1404(a).[34] It seems quite logical that the burden should be at least as heavy on a plaintiff who seeks to change the forum that he or she had selected as it is when the defendant is the moving party.[35] Of course, as with all Section 1404(a)

---

[34]**Motion by plaintiff**

See § 3844 n. 5.

[35]**Plaintiff's burden**

The plaintiff failed to make the necessary showing that there had been a change of circumstances warranting transfer since the suit was filed. Yoonessi v. The New York State Bd. for Professional Medical Conduct, D.C.N.Y.2005, 2005 WL 645223, affirmed C.A.2d, 2006, 162 Fed.Appx. 63 (for citation rules see Second Circuit Rules § 0.23).

Clayman v. Starwood Hotels & Resorts Worldwide, Inc., D.C.Kan. 2004, 2004 WL 515955, **quoting Wright, Miller & Cooper.**

Ferrostaal, Inc. v. M/V EAGLE, D.C.N.Y.2003, 2003 WL 21496689.

An alcoholic beverage manufacturer was not entitled to transfer its action against a distributor for the breach of malt distributorship agreements from Illinois to California on the ground that the distributor's counterclaims exceeded the scope of its claims and addressed issues raised solely in the manufacturer's California action against the distributor for violations of wine distributorship agreements, when

the manufacturer initiated the action in Illinois. E & J Gallo Winery v. Morand Bros. Beverage Co., D.C.Ill.2002, 247 F.Supp.2d 973.

Marino v. Kent Line Int'l, D.C.Pa.2002, 2002 WL 31618496, **citing Wright, Miller & Cooper.**

Sodepac, S.A. v. Choyang Park, D.C.N.Y.2002, 2002 WL 31296341 (plaintiff moving to transfer must demonstrate that, since action was filed, there has been change of circumstances that warrants transfer of venue).

The plaintiff was not entitled to transfer a case from a Pennsylvania district court to the District Court for the Northern District of Texas when the plaintiff's business was located in Pennsylvania, the prospective witnesses from Texas were all, or most all, employees of the Texas resident defendant, and the corporate records possibly needed in the litigation belonged to the defendant; the fact that Texas law might apply to the case was not the reason for transfer. Campbell v. Mitsubishi Aircraft Int'l, Inc., D.C.Pa.1976, 416 F.Supp. 1225.

Ziegler v. Dart Indus., Inc., D.C.Del.1974, 383 F.Supp. 362, 364.

determinations, the particular circumstances surrounding the transfer motion must be considered by the district judge. If, for example, suit originally was brought in the only forum in which several defendants could be joined and some of them thereafter are dropped from the case, the burden on the plaintiff in justifying transfer should be less than if the initiating party merely has had second thoughts.[36]

### § 3849. Standard in Considering Transfer— Convenience of Parties

The first factor mentioned in Section 1404(a) of Title 28 to be considered on a motion to transfer is the convenience of the parties. The statute refers to all of the parties to the action, which means that their frequently competing conveniences must be taken into account by the court. Therefore, transfer will be refused on account of this factor if the effect of a change of venue would be merely to shift the inconvenience from one party to the other.[1] Similarly, when transfer would be more convenient for one defendant, but less convenient for another defendant, courts have sustained the plaintiff's initial choice of forum.[2]

A defendant moving for transfer must show both that the

---

Huisman v. Geuder, Paeschke & Frey Co., D.C.Wis.1966, 250 F.Supp. 631, 632.

[36]**Particular circumstances**

The statement in text was adopted by the court in Fairfax Dental Ltd. v. S.J. Filhol Ltd., D.C.N.Y.1986, 645 F.Supp. 89, 92, citing **Wright, Miller & Cooper.**

The burden may be less when the original district was the only one in which all of the defendants could have been joined, and when some of the defendants are later dropped, but it is still for the plaintiff to establish that a transfer is warranted. Hess Oil Virgin Islands Corp. v. UOP, Incorporated, D.C.Okl.1978, 447 F.Supp. 381, 383, citing **Wright, Miller & Cooper.**

**[Section 3849]**

[1]**Shift inconvenience**

See the cases cited in § 3848

note 25.

The plaintiff seeking a change of venue failed to show that the transfer was convenient for all of the parties, when the defendant did not have an extensive operation in the proposed venue and would be affected adversely by the additional time away from work that its employees would have to take in order to travel and testify in the proposed venue. Rohde v. Central R.R. of Indiana, D.C.Ill.1997, 951 F.Supp 746.

[2]**Choice sustained**

Mullins v. Equifax Information Servs., LLC, D.C.Va.2006, 2006 WL 1214024 (slip op.), quoting **Wright, Miller & Cooper.**

When an action under the Fair Labor Standards Act was brought against several state and county agencies, one particular county agency was not entitled to a transfer of venue to the district in which