UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| IN RE STATE STREET BANK AND TRUST CO. ERISA LITIGATION | : : : | 07 Civ. 8488 (RJH) |
| This document relates to: | : : : | |
| 07 Civ. 9319<br>07 Civ. 9687<br>08 Civ. 0265 | : : : : : : : : | LEAD PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE A CONSOLIDATED AMENDED COMPLAINT |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE A CONSOLIDATED AMENDED COMPLAINT**

Interim Lead Class Action Plaintiffs (hereinafter "Lead Plaintiffs") in these consolidated cases request leave to file a Consolidated Amended Complaint ("CAC") in the above–captioned cases to (a) consolidate in a single operative complaint the allegations contained in three previously filed class action complaints that have recently been consolidated by the Court; (b)_ add additional allegations regarding the conduct of Defendants State Street Bank and Trust Company ("State Street Bank) and State Street Global Advisors, Inc. ("SSgA") (collectively "State Street") in the wake of the Bond Funds' losses and (c) include additional plaintiffs with claims stemming from State Street's imprudent management of certain bond funds in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), without burdening the Court with filing of additional separate class action complaints.  A copy of the CAC is attached to the

Declaration of Derek W. Loeser as Exhibit A. In support of this motion, Lead Plaintiffs state the following:

## I. BACKGROUND

On November 7, 2007, this Court consolidated *Unisystems, Inc. Employees Profit Sharing Plan v. State Street Bank and Trust Co. et al.*, Civil Action No.: 07-Civ-9319, into the earlier-filed case, *Prudential Retirement Insurance and Annuity Co. v. State Street Bank and Trust Co., et al.*, Civil Action No.: 07-Civ-08488. On January 7, 2008, this Court consolidated *Merrimack Mutual Fire Insurance Co. et al. v. State Street bank and Trust Co., et al.*, Civil Action 07-Civ-9687, under the caption *In re State Street Bank and Trust Co. ERISA Litigation*. On January 31, 2008, this Court consolidated *Nashua Corp. Pension Plan Committee et al., v. State Street Bank and Trust Co., et al.* with the previously-consolidated ERISA Actions for pre-trial purposes. Defendants answered Lead Plaintiffs' operative Complaints on January 24, 2008.

On January 31, 2008, this Court appointed Warren Cohen, Alan Kober, John L. Patenaude, Margaret Callan, and Karen Adams as Lead Plaintiffs in this action. *See* January 31, 2008 Order Consolidating Actions, Appointing Lead Plaintiffs, and Approving Their Selection of Interim Class Counsel ("Case Management Order"). The Case Management Order's appointment of Lead Plaintiffs expressly contemplated that they would serve in such capacity both "in the above-captioned action and any other related cases that may be consolidated pursuant to this Order." Case Management Order, ¶ 3. In January, this Court also issued a Pre-Trial Scheduling Order, which entered a litigation schedule jointly agreed upon by all parties. ("PTO"). Under the terms of that Order, the cutoff for amendments to pleadings in this action is **July 3, 2008**.

## II. THE PROPOSED CONSOLIDATED AMENDED COMPLAINT

Lead Plaintiffs seek leave to amend in order to consolidate the class action claims previously filed in three separate complaints into a single complaint, to add additional factual allegations regarding Defendants' conduct in connection with the losses suffered by the ERISA Plans in the putative class (particularly conduct that post-dates the filing of the previous complaints), and to include additional plaintiffs with substantially identical claims as those in the pending Complaints.

In addition to consolidating in one document the claims that have already been asserted by the three Lead Plaintiffs in their respective, previously filed complaints, the proposed CAC updates the Lead Plaintiffs' allegations by including additional allegations based on State Street's revelations this winter that the President and CEO of State Street Global Advisors ("SSgA") had resigned, that six senior members of SSgA's "fixed income team" had been terminated, that State Street has received inquiries from regulatory authorities, and that the company has established $625 million in reserves for "legal exposure and related costs in connection with [its] fixed income strategies." CAC ¶¶ 8, 67-69.

The five additional plaintiffs, who were not included in any of the prior complaints in this action, are:

- Plaintiff Alan Gordon sues in his capacity as a Trustee and fiduciary of the AGMA Retirement Plan and the AGMA Health Fund (the "AGMA" Plans). The AGMA Plans are ERISA-qualified plans established for the benefit of employees represented by the American Guild of Musical Artists ("AGMA"), which is headquartered in New York, New York. During the Class Period, the AGMA Health Fund invested in the SSgA Intermediate Bond CTF Fund and the AGMA Retirement Plan invested in the SSgA Intermediate Bond NL Fund.

