```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/19/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE STATE STREET BANK AND TRUST CO. ERISA LITIGATION<br><br>This Document Relates To:<br>No. 07 Civ. 9319<br>No. 07 Civ. 9687<br>No. 08 Civ. 0265 | MDL DOCKET No. 1945<br><br>Master File No. 07-cv-8488 (RJH)<br><br>ECF Case |

**ORDER AND FINAL JUDGMENT**

This consolidated class action is brought under the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), claiming breaches of fiduciary duty. On August 22, 2008, Named Plaintiffs[1] filed a Consolidated Amended Complaint ("Complaint") alleging, among other things, that State Street was a fiduciary of the Included Plans and violated fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"). A Stipulation and Agreement of Settlement for the ERISA Class Action ("Stipulation"), and related documents were filed with the Court on September 18, 2009. Before the Court is Lead Plaintiffs' Motion for Final Approval of ERISA Class Action Settlement and supporting memorandum ("Final Approval Motion").[2]

---

[1] The following individuals are Named Plaintiffs in this matter: Lead Plaintiffs Alan Kober (Trustee of The Andover Companies Employee Savings and Profit Sharing Plan (the "Andover Plan")); Warren Cohen (Trustee of the Unisystems, Inc., Employees' Profit Sharing Plan (the "Unisystems Plan")); and John L. Patenaude (member of the Nashua Corporation Pension Plan Committee (the "Nashua Plan")), and non-lead additional plaintiffs Glenn Kingsbury (Trustee of the New England Electrical Workers Benefit Fund (the "NEEW Plan"), and Alan Gordon (Trustee of the AGMA Retirement Plan and AGMA Health Fund (the "AGMA Plans") ("Named Plaintiffs").

[2] A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and reimbursement of litigation expenses ("Fees and Expenses Motion") as allowed by the Court. Such order shall not disturb or affect any of the terms of this Judgment. All capitalized terms used in this Order and Final Judgment and not defined herein shall have the meanings assigned to them in the Stipulation and the Preliminary Approval Order.

On October 28, 2009, the Court entered its Order Preliminarily Approving Settlement and Confirming Final Settlement Hearing ("Preliminary Approval Order"). The Court has received declarations attesting to the mailing of the Notice and publication of the Publication Notice in accordance with the Preliminary Approval Order. A hearing was held on February 17, 2010 (the "Fairness Hearing") to: (i) determine whether to grant the Final Approval Motion; (ii) determine whether to grant the Fees and Expenses Motion; and (iii) rule upon such other matters as the Court might deem appropriate.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of this action, and over all Parties, including all members of the Class, and the Defendant pursuant to 29 U.S.C. § 1132(e).

2. In accordance with Federal Rule of Civil Procedure 23 and the requirements of due process, the Class has been given proper and adequate notice of the Settlement, the Fairness Hearing, and the Plan of Allocation, such notice having been carried out in accordance with the Preliminary Approval Order. The Notice, Publication Notice and notice methodology implemented pursuant to the Stipulation and the Court's Preliminary Approval Order (a) were appropriate and reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (b) met all applicable requirements of the Federal Rules of Civil Procedure, due process, and any other applicable law.

3. The Settlement was negotiated at arm's-length by experienced counsel who were fully informed of the facts and circumstances of the action and of the strengths and weaknesses of their respective positions. Keller Rohrback L.L.P., Bernstein Litowitz Berger & Grossmann LLP, and Berman DeValerio ("Co-Lead Counsel"), on behalf of Lead Plaintiffs and the Class, and Ropes and Gray LLP, Defendants' counsel, are therefore well positioned to evaluate the

benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation over numerous questions of fact and law.

    4. The Court finds that the requirements of the United States Constitution, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, and any other applicable laws have been met as to the "Class" defined below, in that:

    a. The members of the Class are ascertainable from records kept with respect to the Included Plans and from other objective criteria, and the members of the Class are so numerous that their joinder before the Court would be impracticable.

    b. Based on allegations in the Complaint and other pleadings before the Court, there are one or more questions of fact and/or law common to the Class.

    c. Based on allegations in the Complaint and other pleadings before the Court that the Defendant engaged in conduct affecting members of the Class in a uniform manner, the claims of the Lead Plaintiffs are typical of the claims of the Class;

    d. The Lead Plaintiffs will fairly and adequately protect the interests of the Class in that: (i) the interests of Lead Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Class; (ii) there appear to be no conflicts between or among Lead Plaintiffs and the Class; and (iii) Lead Plaintiffs and the members of the Class are represented by qualified, reputable counsel who are experienced in

3

  preparing and prosecuting large, complex litigations, including ERISA class actions;

e. The issues of law and fact common to Class members predominate over any questions affecting only individual class members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

f. Co-Lead Counsel have fairly and adequately represented the interests of the Class. Co-Lead Counsel have done extensive work identifying or investigating potential claims in the action, and have vigorously litigated the validity of those claims. Co-Lead Counsel are experienced in handling class actions, other complex litigation, and claims of the type asserted in the Action. Co-Lead Counsel are knowledgeable of the applicable law, and Co-Lead Counsel have committed the necessary resources to represent the Class.