- Plaintiff David Palmisciano sues in his capacity as Chairman of the Board of Trustees and fiduciary of the Rhode Island Carpenters Plans ("R.I. Carpenters Plans"). The R.I. Carpenters Plans, consisting of the Rhode Island Carpenters Pension Fund and the Rhode Island Carpenters Annuity Fund, are ERISA-

- qualified plans established for the benefit of members of the New England Regional Council of Carpenters. Local 84.  The R.I. Carpenters Plans are headquartered in Warwick, Rhode Island. During the Class Period, each of the R.I. Carpenters Plans invested in the SSgA Bond Market Fund.

- Plaintiff Albert Massaro, a New York resident, is an employee of Eastman Kodak Co., and is a participant in the Eastman Kodak Employees' Savings and Investment Plan, an ERISA-qualified retirement plan ("Kodak Plan").  As such, Mr. Massaro has standing to bring suit on behalf of the Kodak Plan for losses to the Plan due to breaches of fiduciary duty under ERISA.  During the Class Period, a portion of Mr. Massaro's Plan account was invested in State Street's Daily Bond Market Fund.

- Plaintiff Glenn Kingsbury sues in his capacity as a Trustee and fiduciary of the New England Electrical Workers Benefit Fund (the "Electrical Workers Plan"), an ERISA plan with principal place of business located in Wallingford, Connecticut.  The Electrical Workers Plan is an ERISA-qualified plan established for the benefit of members of the Local Union Nos. 7, 42, 104, 223, 300, 490, 567 and 1837 of the International Brotherhood of Electrical Workers, AFL-CIO.  During the Class Period, the Electrical Workers Plan invested in the State Street Short Term Bond Fund CTF ("Short Term Bond Fund CTF").

- Plaintiff William W. Keye is a resident of California and a participant in the Waste Management, Inc. Retirement Savings Plan, an ERISA-qualified plan ("Waste Management Plan").  As such, Mr. Keye has standing to bring suit on behalf of the Waste Management Plan for losses to the Waste Management Plan due to breaches of fiduciary duty under ERISA.  During the Class Period, a portion of Mr. Keye's Plan account was invested in State Street's Bond Market Non-Lending Fund.

Each of these additional plaintiffs has standing to sue as participants in, or fiduciaries, of the respective Plans identified above for losses suffered as a result of State Street's breaches of its fiduciary duties.

### III.   ARGUMENT

Federal Rule of Civil Procedure 15 permits a party to amend its pleading "once as a matter of course at any time before a responsive pleading is served [or] by leave of court or by written consent of the adverse party."  Fed. R. Civ. P. 15(a).[1]  The rule specifies that "leave shall

---

[1] Plaintiffs sought consent of Defendants to file the amended complaint (and provided Defendants with a copy of the proposed amended complaint) but were informed on the afternoon of March 18, 2008 that State Street would not

be freely given when justice so requires." *Id.; see also, In re Horizon Cruises Litig,,* 101 F. Supp. 2d 204, 215 (S.D.N.Y. 2000) (citing *Ronzani v. Sanofi S.A.,* 899 F.2d 195, 198 (2d Cir. 1990)); *Christiana General Ins. Corp. of New York v. Great American Ins. Co.,* 745 F. Supp. 150, 163-64 (S.D.N.Y. 1990) (quoting *Jaser v. New York Property Ins. Underwriting Ass'n,* 815 F.2d 240, 243 (2d Cir. 1987)).

Lead Plaintiffs' request – which comes more than three months prior to the cutoff for amendments to pleadings and will cause no delay of these proceedings -- easily meets the standards for which such leave should be freely given. The Supreme Court has established that:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182 (1962)).