5. Based on the findings set out in paragraph 4 above, the Court finally certifies the following class (the "Class") for settlement purposes only, under Fed. R. Civ. P. 23(b)(1) and (2):

> All ERISA plans that, based on State Street's books and records, (a) invested in any State Street fund listed in Schedule A attached to the Stipulation (the "Funds") during the period from January 1, 2007 through and including December 31, 2007 (the "Class Period") and (b) suffered losses on their investments in the 3d calendar quarter of 2007 (the "Included Plans"), and the named fiduciaries of those Included Plans. Excluded from the Class will be (i) ERISA plans with whom State Street has previously (as of June 8, 2009) executed a binding settlement agreement releasing any and all claims relating to the facts of this litigation, and their named fiduciaries, (ii) the Apogee Enterprises, Inc. 401(k) Retirement Plan ("Apogee") and its named fiduciaries (as to which Apogee filed a Complaint dated January 26, 2009, captioned Apogee Enterprises, Inc. v. State Street Bank and Trust Company et al., in the District of Minnesota, 0:09-cv-

00170-DSD-FLN, Docket #1); (iii) the ERISA plans as to which the Prudential Retirement Insurance and Annuity Company ("PRIAC") filed a Complaint dated October 1, 2007 captioned Prudential Retirement Insurance and Annuity Company v. State Street Bank and Trust Company, et al., 07 CIV 8488 (S.D.N.Y) and their named fiduciaries, (iv) the Federal National Mortgage Association Retirement Plan for Employees Not Covered Under Civil Service Retirement Law ("Fannie Mae") and its named fiduciaries, and (v) any ERISA plan sponsored by State Street and any of its parents, subsidiaries, or affiliates and its named fiduciaries. Also excluded are those putative Class Members who validly excluded themselves, as listed on Exhibit 1 attached hereto. For the sake of clarity, the term Funds shall not include any investment portfolio of SSgA Funds, a series mutual fund registered under the Investment Company Act of 1940, as amended.

6. The Court appoints Lead Plaintiffs as class representatives for the Class, and Keller Rohrback L.L.P., Bernstein Litowitz Berger & Grossmann LLP, and Berman DeValerio as Co-Lead Counsel for the Class.

7. The proposed Settlement warrants final approval pursuant to Federal Rule of Civil Procedure 23(e)(1)(A) and (C) because it is fair, adequate, and reasonable to the Class and others whom it affects based upon (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the Class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining a class action through the trial; (7) the range of reasonableness of the settlement fund in light of the best possible recovery; and (8) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

8. The Settlement was intended by the parties thereto to be a contemporaneous exchange of value, and in fact constitutes such a contemporaneous exchange.

9. The Final Approval Motion is GRANTED, and the Settlement hereby is APPROVED as fair, reasonable, adequate to members of the Class, and in the public interest.

The settling parties are directed to consummate the Settlement in accordance with the terms of the Stipulation.

10. It is further ADJUDGED that each Released Claim (as defined by the terms of the executed Stipulation), as against each Released Defendant Party, and each Released Defendants' Claim (as defined by the terms of the executed Stipulation) as against each Released Plaintiff Party (as defined by the terms of the executed Stipulation) shall be compromised, settled, released discharged and dismissed with prejudice, without costs except for as provided herein or in the Stipulation or documents incorporated therein.

11. All Class Members who did not timely and properly elect to exclude themselves as set forth in the Class Notice are bound by this Judgment.

12. The Plan of Allocation is hereby APPROVED as fair, adequate, and reasonable. Upon or after the Effective Date of the Settlement, the Custodian shall, at the direction of Co-Lead Counsel, disburse the Net Settlement Fund to the Included Plans for distribution by the Included Plans' trustee(s) in accordance with the Plan of Allocation, subject to any amounts withheld by the Custodian for the payment of taxes and related expenses as authorized in the Stipulation, and attorneys' fees and expenses as authorized by this Order. The Court finds payments and distributions made in accordance with such Plan of Allocation to be "restorative payments" as defined in IRS Revenue Ruling 2002-45. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13. The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14. The Court retains exclusive jurisdiction over this action and the Parties, the Included Plans, and members of the Class for all matters relating to this action, without affecting in any way the finality of this Judgment, (a) over implementation and enforcement of this Settlement; (b) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) hearing and determining Lead Counsel's application for attorneys' fees and litigation expenses, and other costs; (e) enforcing and administering this Judgment; (f) enforcing and administering the Stipulation including any releases executed in connection therewith; and (g) other matters related or ancillary to the foregoing.

15. Without further order of the Court, the Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16. The Complaint is hereby dismissed with prejudice and each of the Included Plans and their named fiduciaries, participants and beneficiaries is hereby enjoined from instituting, continuing, maintaining or asserting any Released Claim against State Street or any other Released Defendant Party. Further, by operation of law and entry of this Judgment, each Included Plan and its named fiduciaries, participants and beneficiaries, with respect to each and every Released Claim, fully, finally and forever release, relinquish and discharge, any Released Claim against any of the Released Defendant Parties.

17. By operation of law and entry of this Judgment, Defendants and each Released Defendant Party fully, finally, and forever release, relinquish, and discharge, and are forever enjoined from prosecuting, the Released Defendants' Claims against each Released Plaintiff Party.

18. All counts and counterclaims asserted in the ERISA Action are DISMISSED WITH PREJUDICE, without further order of the Court, pursuant to the terms of the Stipulation.

19. In the event that the Settlement is terminated in accordance with the terms of the Stipulation, this Judgment shall be null and void and shall be vacated *nunc pro tunc*, and Section 10 of the Stipulation shall govern the rights of the Parties thereto.

There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this **19** day of **February**, 2010.

_____
HONORABLE RICHARD J. HOLWELL
UNITED STATES DISTRICT JUDGE

8

*In re State Street Bank and Trust Co. ERISA Litigation*
Requests for Exclusion

## EXHIBIT 1

| # | Fund Name |
|---|---|
| 1 | Reynolds American Inc. Defined Benefit Master Trust |
| 2 | Brown & Williamson Tobacco Corp. Collectively-Bargained Welfare Benefits Trust VEBA |
| 3 | Brown & Williamson Tobacco Corp. Non-Collectively Bargained Post Retirement Life Insurance Benefits Trust |