The Second Circuit and district courts within this Circuit have similarly held that the extremely liberal policy of Rule 15(a) favors amendment in the absence of "undue delay, bad faith, futility of amendment, and perhaps, most important, the resulting prejudice to the opposing party." *Christiana,* 745 F. Supp. at 164 (Second Circuit citations omitted). Indeed, in the absence of bad faith or prejudice, delay alone is not a sufficient basis for denying leave to amend. *In re Horizon Cruises,* 101 F. Supp. 2d at 215 (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)); *Richardson Greenshields Sec., Inc. v. Lau,* 825 F.2d 647, 653 n.6 (2d Cir. 1987); *State Teachers Ret. Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir. 1981); *In re Investors Funding Corp.,* 100 F.R.D. 64, 65 (S.D.N.Y. 1983). Thus leave to amend is

---

consent to the filing of the amended complaint without this Court's order. *See* e-mail from Rob Skinner to Derek Loeser, dated March 18, 2008, attached as Exhibit B to the Declaration of Derek W. Loeser.

appropriate even when the request is made well after discovery, up to the eve of trial. *Christiana,* 745 F. Supp at 164 (citing *Green v. Wolf Corp.,* 50 F.R.D. 220, 223 (S.D.N.Y. 1970)); *Hanlin v. Mitchelson,* 794 F.2d 834 (2d Cir. 1986)).

Defendants can claim no such prejudice here. As noted above, the parties stand months away from the cutoff for amending pleadings. Moreover, while discovery has commenced in these actions and the parties are actively litigating the underlying claims against State Street, the proposed CAC revolves around the same conduct alleged in the pending Complaints, and includes additional plaintiffs who fall under the Class definition previously asserted. Thus, permitting Lead Plaintiffs to file the CAC will have little, if any, impact on the scope and duration of discovery. In addition, the CAC serves the interests of all parties and the Court by consolidating the underlying class complaints into a single pleading, which is routinely done in large class action cases of this type. As a result, no prejudice or inconvenience will result from the filing of the CAC, and, to the contrary, the CAC will streamline the pleadings in these consolidated actions

Although State Street previously served separate Answers to the Andover, Nashua, and Unisystems Complaints, requiring Defendants to also answer a CAC does not prejudice them. For one, the CAC contains largely identical allegations regarding the Defendants' conduct with regard to their reckless and imprudent investment of Bond Fund assets. Moreover, if leave to file the CAC is denied, the five proposed additional plaintiffs will in any event be free to file nominally separate class action complaints in this Court which, under the terms of the Case Management Order, will then be immediately consolidated into this action. No purpose would be served by burdening the Court (or its Clerk's Office) with five additional "new" case filings in

this District (together with related paperwork), when the alternative of filing a single consolidated amended complaint that includes each of these additional plaintiffs is available.

At this juncture of the case, Defendants cannot possibly show that any prejudice or delay will result from the filing of the CAC. Indeed, permitting Lead Plaintiffs to file the CAC is consistent with this Court's past Orders and will promote the efficient conduct of this matter.

### III.   CONCLUSION

For the foregoing reasons, Lead Plaintiffs respectfully request that the Court grant their motion and enter the Proposed Order granting leave to file their Consolidated Amended Complaint.

Dated: March 27, 2008                                               Respectfully submitted,

s/ Derek W. Loeser                                                  **BERNSTEIN LITOWITZ BERGER**
**KELLER ROHRBACK LLP**                                             **& GROSSMANN LLP**
Lynn L. Sarko (LS-3700)                                             William C. Fredericks (WF-1576)
Derek W. Loeser (DL-6712)                                           Wallace A. Showman (WS-0881)
Karin B. Swope (KS-3369)                                            Jonathan Harris (JH-3047)
Tyler L. Farmer (TF-6398)                                           Jerald D. Bien-Willner
1201 Third Avenue, Suite 3200                                       1285 Avenue of the Americas
Seattle, Washington 98101                                           New York, New York 10019
Telephone: (206) 623-1900                                           Telephone: (212) 554-1400
Facsimile: (206) 623-3384                                           Facsimile: (212) 554-1444

_____

**BERMAN, DEVALERIO PEASE**
**TABACCO BURT & PUCILLO**
Jeffrey C. Block (JCB 0387)
Patrick T. Egan
Kristen D. Tremble
One Liberty Square
Boston, Massachusetts 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194

*Co-Lead Counsel and Interim Class Counsel*

- 8 -

**ROBERT M. CHEVERIE & ASSOCIATES**
Robert M. Cheverie
Gregory S. Campora
333 East River Drive, Suite 101
East Hartford, CT  06108
Telephone: (860) 290-9610
Facsimile: (860) 290-9611

*Additional Counsel for Plaintiff Glenn Kingsbury*